IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

**AFFORDABLE AERIAL PHOTOGRAPHY,**
**INC., a Florida Corporation,**

    **Plaintiff,**                                **CASE NO.:**

**v.**

**RYAN WITKOWSKI, an Individual, and**
**BEACH TOWN REAL ESTATE, LLC**
**a Florida Limited Liability Company,**

    **Defendants.**

_____/

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, AFFORDABLE AERIAL PHOTOGRAPHY, INC. ("AAP" or "Plaintiff"), a Florida corporation, by and through its undersigned counsel hereby files this Complaint against Defendants, Ryan Witkowski, and individual residing in the State of Florida (hereinafter "Witkowski" or "Defendant") and BEACH TOWN REAL ESTATE, LLC, a Florida Limited Liability Company (hereinafter "Beach Town" or "Defendant"), (collectively "Defendants").

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking monetary relief for Defendants' intentional infringement of Plaintiff's copyrighted work registered under Registration Number VA 2-119-059 (the "Copyrighted Work").

2. Plaintiff's principal photographer and founder is Mr. Robert Stevens ("Mr. Stevens"). Mr. Stevens is an experienced professional photographer who makes a living from photography. Mr. Stevens' work is sought after by real estate professionals throughout South Florida. For the past seventeen years, Mr. Stevens has photographed some of the most expensive real estate listings in U.S. history, including Donald Trump's mega-mansion in Palm Beach listed

1

for $125 million. From Palm Beach to California, the Bahamas and New York, Mr. Stevens has been contracted to photograph the estates of Madonna, Celine Dion, Don King, Greg Norman, Rod Stewart, Ivana Trump, James Patterson, Alexander Haig, Ann Downey, Frank McKinney, Bill Gates, Tommy Lee Jones, Bryant Gumbel and Chris Evert.

3. As reported to the Florida Department of Business & Professional Regulation, Defendant Witkowski is a licensed realtor, License Number SL3481936 and is currently employed by Defendant Beach Town, effective as of March 27, 2024.

4. Defendant Witkowski's realtor marketing efforts, on behalf of his employer, Defendant Beach Town, include the use of Facebook and Instagram.

5. Without permission, license, or consent, and in an effort to promote himself as a realtor, Defendant Witkowski improperly copied, displayed, or distributed Plaintiff's Copyrighted Work on Facebook and Instagram as a direct benefit to his employers, Defendant Beach Town.

6. By these actions, Plaintiff seeks statutory damages or, in the alternative, actual damages, plus any additional profits obtained by Defendants that are attributable to the infringement.

## JURISDICTION AND VENUE

7. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

8. This Court has original subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has personal jurisdiction over Defendants because, among other reasons, Defendants are soliciting and conducting business in the State of Florida, and Defendant Witkowski resides in the State of Florida and in this judicial district. Furthermore, Defendant Beach Town is formed under the laws of the State of Florida.

10. Venue is proper in this District under 28 U.S.C. §§ 1391(b), (c), and 1400(a) because the events giving rise to the claims occurred in this district. Defendants engaged in infringement in this district and Defendant is subject to personal jurisdiction in this district.

## PARTIES

11. AAP is a corporation organized and existing under the laws of the State of Florida, with its principal place of business located at 1938 Grey Falcon Circle SW, Vero Beach, FL 32962. AAP specializes in high-end aerial photographs, as well as slide shows, virtual tours, and a full array of stock photography for the luxury real estate industry.

12. Upon information and belief, Defendant Witkowski is an individual residing in Florida and is located at 132 Dunmore Drive, Jupiter, Florida 33458.

13. Upon information and belief, Defendant Beach Town is a Florida limited liability company with a principal address at 19810 North Riverside Drive Tequesta, FL 33469.

## THE COPYRIGHTED WORK AT ISSUE AND SUMMARY OF INFRINGEMENT

### Jupiter Lighthouse and Bridge 2015 AAP

14. In 2015, Mr. Stevens (as an employee of AAP) created a photographic work, published in January 2015, depicting the Jupiter Lighthouse and Bridge (hereinafter "Jupiter Lighthouse and Bridge work"). Mr. Stevens is responsible for selecting the unique angle and perspective for this work. In this case, specific technical choices by Mr. Stevens further highlight the vibrant colors of the scenery, ultimately giving the work its originality and beauty.

15. The Jupiter Lighthouse and Bridge work was submitted for copyright registration on August 7, 2018, and obtained Registration Number VA 2-119-059 with an effective date of August 7, 2018. A true and correct copy of VA 2-119-059 and the Jupiter Lighthouse and Bridge work are attached hereto collectively as **Exhibit "A."**

16. As is evident in the Jupiter Lighthouse and Bridge work included in Exhibit "A," Plaintiff's Copyright Management Information ("CMI") was included on the Jupiter Lighthouse and Bridge work.

17. Upon information and belief, Defendants, individually and/or collectively, removed the CMI by cropping the Copyrighted Work. *See* a side-by-side comparison of Plaintiff's Copyrighted Work with the CMI and Defendants' modified image from Defendant Witkowski's Facebook page removing the CMI as **Exhibit "B."**

18. Plaintiff believes that Defendants did this to mask and/or hide their infringing use of Plaintiff's Copyrighted Work.

19. Since at least January 2023, Defendant Witkowski utilized the Jupiter Lighthouse and Bridge work registered under VA 2-119-059 as an image on his Facebook.com page, facebook.com/ryanwitkowskirealtor, in direct support of his employer, Defendant Beach Town. A true and correct copy of a screenshot of the website, the website cover photo, and a screenshot of the infringing use of Plaintiff's Copyrighted work as captured by Plaintiff are attached collectively hereto as **Exhibit "C."**

20. It is clear that Defendant Witowski's Facebook page directly benefited Defendant Beach Town and was used as a means of soliciting business and advertising for Defendant Beach Town.

21. This is evident by the fact that Defendant Beach Town's logo is used as the cover photo for Mr. Witkowski's Facebook page and Mr. Witowski's employee e-mail with the @beachtownrealestate domain name, was on the front page of Mr. Witkowski's Facebook page. *See* Exhibit "C."

22. The Jupiter Lighthouse and Bridge work was not only posted on Defendant Witkowski's Facebook page in January 2023, while Defendant worked for Defendant Beach Town, but it was also posted on Defendant Witkowski's Instagram. A true and correct copy of a screenshot of the infringing use of Plaintiff's Copyrighted work from Defendant Witkowski's Instagram, as captured by Plaintiff is attached hereto as **Exhibit "D."**

## ADDITIONAL FACTUAL BACKGROUND

23. Mr. Stevens created the Copyrighted Work at issue in this case as an employee of Plaintiff.

24. The Copyrighted Work is wholly original and the result of Mr. Stevens' creativity. Moreover, the Copyrighted Work is fixed in either a digital media format or a physical format.

25. Plaintiff is the exclusive owner of all rights, title, and interest in the Copyrighted Work, including all rights under copyright law.

26. On information and belief, Defendants used, or authorized the use of, the Copyrighted Work – without Plaintiff's authorization, to promote their business activities.

27. Plaintiff has retained the undersigned attorney and has agreed to pay him a reasonable fee.

## COUNT I
## DIRECT COPYRIGHT INFRINGEMENT OF VA 2-119-059
## (17 U.S.C. § 501)

28. Plaintiff reincorporates and realleges paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. The Jupiter Lighthouse and Bridge work, protected under Registration No. 2-119-059, is a photograph containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. Seq.

30. AAP owns a valid copyright in the Jupiter Lighthouse and Bridge work.

31. Defendants copied, altered, displayed, and/or distributed the Jupiter Lighthouse and Bridge work without AAP's authorization in violation of 17 U.S.C. § 501.

32. Defendants performed the acts alleged in the course and scope of their business activities.

33. Defendants' infringing conduct alleged herein was willful and with full knowledge of Plaintiff's rights in the Jupiter Lighthouse and Bridge work and have enabled Defendants to illegally obtain profit therefrom.

34. As a direct and proximate result of Defendants' infringing conduct alleged herein, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial.

35. Pursuant to 17 U.S.C. § 504(b), Plaintiff is also entitled to recovery of Defendants' profits attributable to Defendant's infringing conduct alleged herein, and an accounting of and a constructive trust with respect to such profits.

36. Pursuant to 17 U.S.C. §505, Plaintiff is further entitled to recovery of its reasonable attorneys' fees.

## COUNT II
## CONTRIBUTORY/VICARIOUS INFRINGEMENT OF VA 2-119-059

37. Plaintiff reincorporates and realleges paragraphs 1 through 27 of this Complaint as if fully set forth herein.

38. Defendants, individually, and/or collectively, knew or had reason to know, of the infringing activity described herein.

39. Defendants, individually, and/or collectively, knowingly induced, participated in, aided and abetted in, and profited from the illegal copying, reproduction, and distribution of the Copyrighted Work described herein.

40. Defendants, individually and/or collectively, are vicariously liable for the infringement alleged herein because they had the ability to supervise the infringing conduct and had a direct financial interest in the infringing conduct.

41. By reason of Defendants', individual and/or collective, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages in an amount to be established at trial, as well as additional general and special damages.

42. Due to Defendants', individual and/or collective, acts of copyright infringement as alleged herein, Defendants have, individually and collectively, obtained direct and indirect profits that they each would not have otherwise realized but for their individual and/or collective infringement of the Copyrighted Work. As such, Plaintiff is entitled to disgorgement of Defendants', individual and/or collective, profits directly and indirectly attributable to Defendants', individual and/or collective, infringement of Plaintiff's Copyrighted Work.

## COUNT III
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION FROM VA 2-119-059

43. Plaintiff reincorporates and realleges paragraphs 1 through 27 of this Complaint as if fully set forth herein.

44. As evidenced above, Registration No. VA 2-119-059 contains copyright management information identifying Plaintiff as the owner/creator of the Jupiter Lighthouse and Bridge work.

45. Defendants knowingly, and with the intent to enable or facilitate copyright infringement, removed Plaintiff's CMI from the Copyrighted Work before reproducing and distributing it to the public. *See* Exhibit "B."

46. Defendants committed these acts knowing or having reasonable grounds to know that it would induce, enable, facilitate, or conceal infringement of Plaintiff's rights in the Copyrighted Work.

47. As a direct and proximate result of Defendants' conduct in removing the foregoing copyright management information, Plaintiff has been damaged.

48. Defendants' conduct have caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 1203(b), Plaintiff is entitled to a permanent injunction prohibiting any further violation of 17 U.S.C. § 1202 by Defendant.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Affordable Aerial Photography, Inc. requests judgment against Defendants, Ryan Witkowski and Beach Town Real Estate, LLC, as follows:

A. That Defendants be required to pay Plaintiff its actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages, including enhanced damages for willful infringement, as provided in 17 U.S.C. § 504;

B. That Defendants be required to pay damages associated with their removal of Plaintiff's CMI in violation of the applicable statutes;

C. That Plaintiff be awarded interest, including prejudgment and post-judgment interest, on the foregoing sums, according to law;

D. That Plaintiff be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon; and

E. That Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues for which there is a right to a jury trial.

DATED this 8th day of April 2024.

Respectfully Submitted,

BEUSSE SANKS, PLLC
157 E. New England Avenue, Suite 375
Winter Park, FL  32789
Telephone:(407) 644-8888
Email: tsanks@firstiniplaw.com
Email: wsewell@firstiniplaw.com
***Attorneys for Plaintiff, AFFORDABLE AERIAL PHOTOGRAPHY, INC.***

*/s/ Terry M. Sanks*
Terry M. Sanks
Florida Bar No. 0154430
William P. Sewell
Florida Bar No. 1025701