**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA**

Case No. 9:24-cv-80423-RLR

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

Plaintiff

v.

RYAN WITKOWSKI and
BEACH TOWN REAL ESTATE, LLC,

Defendants.

_____/

**DEFENDANT BEACH TOWN REAL ESTATE, LLC'S OPPOSITION
TO PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT**

**TABLE OF CONTENTS**

Preliminary Statement ................................................................................................ 1

Statement of Undisputed Material Facts.................................................................. 4

Summary Judgment Standard.................................................................................. 4

Arguments ............................................................................................................... 5

I.  Plaintiff's Motion For Summary Judgment Should Be Denied For Failure to Comply With the Court's Order and Local Rule 56.1, and For Failure to Establish Any Admissible Evidence to Warrant Judgment in Plaintiff's Favor................................... 5

    A.  Plaintiff's Motion Should Be Denied for Failure to Comply with the Court's Order and Local Rule 56.1 ........................................................................ 5

    B.  Plaintiff's Motion Should Be Denied Because It Fails to Present Any Admissible Evidence to Establish Its Claims or Challenge Defendant's Affirmative Defenses.............................................................................................. 5

II.  Plaintiff's Motion for Summary Judgment on Counts I-IV Should Be Denied and Judgment Should Be Entered *For BTRE* Pursuant to Rule 56(f) .............................. 8

    A.  Judgment for Plaintiff on Count I Should Be Denied and, Instead, Judgment Should Be Entered *For BTRE* Because the Complete Factual Record Demonstrates There Is No Genuine Dispute That BTRE *Did Not* Directly Infringe the "Jupiter Bridge" Work ............................................................................ 8

    B.  Judgment for Plaintiff on Count II Should Be Denied and, Instead, Judgment Should Be Entered *For BTRE* Because the Complete Factual Record Demonstrates That There Is No Genuine Dispute That BTRE *Cannot* Be Secondarily Liable for the Alleged Direct Infringement of the "Jupiter Bridge" Work...... 9

        i.  Plaintiff's Motion Demonstrates That It Cannot Present Evidence to Meet Its Burdens of Production or Persuasion on Necessary Elements of Its Claim for Vicarious Infringement Against BTRE and, Therefore, Judgment Should Be Entered *For BTRE* ............................................. 9

        ii.  Plaintiff's Motion Demonstrates That It Cannot Present Evidence to Meet Its Burdens of Production or Persuasion on Necessary Elements of Its Claim for Contributory Infringement Against BTRE and, Therefore, Judgment Should Be Entered *For BTRE* ...................................12

C.      Judgment for Plaintiff on Count III Should Be Denied and, Instead, Judgment Should Be Entered *For BTRE* Because the Complete Factual Record Demonstrates That There Is No Genuine Dispute That BTRE *Did Not* Remove Copyright Management Information From the Asserted "Jupiter Bridge" Work and Also Lacked the Required Mental States.......................................................13

D.      Judgment for Plaintiff on Count IV Should Be Denied and, Instead, Judgment Should Be Entered *For BTRE* Because the Complete Factual Record Demonstrates That There Is No Genuine Dispute That Plaintiff Cannot Prove a Claim for Direct Infringement of the "Marina" Work Against BTRE ....................15

      i.      Plaintiff's Failure to Prosecute This Action Should Foreclose Plaintiff's Ability to Enter Necessary Evidence To Support Count IV, Including, At Least, Evidence of Damages ........................................................15

     ii.      Even *If* the Documents Attached to Plaintiff's Motion Were Admissible and Considered, Count IV is Barred by 17 U.S.C. § 507(b) ...............17

III.    To the Extent Plaintiff's Motion is Also Seeking Judgment on Any of Defendant's Affirmative Defenses, Plaintiff's Motion Should Be Denied ...................................19

Conclusion ......................................................................................................................20

ii

## TABLE OF AUTHORITIES

Cases

*Affordable Aerial Photography, Inc. v. Modern Living Real Estate, LLC*,
  Case No. 19-cv-80488-Bloom/Reinhart, 2019 U.S. Dist. LEXIS 132023 (S.D. Fla. Aug. 7, 2019) ..................................................................................................................10

*Affordable Aerial Photography, Inc. v. Property Matters USA, LLC*,
  Case No. 22-14296-Civ-Cannon/McCabe, 2023 U.S. Dist. LEXIS 115171 (S.D. Fla. July 5, 2023), *aff'd on other grounds*, 108 F.4th 1358 (11th Cir. 2024), *cert. petition filed sub nom. Property Matters USA, LLC v. Affordable Aerial Photography, Inc.*, No. 24-688 (U.S. Dec. 24, 2024) ...........................................................................................................18

*Am. Enters. Collision Ctr., Inc. v. Travelers Prop. & Cas. Co. of Am.*,
  No. 2:09-cv-443-FtM-29SPC, 2010 WL 11507335 (M.D. Fla. Sept. 17, 2010)... 15, 16

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ....................................................... 4

*Artistic Ent., Inc. v. City of Warner Robins*, 331 F.3d 1196 (11th Cir. 2003)........................ 4

*Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981)...............................................19

*BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 489 F.3d 1129 (11th Cir. 2007) ......................10

*Burnett v. Stagner Hotel Courts, Inc.*, 821 F. Supp. 678 (N.D. Ga. 1993) ........................... 6

*Burton v. City of Belle Glade*, 178 F.3d 1175 (11th Cir. 1999) ........................................... 5

*Calicchio v. Oasis Outsourcing Group Holdings, L.P.*,
  Case No. 19-cv-81292-Ruiz/Reinhart, 2021 U.S. Dist. LEXIS 83626 (S.D. Fla. Apr. 29, 2021) ........................................................................................................... 16, 17

*Cantrell v. Forest City Publ'ng Co.*, 419 U.S. 24 (1974) ....................................................14

*Carter v. BPCL Mgmt., LLC*,
  Case No. 19-60887-Civ-Dimitrouleas/Snow, 2021 U.S. Dist. LEXIS 256256 (S.D. Fla. May 10, 2021)................................................................................................... 15, 16

*Casella v. Morris*, 820 F.2d 362 (11th Cir. 1987) ............................................................12

*Corner Post v. Bd. of Governors of the Fed. Rsrv. Sys.*, 603 U.S. 799 (2024) .........................17

*Davis v. Williams*, 451 F.3d 759 (11th Cir. 2006)............................................................. 4

*Ellison v. Robertson*, 357 F.3d 1072 (9th Cir. 2004) .........................................................11

*Everly v. Everly*, 958 F.3d 442 (6th Cir. 2020) ...............................................................17

Cases—continued

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340 (1991) ................................... 6

*Fourth Estate Pub. Ben. Corp. v. Wall-Street.com, LLC*, 586 U.S. 296 (2019) ....................... 7

*Gabelli v. SEC*, 568 U.S. 442 (2013) .................................................................17

*Graylock v. Trust Couns., PLLC,*
    Case No. 1:23-cv-20576-KMM, 2023 U.S. Dist. LEXIS 242888 (S.D. Fla. Oct. 4,
    2023) .................................................................................................12

*Hunt v. Liberty Lobby*, 720 F.2d 631 (11th Cir. 1983).......................................................14

*Klein & Heuchan, Inc. v. CoStar Realty Info., Inc.,*
    707 F. Supp. 2d 1287 (M.D. Fla. 2010), *aff'd*, 425 Fed. Appx. 833 (11th Cir. 2011)
    ................................................................................................. 10, 11

*Latele TV, C.A. v. Telemundo Group, LLC,*
    Case No. 12-22539-Civ-Goodman, 2014 U.S. Dist. LEXIS 174887 (S.D. Fla. Dec.
    18, 2014) ............................................................................................12

*Leathers v. Pfizer, Inc.*, 233 F.R.D. 687 (N.D. Ga. 2006) .................................................16

*Mango v. Buzzfeed, Inc.*, 970 F.3d 167 (2d Cir. 2020) ....................................................13

*Max Warehousing, LLC v. Auto-Owners Ins. Co.*, 587 Fed. Appx. 528 (11th Cir. 2014)....... 6

*MGM Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005)..............................................9, 10

*Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235 (11th Cir. 2008) ............ 4

*Mitchell v. Ford Motor Co.*, 318 Fed. Appx. 821 (11th Cir. 2009) ....................................16

*MSPA Claims 1, LLC v. Tower Hill Prime Ins. Co.*, 43 F.4th 1259 (11th Cir. 2022)............18

*Nealy v. Warner Chappell Music, Inc.*, 60 F.4th 1325 (11th Cir. 2023) ..............................18

*Nymbus, Inc. v. Chrome Fed. Credit Union,*
    Case No. 18-cv-25081-McAliley [Consent Case], 2021 U.S. Dist. LEXIS 113706
    (S.D. Fla. June 3, 2021) ....................................................................... 15, 16

*Oppenheimer v. Palange,*
    Case No. 1:23-cv-205007-Gayles/Torres, 2023 U.S. Dist. LEXIS 241735 (S.D. Fla.
    Dec. 24, 2023) .....................................................................................18

*Oravec v. Sunny Isles Luxury Ventures, L.C.*, 469 F. Supp. 2d 1148 (S.D. Fla. 2006)..........12

*Petrella v. MGM*, 572 U.S. 633 (2014) ....................................................................18

Cases—continued

*Prather v. Neva Paperbacks, Inc.*, 446 F.2d 338 (5th Cir. 1971)...................................18, 19

*Rotkiske v. Klemm*, 589 U.S. 8 (2019) ...............................................................................19

*Skop v. City of Atlanta*, 485 F.3d 1130 (11th Cir. 2007) ................................................... 4

*Toland v. Phoenix Ins. Co.*, 855 Fed. Appx. 474 (11th Cir. 2021) .................................... 5

*United States v. Lindsay*, 346 U.S. 568 (1954) .................................................................17

*Victor Elias Photography, LLC v. Ice Portal, Inc.*, Case No. 19-62173-civ-Smith, 2021 U.S. Dist. LEXIS 86216 (S.D. Fla. May 3, 2021)...........................................................13

*Victor Elias Photography, Inc. v. ICE Portal, Inc.*, 43 F.4th 1313 (11th Cir. 2022)...............13

*Vient v. Highlands New-Sun*, Case No. 19-cv-14012-Rosenberg, 2021 U.S. Dist. LEXIS 260323 (S.D. Fla. Oct. 21, 2021) ....................................................................................................... 6

*Wallace v. Kato*, 549 U.S. 384 (2007)...............................................................................17

*Warner Chappell Music, Inc. v. Nealy*, 601 U.S. 366 (2024)...............................................17

*Webster v. Dean Guitars*, 955 F.3d 1270 (11th Cir. 2020)...............................................18

*Williams v. Eckerd Family Youth Alternative*, 908 F. Supp. 908 (M.D. Fla. 1995) .............. 6

Statutes

Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*
    § 411(a) ...................................................................................................................6, 7
    § 412 ......................................................................................................................3, 16
    § 507(b) ................................................................................... 3, 17, 18, 19, 20
    § 1202(b) ............................................................................................... 13, 14

28 U.S.C. § 1658 ...................................................................................................18

v

Rules

Federal Rules of Civil Procedure
26(a)........................................................................... 2, 3, 15, 16, 19, 20
26(a)(1)(A)(i) ............................................................................17
26(a)(1)(A)(iii) ...........................................................................15
26(e)......................................................................... 15, 16, 19, 20
37(c)(1)........................................................................ 2, 3, 16
41(a)(2)................................................................................ 2
56......................................................................................... 1
56(a)..................................................................................... 4
56(c)................................................................................6, 15
56(e).................................................................................... 6
56(f) .........................................................3, 5, 9, 13, 14, 19, 20

Southern District of Florida Local Rules
56.1 .............................................................................. 1, 2, 5

Miscellaneous

2010 Committee Notes on Rule 56(f) ..................................................3, 20

Pursuant to the Court's Scheduling Order (ECF No. 12), Federal Rule 56, Local Rule 56.1, and the Court's Order (ECF No. 33), Defendant Beach Town Real Estate, LLC ("BTRE") submits this Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment (ECF No. 30, "Motion"), with a separate Response Statement of Material Facts ("Resp. SMF").

## PRELIMINARY STATEMENT

1. Plaintiff's filing of motion for summary judgment is improper. Plaintiff did not prosecute its claims in this action. It served a complaint, and later a First Amended Complaint (ECF No. 14, "FAC"), invoking the power of this Court to improperly and wrongfully hale BTRE into this action and incur costs to defend itself against claims that could never stand up, playing the odds that it was more likely that BTRE would simply succumb to Plaintiff's frivolous demands for an extortionate "settlement" than defend itself. The pleadings establish that Counts I-III are based on the alleged acts of co-Defendant Ryan Witkowski ("Witkowski"),[1] claims based on the mere presence of an image of the Jupiter bridge on Witkowski's *personal* Facebook and Instagram social media accounts. Plaintiff has no basis, no theory, and most importantly, no evidence to even attempt to subject *BTRE* to liability on Counts I-III, claims based on the alleged conduct of an independent contractor.

The pleadings put at issue that Witkowski was ever an "employee" of BTRE, so pursuing Counts I-III against BTRE required Plaintiff to conduct discovery seeking evidence to support liability for BTRE based on the alleged acts of its independent contractor. It did not. Instead, Plaintiff admittedly never even *attempted* to seek discovery on those necessary elements. *See, e.g.*, Motion, p. 3 (¶8: "To date, the Parties have not served discovery in relation to the subject matter."); ECF No. 26, p. 1 (¶3: "Prior to settling with Defendant Witkowski,

---

[1] Plaintiff has stated that these claims have been settled, *see* ECF No. 15, yet Plaintiff has not taken any steps to dismiss those claims or to dismiss Witkowski from this action. Instead, Plaintiff is seeking judgment *against BTRE* for the same alleged liability, improperly pursuing double recovery on those claims.

1

other than exchanging initial disclosures, no discovery had been propounded by any of the Parties), p. 2 (¶8: "Since the filing of the Answer to the Amended Complaint, neither party has formally propounded any discovery requests. The parties have instead engaged in settlement discussions."). Plaintiff bears the burdens of production and of persuasion on its claims, yet its motion demonstrates that it lacks evidence to proceed against BTRE on Counts I-III, having elected to forego seeking it. Instead, it admits it only used this lawsuit to seek a "settlement," without *ever* attempting to establish a case, failing to prosecute Counts I-III.

Regarding Count IV, Plaintiff should not be permitted to proceed because it never identified witnesses, documents, or a computation of damages for that claim in its Rule 26(a) mandatory disclosures. *See* Fed. R. Civ. P. 26(a); *see also* Fed. R. Civ. P. 37(c)(1) (material not disclosed under Rule 26(a) cannot be used as evidence, *inter alia*, for a motion or at trial).

Having only used the power of this Court in seeking "settlement," Plaintiff now appears to have merely reflexively filed a motion for summary judgment (ECF No. 30) after the close of discovery, and pursuant to the Court's Scheduling Order (ECF No. 12), without any evidentiary basis to do so. The *mere filing* of Plaintiff's Motion violates, at least, the Court's Scheduling Order (ECF No. 12), Local Rule 56.1, and the Federal Rules of Civil Procedure. The Motion is unsupported by any evidence and Plaintiff's failure to prosecute this case has foreclosed its ability to establish evidence on the necessary elements of its claims. Instead, the Motion argues that BTRE, as *the Defendant*, bears the burden of *disproving* Plaintiff's claims *and allegations*. *See* Motion, pp. 4-5 (reciting the burden for a *defendant* moving for summary judgment on a *plaintiff's* claim). Instead of the present Motion, Plaintiff *should have* filed a motion under Rule 41(a)(2), Fed. R. Civ. P.

2. Plaintiff's Motion fails for several independent reasons. From a technical standpoint, the Motion violates the Court's Scheduling Order (ECF No. 12) and Local Rule 56.1. *Infra*, Section I.A. Relatedly, the Motion fails to introduce *any evidence* to support judgment for the Plaintiff. *Infra*, Section I.B.

Beyond that, Plaintiff's Motion cannot support judgment on Counts I-III *against BTRE*. Even if Plaintiff's attached printouts were considered (which is improper), Plaintiff has no evidence to establish liability against *BTRE* based on conduct occurring on an independent contractor's *personal* Facebook and Instagram social media accounts. *Infra*, Sections II.A–C. Even if those postings were acts of infringement and CMI removal (i.e., the claims Plaintiff settled), Plaintiff's evidence fails to address the necessary elements to establish *BTRE*'s liability. *Ibid.* Finally, with respect to Count IV, Plaintiff failure to amend its Rule 26(a) disclosures to identify relevant documents for that claim, should bar, under Rule 37(c)(1), introducing the new evidence necessary for that claim. Moreover, based on Plaintiff's allegations and arguments, Count IV is barred by the Copyright Act's statute of limitations, 17 U.S.C. § 507(b).

3. This case does not need to proceed to an unnecessary trial. There are no genuine disputes of material facts to warrant maintaining this action. Co-Defendant Witkowski was, and is, an independent contractor for BTRE; Plaintiff has no evidence to raise a genuine dispute as to that material fact. Plaintiff was aware from the pleadings that Witkowski was not an employee and that it needed to develop evidence to hold BTRE liable on Counts I-III. Instead, it settled those claims with Witkowski without ever even attempting to establish facts necessary to go forward against BTRE. So even if Plaintiff's documents were considered, Plaintiff lacks facts to genuinely dispute judgment being entered *for BTRE* on Counts I-III. Judgment should be entered for BTRE on Counts I-III under Rule 56(f), Fed. R. Civ. P., or leave should be granted for BTRE to file an affirmative summary judgment motion as to these issues, *see id.* (2010 committee notes on Rule 56(f)). Similarly, Plaintiff's documents, even if ultimately entered into evidence, show that the claim is barred by 17 U.S.C. § 507(b), having occurred more than seven (7) years before the FAC was filed. Further, Plaintiff's discovery violations should preclude Plaintiff's evidence, even if only Plaintiff's evidence of damages, as Plaintiff now implicitly acknowledges that statutory damages are barred by 17 U.S.C. § 412 and Plaintiff's mandatory disclosures present no damages computation.

Thus, a trial in this action appears unnecessary, and would only waste the resources of the Court and the parties, not to mention the wasted time of the jury.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

Defendant respectfully refers to its Response Statement of Material Facts (hereafter, "Resp.SMF"), filed simultaneously with this memorandum of law, pursuant to Local Rule 56.1 and the Court's Order (ECF No. 12).

## SUMMARY JUDGMENT STANDARD

Contrary to the legal standard set forth in Plaintiff's Motion (ECF No. 30, pp. 4-5), the *Plaintiff* bears the burdens of production and persuasion on its claims. Summary judgment is appropriate where "**the movant shows** that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphasis added). The existence of a factual dispute is not by itself sufficient grounds to defeat a motion for summary judgment; rather, "the requirement is that there can be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A dispute is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (citing *Anderson*, 477 U.S. at 247-48). A fact is material if "it would affect the outcome of the suit under the governing law." *Ibid.* (citing *Anderson*, 477 U.S. at 247-48).

In deciding a motion for summary judgment, the Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). The Court does not weigh conflicting evidence. *See Skop v. City of Atlanta*, 485 F.3d 1130, 1140 (11th Cir. 2007). Thus, upon discovering a genuine dispute of material fact, the Court must deny summary judgment. *See ibid.* Further, when "a legal issue has been fully developed[] and the evidentiary record is complete, summary judgment is entirely appropriate" independent of a motion, even without notice. *Artistic Ent., Inc. v. City of Warner Robins*, 331 F.3d 1196, 1201 (11th Cir. 2003) (citing

4

*Burton v. City of Belle Glade*, 178 F.3d 1175, 1204 (11th Cir. 1999)); *accord* Fed. R. Civ. P. 56(f);

*Toland v. Phoenix Ins. Co.*, 855 Fed. Appx. 474, 481-82 (11th Cir. 2021) (quoting same and

explaining the rule to affirm district court's grant of summary judgment under Rule 56(f)).

## ARGUMENTS

I. **Plaintiff's Motion For Summary Judgment Should Be Denied For Failure to Comply With the Court's Order and Local Rule 56.1, and For Failure to Establish Any Admissible Evidence to Warrant Judgment in Plaintiff's Favor.**

    A. **Plaintiff's Motion Should Be Denied for Failure to Comply with the Court's Order and Local Rule 56.1.**

Plaintiff's Motion should be denied for violating the Court's Scheduling Order (ECF

No. 12) and the requirements of Local Rule 56.1.  The Court's Order specifies that "Local

Rule 56.1 requires a motion for summary judgment (and opposition thereto) to be accompa-

nied by a statement of material facts," and "also imposes very specific and very detailed re-

quirements on a statement of material facts."  ECF No. 12, pp. 12-13.  The Order states that

the Court "will strictly enforce the requirements of [Local Rule 56.1]."  *Ibid.*; *see also* L.R.

56.1.  Plaintiff Motion fails to include a compliant statement of material facts and does not

include admissible evidence to support its claims.  For at least that reason, Plaintiff's Motion

for Summary Judgment (ECF No. 30) should be denied.

    B. **Plaintiff's Motion Should Be Denied Because It Fails to Present Any Admissible Evidence to Establish Its Claims or Challenge Defendant's Affirmative Defenses.**

Related to the deficiency above, Section I.A., Plaintiff's Motion (ECF No. 30) fails to

set forth grounds for granting its Motion.  Plaintiff's Motion admits that it lacks any evidence

to support its claims against BTRE and seemingly suggests that *BTRE*—rather than Plaintiff—

bears the burdens of production and persuasion on *Plaintiff's* claims.  *See* Motion, pp. 3-5.  The

Motion seeks summary judgment "with respect to all claims raised by Plaintiff in the First

Amended Complaint (Doc. [14])," Motion, p. 3 (¶10), but at the same time, it admits that

"[t]o date, the Parties have not served discovery in relation to the subject matter," presumably

5

meaning the subject matter of this case, (*id.*, p. 3 (¶8)), and stating further that "[t]o date, Defendant has not provided Plaintiff with any documentation or information in opposition to Plaintiff's claims," (*id.*, p. 3 (¶9)).   It is not BTRE's burden to *disprove* Plaintiff's claims; *Plaintiff* must present evidence and then *Plaintiff* must prove its claims.

Plaintiff's Motion lacks any evidence in support of its claims.  "Documents attached to a pleading, unaccompanied by an affidavit, are not valid summary judgment evidence." *Vient v. Highlands New-Sun*, Case No. 19-cv-14012-Rosenberg, 2021 U.S. Dist. LEXIS 260323, at *3 (S.D. Fla. Oct. 21, 2021) (citing Fed. R. Civ. P. 56 and *Williams v. Eckerd Family Youth Alternative*, 908 F. Supp. 908, 911 (M.D. Fla. 1995)).  "[F]or a document to be considered in support of or in opposition to a motion for summary judgment, it must be authenticated by an affidavit that meets the requirements of the summary judgment rule." *Williams*, 908 F. Supp. at 911 (citing Fed. R. Civ. P. 56(e)); *see also Max Warehousing, LLC v. Auto-Owners Ins. Co.*, 587 Fed. Appx. 528 (11th Cir. 2014) (affirming grant of summary judgment in favor of defendant where the court could not consider a document plaintiff failed to produce during discovery or to authenticate when it was attached to its summary judgment opposition).  "Additionally, the affiant must be the person through whom the exhibits could be admitted into evidence." *Williams*, 908 F. Supp. at 911 (citing *Burnett v. Stagner Hotel Courts, Inc.*, 821 F. Supp. 678, 679 (N.D. Ga. 1993)).  Here, Plaintiff's Motion merely attaches inadmissible documents, ECF Nos. 30-1 – 30-8, insufficient to meet its burden, Fed. R. Civ. P. 56(c).

Plaintiff's copyright infringement claims (Counts I, II, and IV) requires, at a minimum, that Plaintiff produce admissible evidence that (1) it owns copyrights in the asserted photographs, (2) those photographs were properly registered with the Copyright Office prior to institution of this action, and (3) there is evidence of unlawful "copying" of those works. *See, e.g.*, *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991) (to establish infringement, "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."); 17 U.S.C. 411(a) ("no civil action for infringement of the copyright in any United States work shall be instituted until . . .

6

registration of the copyright claim has been made in accordance with this title."); *Fourth Estate Pub. Ben. Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 299 (2019) (interpreting "registration . . . has been made" in § 411(a) to mean that a work is registered, and that "registration occurs, and a copyright claimant may file suit, when the Copyright Office registers a copyright."). Plaintiff has not introduced evidence that the asserted copyrights are owned by Plaintiff, has not introduced evidence that they are the subject of valid registrations,[2] and has not introduced evidence of unlawful "copying" of the asserted works by BTRE.

While Exhibit A to Plaintiff's Motion includes what appears to be an admissible copyright registration certificate for VA 2-19-059 (the "'059 registration"), ECF No. 30-1, pp. 2-3, the Motion does not include admissible evidence as to what photographs are registered by that certificate. The Motion merely attaches a non-government-record printout of "a photograph" of a bridge in Jupiter, Florida, *see* ECF No. 30-1, p. 4, an inadmissible attachment. Therefore, there is no evidence that the "Jupiter bridge" photograph is owned by Plaintiff or registered by the '059 registration. The Motion also lacks admissible evidence that the asserted "Jupiter bridge" work was infringed, or that copyright management information ("CMI") was removed from it. Absent admissible evidence regarding Plaintiff's asserted "Jupiter bridge" photograph, judgment must be denied on Counts I-III.

Further, Exhibit B to Plaintiff's Motion is **not** a genuine government record for copyright registration certificate VA 2-075-528 (the "'528 registration"), because it is modified by inserting an image onto the last page while underlining the title of a photograph. *See* ECF No. 30-2, pp. 2-4. That exhibit is not admissible to establish that Plaintiff owns the asserted "Marina" photograph, referenced in its pleading and Motion for Count IV, and it cannot establish that the attached "Marina" photograph is registered by the '528 registration. The

---

[2] While these deficiencies may seem purely technical, many instances have arisen—during litigation—where it was uncovered that the asserted photograph **was not**, in fact, the same photographic work the same Plaintiff in this action registered in its asserted copyright registration certificate. Therefore, these basic requirements cannot be accepted by BTRE without an evidentiary basis.

Motion also lacks any admissible evidence that BTRE "copied" that asserted work. Absent admissible evidence of, at least, ownership, registration, and copying of the asserted "Marina" photograph, judgment must be denied on Count IV.

II.      **Plaintiff's Motion for Summary Judgment on Count I-IV Should Be Denied and Judgment Should Be Entered *For BTRE* Pursuant to Rule 56(f).**

A.      **Judgment for Plaintiff on Count I Should Be Denied and, Instead, Judgment Should Be Entered *For BTRE* Because the Complete Factual Record Demonstrates There Is No Genuine Dispute that BTRE *Did Not* Directly Infringe the "Jupiter Bridge" Work.**

Regarding Count I, as addressed *supra*, Section I.B., Plaintiff has not provided any admissible evidence to establish that it (1) owns a valid copyright in the asserted "Jupiter bridge" photograph, (2) that the asserted Jupiter bridge copyright was validly registered with the U.S. Copyright Office, (3) that the asserted Jupiter bridge photograph was unlawfully "copied" *by anyone*, and (4) that the alleged direct infringement was *by BTRE*. As to that fourth point, Plaintiff's First Amended Complaint and Motion suggest Plaintiff is relying on its unfounded assertion that Witkowski was an "employee" of BTRE, *see, e.g.*, Motion, pp.8-9, a point that was denied in the pleadings, ECF Nos. 9 (¶¶3-5, 19-21), 10 (¶¶3-5, 19-21), 23 (¶¶3-5, 19-21), and shown through the evidence to be false, Resp.SMF, ¶¶ 11-12.

Plaintiff's Motion argues that it owns valid copyrights to the underlying matter (ECF No. 30, pp. 5-6), but only attaches a copyright registration certificate for the '059 registration, *see* ECF No. 30-1. The '059 registration certificate lists titles of photographs registered, but it does not establish, or provide evidence as to, what works are registered. ECF No. 30-1. The Motion does not provide evidence as to what the "Jupiter bridge" work is and does not correlate the certificate to the image also presented as an attachment to the Motion.

As to an alleged "infringing act," Plaintiff *argues* that BTRE "improperly copied, displayed, and/or distributed" the '059 registration (understood as meaning the "Jupiter bridge" work). Motion, pp. 8-9. Plaintiff offers no evidence, and did not even *attempt* to introduce evidence, on the issue of whether *BTRE* committed such an act of direct infringement of the

8

"Jupiter bridge" work, as opposed to Witkowski, with whom Plaintiff has already settled this claim. *See* Motion, p. 3 (¶4); *see also* ECF No. 15; Resp.SMF, ¶ 4. BTRE did not reproduce, distribute, or display that work. Resp.SMF, ¶¶ 13-18. BTRE had no control over Witkowski's social media accounts and had no knowledge that the image was posted on Witkowski's social media. Resp.SMF, ¶¶ 13-18. Further, as Plaintiff's only *argument* is that the posting can be attributable to BTRE because of Plaintiff's misplaced assertion that Witkowski is an "employee," Motion, pp. 8-9, the evidence (Resp.SMF, ¶¶ 13-18) establishes that Witkowski was an independent contractor, and Plaintiff lacks evidence to rebut that fact. Plaintiff cannot establish a triable issue of fact to proceed with a claim against BTRE for direct infringement.

Plaintiff has no evidence that BTRE committed an act of infringement, it did not seek discovery to establish any evidence, it did not even attempt to introduce evidence to establish that as a fact, and it cannot refute the evidence submitted in connection with this Opposition. Plaintiff's Motion as to Count I should be denied and **judgment for BTRE** should be entered on Count I pursuant to Rule 56(f).

> **B.** **Judgment for Plaintiff on Count II Should Be Denied and, Instead, Judgment Should Be Entered *For BTRE* Because the Complete Factual Record Demonstrates That There Is No Genuine Dispute That BTRE *Cannot* Be Secondarily Liable for the Alleged Direct Infringement of the "Jupiter Bridge" Work.**

As an *alternative* to Count I, Plaintiff argues BTRE is secondarily liable for the infringement alleged to have occurred on Witkowski's social media, "even if" BTRE "did not [itself] engage in the infringing activity." Motion, pp.10-11. Plaintiff asserts secondary liability for vicarious infringement and/or contributory infringement. *Ibid.* Plaintiff's Motion fails.

> **1.** **Plaintiff's Motion Demonstrates That It Cannot Present Evidence to Meet Its Burdens of Production or Persuasion on Necessary Elements of Its Claim for Vicarious Infringement Against BTRE and, Therefore, Judgment Should Be Entered *For BTRE*.**

a. A claim for vicarious infringement arises against one who "profit[s] from [another's] direct infringement while declining to exercise a right to stop or limit it." *MGM*

*Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005); *see also BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 489 F.3d 1129, 1138 n.19 (11th Cir. 2007) ("Liability for vicarious copyright infringement arises 'when the defendant profits directly from the infringement and has a right and ability to supervise the direct infringer, even if the defendant initially lacks knowledge of the infringement.'") (quoting *Grokster*, 545 U.S. at 930 n.9).   A claim for vicarious infringement, therefore, requires a plaintiff to demonstrate a defendant's (1) *right and ability to supervise* the direct infringer and (2) *direct financial benefit* from the alleged direct infringement. *Klein & Heuchan, Inc. v. CoStar Realty Info., Inc.*, 707 F. Supp. 2d 1287, 1295-97 (M.D. Fla. 2010), *aff'd*, 425 Fed. Appx. 833 (11th Cir. 2011) (granting summary judgment for defendants); *see also Affordable Aerial Photography, Inc. v. Modern Living Real Estate, LLC*, Case No. 19-cv-80488-Bloom/Reinhart, 2019 U.S. Dist. LEXIS 132023, at *7-8 (S.D. Fla. Aug. 7, 2019) (stating legal standard and dismissing vicarious infringement claims for failing to state a plausible claim for relief) (*Citing Klein*, 71 F. Supp. 2d at 197).

b.  First, Plaintiff cannot establish the absence of a genuine issue of material facts as to BTRE having the "right and ability to supervise" the alleged direct infringement on co-Defendant Witkowski's *personal* Facebook and Instagram social media accounts.  Plaintiff did not seek discovery to establish any facts on this issue, and it lacks any basis to controvert BTRE's and Witkowski's Answers to the pleadings (ECF Nos. 9, 10, 23) or their current declarations that establish that BTRE **did not** have the right and ability to supervise the acts that occurred on Witkowski's personal social media accounts, Resp.SMF, ¶¶ 13-18.

As explained in *Klein*, the "right and ability to supervise" requires more than "the potential" to control or supervise.  707 F. Supp. 2d at 1297.  Satisfying the "right and ability to supervise" prong of the analysis requires *the exercise* of sufficient control over the direct infringer. *Ibid.*  The burden is on a plaintiff to come forward with admissible evidence suggesting a defendant had "actual control" over the actions of the direct infringer. *See ibid.*  Here, Plaintiff has none.

Plaintiff's failure to prosecute this action by, at least, conducting discovery on this

10

element (and other necessary elements) also forecloses its ability to refute the declarations of BTRE and Witkowski.  Plaintiff's Motion confirms that Plaintiff unable to meet its burden at this stage, and it also confirms that Plaintiff cannot prevail on Count II.  Resp.SMF, ¶¶ 13-18.  The only evidence establishes Plaintiff cannot meet its burdens of production or persuasion and cannot establish this element.  Resp.SMF, ¶¶ 13-18.

   c.  Second, Plaintiff cannot establish that BTRE obtained a "direct financial benefit" from the alleged direct infringement occurring on co-Defendant Witkowski's *personal* Facebook and Instagram social media accounts.  Resp.SMF, ¶ 19.  Again, Plaintiff did not seek discovery to establish any facts on this issue, and it lacks any basis to controvert BTRE's and Witkowski's declarations that establish that BTRE **did not** have a direct (or even indirect) financial benefit from the alleged infringement occurring on Witkowski's personal social media accounts.  Resp.SMF, ¶ 19.  A "direct financial benefit" requires "'a causal relationship between the infringing activity and any financial benefit a defendant reaps . . . .'"  *Klein*, 707 F. Supp. 2d at 1299 (quoting *Ellison v. Robertson*, 357 F.3d 1072, 1079 (9th Cir. 2004)); *id.* at 1299 ("not every benefit is a direct financial benefit.").

   Here, Plaintiff's Motion establishes, again, that it cannot satisfy a necessary element of Count II.  Plaintiff has not provided evidence that BTRE received a "direct financial benefit" from the alleged infringement on Witkowski's personal Facebook and Instagram social media accounts; Plaintiff did not even *attempt* to introduce evidence.  *See* Motion, pp. 10-11.

   Plaintiff's failure to prosecute this action, and failure to seek discovery as to whether BTRE (1) had the "right and ability to supervise" the alleged infringement and (2) received a "direct financial benefit" from the alleged infringement forecloses its ability to controvert BTRE's and Witkowski's declarations that establish that BTRE **did not** have the "right and ability to supervise" and **did not** receive a "direct financial benefit" from the allegedly infringing conduct on Witkowski's *personal* Facebook and Instagram social media accounts.  Resp.SMF, ¶ 19.  Plaintiff cannot establish a triable issue of fact to proceed with a claim for vicarious infringement.

11

      **2.**      **Plaintiff's Motion Demonstrates That It Cannot Present Evidence to Meet Its Burdens of Production or Persuasion on Necessary Elements of Its Claim for Contributory Infringement Against BTRE and, Therefore, Judgment Should Be Entered *For BTRE*.**

"Contributory infringement occurs when one 'with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another.'" *Graylock v. Trust Couns., PLLC*, Case No. 1:23-cv-20576-KMM, 2023 U.S. Dist. LEXIS 242888, *8-9 (S.D. Fla. Oct. 4, 2023) (quoting *Casella v. Morris*, 820 F.2d 362, 365 (11th Cir. 1987)); *accord Latele TV, C.A. v. Telemundo Group, LLC*, Case No. 12-22539-Civ-Goodman, 2014 U.S. Dist. LEXIS 174887, at *7-14 (S.D. Fla. Dec. 18, 2014) (granting summary judgment for defendant on vicarious infringement and contributory infringement claims); *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 469 F. Supp. 2d 1148, 1174 (S.D. Fla. 2006) (same); *Klein*, 707 F. Supp. 2d at 1295 (same).

Here, Plaintiff's Motion establishes, again, that it cannot satisfy necessary elements of Count II. Plaintiff has no evidence that BTRE had knowledge of the alleged infringement, and has no evidence that BTRE took any step to "induce[], cause[] or materially contribute[] to the infringing conduct" alleged to have occurred on Witkowski's social media accounts. Moreover, Plaintiff did not even *attempt* to introduce evidence to satisfy either of those elements. *See* Motion, pp. 10-11. Rather, this is based on Plaintiff's "belief." *Id.*, p. 10.

Plaintiff's failure to prosecute its claims, including its failure to investigate these required elements of a cause of action for contributory infringement, forecloses Plaintiff from controverting BTRE's and Witkowski's declarations that establish that BTRE **did not** (1) know about the alleged infringement and (2) induce, cause, or materially contribute to the alleged direct infringement. Resp.SMF, ¶¶ 16-17. Plaintiff cannot establish a triable issue of fact to proceed with a claim for contributory infringement.

Plaintiff has no evidence that BTRE is secondarily liable for infringement (vicarious or contributory), it did not seek discovery to establish any evidence, it did not even *attempt* to introduce evidence to establish the necessary elements for these causes of action, and it cannot

12

genuinely dispute the evidence submitted in connection with this Opposition.  *Compare* Motion, pp. 10-11 *with* Resp.SMF, ¶¶ 13-19.  Moreover, there is no separate liability for Count II from that of Count I, a claim which Plaintiff already settled with Witkowski.  *See* ECF No. 15.  Plaintiff's Motion as to Count II should be denied and **judgment for BTRE** should be entered on Count II pursuant to Rule 56(f).

      **C.**      **Judgment for Plaintiff on Count III Should Be Denied and, Instead, Judgment Should Be Entered *For BTRE* Because the Complete Factual Record Demonstrates That There Is No Genuine Dispute That BTRE *Did Not* Remove Copyright Management Information From the Asserted "Jupiter Bridge" Work and Also Lacked the Required Mental States.**

Plaintiff's Motion fails to establish the absence of a genuine issue of material facts as to BTRE having removed CMI from the Jupiter bridge photograph, as alleged in Count III and, moreover, fails to even provide—or *attempt* to provide—evidence that CMI was removed by BTRE.  Further, the incontrovertible evidence attached to Plaintiff's Motion, and *attempted* to be offered into evidence, shows that Plaintiff **cannot** establish the necessary elements that (1) *BTRE* removed CMI from the Jupiter bridge photograph, as opposed to some other party or third-party, and (2) that BTRE had *both* required *mental states* necessary to support a CMI removal claim.  Plaintiff's failure to prosecute this action forecloses its ability to establish evidence required to go forward with Count III or to controvert BTRE's evidence.

A claim for CMI removal requires evidence of both the *act* of removing CMI and of the two (2) required mental states.  "Section 1202(b) contains a so-called 'double-scienter' requirement because a defendant must (1) intentionally remove CMI, under subpart (a), or distribute works knowing that CMI has been removed, under subpart (b)[;] and (2) have actual or constructive knowledge that such distribution will induce, enable, facilitate, or conceal an infringement."  *Victor Elias Photography, LLC v. Ice Portal, Inc.*, Case No. 19-62173-civ-Smith, 2021 U.S. Dist. LEXIS 86216, at *8 (S.D. Fla. May 3, 2021) (citing *Mango v. Buzzfeed, Inc.*, 970 F.3d 167, 171 (2d Cir. 2020)); *Victor Elias Photography, Inc. v. ICE Portal, Inc.*, 43 F.4th 1313, 1319-20 (11th Cir. 2022) (affirming and analyzing the second scienter requirement

under § 1202(b)). Moreover, the state of mind of an independent contractor cannot be imputed to its principal. *Hunt v. Liberty Lobby*, 720 F.2d 631, 648-49 (11th Cir. 1983) (citing *Cantrell v. Forest City Publ'ng Co.*, 419 U.S. 24 (1974)).

BTRE did not remove CMI, did not "intentionally" remove CMI, and did not do so with "actual or constructive knowledge" that it would induce, enable, facilitate, or conceal an infringement. Resp.SMF, ¶¶ 16-17, 20-21. Plaintiff's Motion does not introduce, or even attempt to introduce, evidence related to these required elements of a cause of action for CMI removal. *See* Motion, pp. 11-13. Rather, Plaintiff merely *argues* that CMI "was removed," without attempting to show who removed it or establish the required mental states. *Ibid.* BTRE was not aware that the image was posted, was not involved in posting it, did not crop it, and was not aware that the image was present—or cropped—until that assertion was made in this action. Resp.SMF, ¶¶ 16-17, 20-21.

Plaintiff's failure to prosecute its claims, including its failure to investigate these required elements of a cause of action for contributory infringement, forecloses Plaintiff from controverting BTRE's and Witkowski's declarations that establish that BTRE **did not** (1) crop the image and (2) do so "intentionally" and with the "intent to" induce, enable, facilitate, or conceal an infringement. Resp.SMF, ¶¶ 16-17, 20-21. BTRE did not even know that the image had been posted. Resp.SMF, ¶¶16-17, 21. Plaintiff cannot establish a triable issue of fact to proceed with a claim for CMI removal. Moreover, Plaintiff already settled this claim with Witkowski. *See* ECF No. 15.

Plaintiff has no evidence that BTRE removed CMI from the "Jupiter bridge" work, it did not seek discovery to establish any evidence, it did not even *attempt* to introduce evidence to establish the necessary elements for this cause of action, and it cannot genuinely dispute the evidence submitted in connection with this Opposition. *Compare* Motion, pp. 11-13 *with* Resp.SMF, ¶¶ 16-17, 20-21. Plaintiff's Motion as to Count III should be denied and **judgment for BTRE** should be entered on Count III pursuant to Rule 56(f).

14

**D.** **Judgment for Plaintiff on Count IV Should Be Denied and, Instead, Judgment Should Be Entered *For BTRE* Because the Complete Factual Record Demonstrates There Is No Genuine Dispute Plaintiff Cannot Prove a Claim for Direct Infringement of the "Marina" Work Against BTRE.**

**1.** **Plaintiff's Failure to Prosecute This Action Should Foreclose Plaintiff's Ability to Enter Necessary Evidence To Support Count IV, Including, At Least, Evidence of Damages.**

As addressed in Section I.B., Plaintiff's Motion does not present evidence to satisfy its summary judgment evidentiary burden.  Plaintiff's Motion does not present evidence the Court can consider in addressing: (1) whether Plaintiff owns the copyright in the asserted "Marina" photograph, (2) whether the asserted "Marina" work is validly registered, and (3) whether BTRE engaged in any act that could be viewed as an act of infringement with respect to the "Marina" work.  *Supra*, Section I.B.  But even if Plaintiff could submit an affidavit authenticating the documents merely attached to its Motion, *see ibid.;* see also Fed. R. Civ. P. 56(c), the necessary evidence for this claim should still be excluded because Plaintiff violated Rules 26(a) and (e), *see* Exhibit "A," attached hereto, Plaintiff's Rule 26(a) mandatory disclosures.  Plaintiff's mandatory disclosures do not disclose witnesses or documents related to Count IV and, further, do not disclose any computation of damages or disclose documents related to any claim of damages.  Ex. A.  Those disclosures were never supplemented.

"Federal Rule of Civil Procedure 26(a) requires a party, 'without awaiting a discovery request' to, among other thigs, provide 'a computation of each category of damages claimed by the disclosing party . . . .'" *Nymbus, Inc. v. Chrome Fed. Credit Union*, Case No. 18-cv-25081-McAliley [Consent Case], 2021 U.S. Dist. LEXIS 113706, at *8 (S.D. Fla. June 3, 2021) (citing Fed. R. Civ. P. 26(a)(1)(A)(iii)); *accord Carter v. BPCL Mgmt., LLC*, Case No. 19-60887-Civ-Dimitrouleas/Snow, 2021 U.S. Dist. LEXIS 256256, at *4 (S.D. Fla. May 10, 2021). "This requires a party to, first, disclose each category of damages they want to recover and, second, provide a computation of damages with supporting documentation." *Nymbus*, 2021 U.S. Dist. LEXIS 113706, at *8-9 (citing *Am. Enters. Collision Ctr., Inc. v. Travelers Prop. & Cas.*

15

*Co. of Am.*, No. 2:09-cv-443-FtM-29SPC, 2010 WL 11507335, at *3 (M.D. Fla. Sept. 17, 2010)); *accord Carter*, 2021 U.S. Dist. LEXIS 256256, at *4.

"A party who violates Rule 26(a) or (e)[, regarding supplemental disclosures,] cannot use that information at trial 'unless failure was substantially justified or harmless.'" *Nymbus*, 2021 U.S. Dist. LEXIS 113706, at *12 (quoting Fed. R. Civ. P. 37(c)(1)).  Further, party who violated the Rule "bears the burden of proving that the violation was substantially justified or harmless."  *Id.* at *5 (citing *Mitchell v. Ford Motor Co.*, 318 Fed. Appx. 821, 824 (11th Cir. 2009) (quoting *Leathers v. Pfizer, Inc.*, 233 F.R.D. 687, 697 (N.D. Ga. 2006))).

Here, the attachments to the Motion fail to satisfy Plaintiff's Rule 56 evidentiary burden.  But even if properly authenticated, those documents should not be admitted unless Plaintiff can justify its violations of Rules 26(a) and (e).  Moreover, unlike Count I, where Plaintiff could pursue statutory damages, the alleged infringment in Count IV required Plaintiff to establish a computation of damages.  *See* 17 U.S.C. § 412.  Plaintiff alleged, and argues, that the act of infringement addressed in Count IV occurred "[s]ince at least February 16, 2017," roughly nine (9) months before the '528 registration was applied for.  *Compare* Motion, pp. 13-14 *with id.*, p. 6 (asserting registration date of November 8, 2017).  Statutory damages are therefore unavailable, 17 U.S.C. § 412, requiring Plaintiff to disclose a computation of *actual* damages, and provide documents to support that computation, *Nymbus*, 2021 U.S. Dist. LEXIS 113706, at *8-9.

Plaintiff never disclosed witnesses or documents related to the infringement elements for Count IV, and never presented a computation of damages or the underlying documents for BTRE to inspect and investigate.  Under Rule 37(c), Plaintiff should not be permitted at this late stage, after the close of discovery, to present "new" evidence, particularly regarding its alleged "damages" for Count IV.  *See Nymbus*, 2021 U.S. Dist. LEXIS 113706, at *8-9 (excluding damages information under Rule 37(c)); *see also Calicchio v. Oasis Outsourcing Group Holdings, L.P.*, Case No. 19-cv-81292-Ruiz/Reinhart, 2021 U.S. Dist. LEXIS 83626, at *18-

16

27 (S.D. Fla. Apr. 29, 2021) (recommending striking summary judgment affidavit, and statements of facts related to it, for violating Rule 26(a)(1)(A)(i)).

### 2. Even *If* the Documents Attached to Plaintiff's Motion Were Admissible and Considered, Count IV is Barred by 17 U.S.C. § 507(b).

Moreover, Plaintiff's Motion asserts that Count IV—a claim filed August 5, 2024—is based on an alleged infringement that occurred on February 16, 2017, in connection with a *public* Facebook post.   Even if the merits of this claim were considered, Count IV is barred by the Copyright Act's statute of limitations, 17 U.S.C. § 507(b).

A copyright infringement claims "accrues," for purposes of § 507(b), when an infringing act **occurs**, just as any other federal claim.  The Supreme Court has repeatedly held that a claim "accrues" when a violation "occurs" and a plaintiff has a complete cause of action.  *See, e.g.*, *Corner Post v. Bd. of Governors of the Fed. Rsrv. Sys.*, 603 U.S. 799, 810 (2024); *United States v. Lindsay*, 346 U.S. 568, 569 (1954); *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Gabelli v. SEC*, 568 U.S. 442, 448 (2013); *Warner Chappell Music, Inc. v. Nealy*, 601 U.S. 366, 374-76 (2024) (Gorsuch, J., dissenting) ("The Court discusses how a discovery rule of accrual should operate under the Copyright Act.  But in doing so it sidesteps the logically antecedent question whether the Act has room for such a rule.  Rather than address that question, the Court takes care to emphasize that its resolution must await a future case.  The trouble is, the Act almost certainly does not tolerate a discovery rule.  And that fact promises soon enough to make anything we might say today about the rule's operational details a dead letter."); *see also Everly v. Everly*, 958 F.3d 442, 459-468 (6th Cir. 2020) (Murphy, J., concurring) (analyzing the Copyright Act's statute of limitations and articulating why the Act embodies an "injury rule").

The Eleventh Circuit has never adopted a "discovery rule" for copyright infringement claims, i.e., a rule where infringement claims "accrue" when a plaintiff "knew or should have known" of an infringing act.  *See Affordable Aerial Photography, Inc. v. Property Matters USA, LLC*, Case No. 22-14296-Civ-Cannon/McCabe, 2023 U.S. Dist. LEXIS 115171, at *4-5 (S.D.

17

Fla. July 5, 2023), *aff'd on other grounds*, 108 F.4th 1358 (11th Cir. 2024), *cert. petition filed sub nom. Property Matters USA, LLC v. Affordable Aerial Photography, Inc.*, No. 24-688 (U.S. Dec. 24, 2024) (acknowledging that this is an open question in the Eleventh Circuit, but applying the then-existing District "trend" of applying a "discovery rule" for copyright infringement claim accrual). Similarly, when the Eleventh Circuit interpreted the federal catch-all statute of limitations, 28 U.S.C. § 1658, and its "accrues" language nearly identical to the Copyright Act, *cf.* 17 U.S.C. § 507(b), the court held that the "accrued" language adopts the "occurrence rule" rather than a "discovery rule." *MSPA Claims 1, LLC v. Tower Hill Prime Ins. Co.*, 43 F.4th 1259, 1265-67 (11th Cir. 2022).

Although copyright-infringement claim accrual was not at issue in the Eleventh Circuit's decision in *Nealy v. Warner Chappell Music, Inc.*, 60 F.4th 1325 (11th Cir. 2023), the court held that an "ownership claim" "accrues" based on a "discovery rule" because it only accrues once, contrasting that with an ordinary infringement claim, indicating that it accrues under the injury rule because it is subject to the "separate-accrual rule" where a discrete limitations period begins for each act of infringement. *Id.* at 1330 (citing *Petrella v. MGM*, 572 U.S. 633, 670-72 (2014));[3] *see also Webster v. Dean Guitars*, 955 F.3d 1270, 1276 (11th Cir. 2020) (stating that "unlike an ordinary copyright infringement claim, which accrues for each infringing act, a claim concerning mainly ownership accrues only once," and holding that ownership claims "accrue" under a "discovery rule").

Recently, courts in this District have begun shifting from that previous trend, recognizing that Eleventh Circuit and Supreme Court cases instruct that copyright infringement claims "accrue" when the infringing act **occurs**. *Oppenheimer v. Palange*, Case No. 1:23-cv-205007-Gayles/Torres, 2023 U.S. Dist. LEXIS 241735, at *5-6 (S.D. Fla. Dec. 24, 2023) (citing *Nealy*, 60 F.4th at 1330). This is the rule the Former Fifth Circuit adopted in *Prather v.*

---

[3] The Copyright Act does not actually provide for an "ownership" claim. Rather, such a claim comes under the Declaratory Judgments Act. *See Stone v. Williams*, 970 F.2d 1043, 1047-48 (2d Cir. 1992); *see also Everly*, 958 F.3d at 464-65 (Murphy, J., concurring).

18

*Neva Paperbacks, Inc.*, 446 F.2d 338 (5th Cir. 1971),[4] holding that infringement claims under the 1909 Copyright Act are subject to equitable tolling if a plaintiff satisfies its burden of establishing fraudulent concealment by the defendant. *Id.* at 339-41. When so tolled, the tolling lasts only until the plaintiff is on inquiry notice of the claim, *id.* at 341, a doctrine that is mutually exclusive to the "discovery rule," but is often "blended" or "confused" with the other. *See, e.g.*, *Rotkiske v. Klemm*, 589 U.S. 8, 18 n.* (2019) (Ginsburg, J., dissenting) (explaining "[t]he two doctrines are often blended or confused.") (collecting cases). Claims that "accrue," but are then tolled until inquiry notice, cannot "accrue" based on inquiry notice. The so-called "discovery rule" is incompatible with equitable tolling.

Plaintiff has not introduced necessary evidence to pursue Count IV, and its violation of Rule 26(a) and (e) should preclude it from entering that evidence at this late stage. Further, even if Count IV were considered by the Court, that claim is barred by the Copyright Act's statue of limitations. Accordingly, Plaintiff's Motion as to Count IV should be denied and **judgment for BTRE** should be entered on Count IV pursuant to Rule 56(f).

### III.   To the Extent Plaintiff's Motion is Also Seeking Judgment on Any of Defendant's Affirmative Defenses, Plaintiff's Motion Should Be Denied.

The language of Plaintiff's Motion also seems to seek judgment on BTRE's statute of limitations affirmative defense. *See* Motion, pp.6-8 (argument II, "Plaintiff's Claims Are Within the Statute of Limitations"). First, Plaintiff has not put forward evidence of infringement to shift the burden to BTRE to present a statute of limitations defense. *See* Section I, *supra*. If Plaintiff's allegations could be credited, Counts I-II appear to be based on an act occurring on January 23, 2023, which would not be barred by § 507(b)—but at this stage, Plaintiff has not established the necessary facts to make that determination. As to Count III, however, Plaintiff has not offered evidence, allegations, or even argument, as to when CMI was allegedly removed from the "Jupiter bridge" image that is alleged to have been *posted* in 2023. *See, e.g.*, Motion, pp. 11-13. As such, neither BTRE nor the Court can determine

---

[4] Adopted as precedent in *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

whether that claim is timely or barred by the statute of limitations.  Finally, Count IV **is barred** by § 507(b), as discussed in Section II.D.2, *supra*.

*   *   *

A trial is an unnecessary waste of the Court's time and resources and of the parties' time and resources.  The *Plaintiff* did not think enough of its claims to even investigate them. It did not develop—or even seek—evidence on the elements necessary for it to prove its claims.  It did not disclose its damages calculations for any causes of action, or witnesses and documents for Count IV of its First Amended Complaint.  Plaintiff haled BTRE into this action without an evidentiary basis and prolonged this matter only to seek a "settlement," not to litigate an action.  Plaintiff should not be permitted, now, to hale members of the public into court to be empaneled on a jury where the evidence is clear and one-sided: Plaintiff lacks necessary evidence for each of Counts I-III, Count IV is barred as addressed above, and Plaintiff has no evidentiary basis to prevent a judgment *for BTRE* under Rule 56(f).  Plaintiff's failure to prosecute each of the Counts in this action, by failing to seek necessary evidence and by violating Rules 26(a) and (e), Fed. R. Civ. P., should result in this action being dismissed.[5]

**CONCLUSION**

For the reasons discussed above, Defendant Beach Town Real Estate respectfully requests that the Court deny Plaintiff's Motion for Summary Judgment (ECF No. 30).

Respectfully submitted,

McHale & Slavin, P.A.

**Andrew D. Lockton**
Andrew D. Lockton, Esq. (Fla. Bar No. 115519)

---

[5] Alternatively, as suggested by the 2010 Committee Note on Rule 56(f), the Court could invite BTRE to file an affirmative summary judgment motion re-presenting the arguments and evidence addressed in Section II of this Opposition.  Permitting BTRE to file a late motion for summary judgment will permit Plaintiff a second opportunity to introduce evidence and permit the Court to determine if a genuine dispute of material fact exists to go forward.  BTRE intends to affirmatively make such a request to the Court after conferring with Plaintiff's counsel pursuant to the Local Rules.

20

Edward F. McHale, Esq. (Fla. Bar No. 190300)
2855 PGA Boulevard
Plam Beach Gardens, Florida 33410
(561) 625-6575
(561) 625-6571 fax
alockton@mchaleslavin.com
emchale@mchaleslavin.com
litigation@mchaleslavin.com

*Counsel for Defendant Beach Town Real Estate, LLC*

21