## DECLARATION OF ROBERT STEVENS

I, ROBERT STEVENS, declare as follows:

1. My name is Robert Stevens, I am over the age of 18 years old, and I have personal knowledge of the facts stated herein.

2. I am the principal founder and photographer for Affordable Aerial Photography, Inc., who is the Plaintiff in the action *Affordable Aerial Photography, Inc. v. Ryan Witkowski and Beach Town Real Estate, LLC*, Case No. 2:24- cv-80423-RLR, in the U.S. District Court for the Southern District of Florida.

3. I make this Declaration in connection with Affordable Aerial Photography, Inc's pursuit of its claims against Beach Town Real Estate, LLC in the action. The statements made in this Declaration are based on my personal knowledge.

4. For the past seventeen (17) years, I have photographed some of real estate listings in the U.S. and has become known for my unique angle and perspective with my work. One such piece includes a photograph work depicting the Jupiter Lighthouse and Bridge, which was registered under Registration Number VA 2-119-059. Another such piece included the photographic work depicting the Sailfish Point Marina overlooking the Atlantic Ocean, which was registered under Registration Number VA 2-075-528.

5. On July 3, 2024, through the assistance of my counsel, I filed, by and through my counsel, my required Rule 26(a) disclosures, where I provided Defendant, Beach Town Real Estate, LLC. with a list of the initial witnesses, documents, and computation of damages. (ECF No. 35-1).

6. On August 5, 2024, through the assistance of my counsel, I filed Plaintiff's First Amended Complaint for Copyright Infringement reflecting Count I for Direct Copyright

Infringement of VA 2-119-059, Count II for Contributory/Vicarious Infringement of VA 2-119-059, Count III for Removal of Copyright Management Information from VA 2-119-059, and Count IV for Direct Copyright Infringement of VA 2-075-528. These Counts are supported by various Exhibits, which were mandatory and required disclosures in support of my claims and are intended to be introduced into evidence. (ECF No. 14).

7. This Declaration is submitted in support of Plaintiff's Motion for Summary Judgment. (ECF No. 30).

8. On August 7, 2018, I submitted The Jupiter Lighthouse and Bridge work for copyright registration and obtained Registration Number VA 2-119-059 with an effective date of August 7, 2018. A true and correct copy of VA 2-119-059 and the Jupiter Lighthouse and Bridge work and its Copyright Management Information were attached to Plaintiff's Motion for Summary Judgment as Exhibit A. (ECF No. 30-1). This information is publicly available at the U.S. Copyright Office and was disclosed in Plaintiff's initial disclosures (ECF No. 35-1). and the pleadings, including the First Amended Complaint. (ECF No. 14).

9. On November 8, 2017, I submitted The Sailfish Point Marina work for copyright registration and obtained Registration Number VA 2-075-528 with an effective date of November 8, 2017. A true and correct copy of VA 2-075-528 and the Sailfish Point Marina work and its Copyright Management Information were attached to Plaintiff's Motion for Summary Judgment as Exhibit B. (ECF No. 30-2). This information is publicly available at the U.S. Copyright Office and was disclosed in Plaintiff's initial disclosures and pleadings. (ECF No. 14 and ECF No. 35-1).

10. I am the individual who took and prepared the screenshots attached as Exhibit C through Exhibit H attached to Plaintiff's Motion for Summary Judgment as Exhibit B. (ECF No. 30-3 – 30-8) and attest that these screenshots are true and correct copies of what I took and

prepared. These items were included in Plaintiff's initial disclosures and pleadings. (ECF No. 14 and ECF No. 35-1).

11. At the inception of this lawsuit and at time of the Rule 26(a) Initial Disclosures provided by Defendants, neither Mr. Ryan Witkowski nor Beach Town Real Estate, LLC, disclosed "an independent marketing contractor," as a witness on their behalf; however, both Declarations alleged that this "independent marketing contractor" selected and displayed my copyrighted work on Mr. Witkowski's Facebook and Instagram page. (ECF No. 36-1, p. 2, ¶ 10); (ECF No. 36-2, p. 2, ¶ 7). A true and correct copy of Defendants' Rule 26(a) disclosures are attached to this Declaration as Exhibit "1."

12. The first notice Plaintiff had of an independent marketing contractor involvement in this lawsuit was when attorneys received a wire for settlement payment, only on behalf of Mr. Ryan Witkowski, from the independent marketing contractor.

13. This entity is not named in the Defendants' Declarations, and any identifying information is not reflected on the screenshots or websites reflecting the infringement of my copyrighted work. (ECF No. 30-3 – 30-8).

14. To the best of my knowledge, Beach Town Real Estate, LLC benefited from the improper copying, displaying, and/or distribution of Plaintiff's Registration Numbers VA 2-075-528 on its own Facebook page as a means of soliciting and advertising business without my permission, license, or consent and on Mr. Witkowski's Facebook which prominently displays indicia marketing Beach Town Real Estate, LLC.

15. On or about June 25, 2024, I also discovered at least eleven (11) additional works owned by myself on Beach Town Real Estate, LLC's Facebook page. In doing so, Beach Town

Real Estate, LLC's improperly copied, displayed, and/or distributed at least eleven (11) additional works owned by myself without my permission, license, or consent.

16. As it relates to these eleven (11) additional works on Beach Town Real Estate, LLC's Facebook page, upon being notified of its infringing activities, which resulted in Beach Town Real Estate, LLC taking down its Facebook page. However, as this was during the investigation phase for this lawsuit, I, via my attorneys, requested, multiple times, that Beach Town Real Estate, LLC make these pages available again. They failed to do so, which has greatly impacted my ability to further investigate and support my claims as it relates to these infringing activities.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on January 17, 2025.

*Robert Stevens*
Robert Stevens

# EXHIBIT "1"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:24-cv-80423-RLR

**AFFORDABLE AERIAL**
**PHOTOGRAPHY, INC.,**

    **Plaintiff,**

**v.**

**RYAN WITKOWSKI AND**
**BEACH TOWN REAL ESTATE, CCL,**

    **Defendants.**
_____/

## DEFENDANTS' INITIAL DISCLOSURES

Pursuant to rule 26(a)(1) of the Federal Rules of Civil Procedure, Defendants, RYAN WITKOWSKI ("WITKOWSKI") AND BEACH TOWN REAL ESTATE, CCL ("BEACH TOWN") (together, "Defendants"), submit the following initial disclosures. These disclosures are based upon information currently available to the Defendants, and the Defendants reserve the right to supplement the disclosures as additional information is discovered.

    A.    The Defendant provides the name and, if known, the address and telephone number of each individual likely to have discoverable information that the Defendant may use to support the Defendant's claims, unless solely for impeachment, identifying the subjects of the information, as follows:

**Corporate Representative for BEACH TOWN**
c/o Heitner Legal, PLLC
215 Hendricks Isle
Fort Lauderdale, FL 33301

Documents and information concerning this lawsuit.

**Ryan Witkowski**

c/o Heitner Legal, PLLC
215 Hendricks Isle
Fort Lauderdale, FL 33301

Documents and information concerning this lawsuit.

**Kerri Paizzi**
c/o Heitner Legal, PLLC
215 Hendricks Isle
Fort Lauderdale, FL 33301

Documents and information concerning this lawsuit.

1. The Defendants may call any witness identified and/or disclosed by Plaintiff, including, without limitation directors, officers, and/or employees of Plaintiff.

2. The Defendants may call any necessary records custodian.

3. The Defendants may call any impeachment witnesses.

4. The Defendants may call any other witnesses identified through the course of discovery.

Furthermore, the Defendants anticipate that other, unknown individuals may have discoverable information that the Defendant may use to support its claims, and hereby incorporates by reference any other individuals disclosed by other parties in this action and reserve the right to supplement this disclosure pursuant to Federal Rule of Civil Procedure 26(e). The Defendants further reserve the right to obtain discovery in support of their claims from any witness identified in Plaintiff's initial disclosures.

      B.     The Defendants provide the following description by category and location of all documents, data compilations, and tangible things in its possession, custody, or control that the Defendants may use to support Defendants' claims, unless solely for impeachment as follows:

1. Documentation establishing Defendants defenses.

2. Documentation surrounding use of Plaintiff's photographs that serve as the basis of this dispute.

3. Documentation provided by Plaintiff.

4. Documentation produced throughout the course of discovery by either party.

5. Documentation to show the source of the photograph(s) at issue.

6. Documentation to show that certain photograph(s) may have been purchased.

7. Documentation to show who captured the photograph(s) at issue.

8. Documentation to show Plaintiff previously providing the photograph(s) under a royalty-free license.

C. Plaintiff is seeking an award of damages and/or equitable relief as set forth in Plaintiff's Complaint.

D. The Defendants are not aware of any insurance agreement under which any insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

E. These disclosures are made solely for the purpose of this action. By these disclosures, the Defendants do not represent that they have yet identified every document, tangible thing, or witness possibly relevant to this lawsuit. The Defendants have not completed their discovery of the facts relating to this case, and continuing investigation and discovery may alter these disclosures. Accordingly, the Defendants reserve the right to supplement the information disclosed above if additional information becomes available. These disclosures are also not intended to waive any right to object to the production of any document or tangible thing disclosed on the basis of any privilege, work-product doctrine, relevancy, undue burden, or any other valid objection. No incidental or implied admissions are intended by the disclosures herein.

July 5, 2024                                                                    Respectfully submitted.

**HEITNER LEGAL, P.L.L.C**
*Attorney for Defendants*
215 Hendricks Isle
Fort Lauderdale, FL 33301
Phone: 954-558-6999
Fax: 954-927-3333

By: *[signature]*
DARREN A. HEITNER
Florida Bar No.: 85956
Darren@heitnerlegal.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 5, 2024, a true and correct copy of the foregoing was served via email on Plaintiff's counsel, listed below:

TERRY M. SANKS, ESQ.
Florida Bar No. 0154430
157 E. New England Avenue, Suite 375
Winter Park, Florida 32789
Telephone: (407) 644-8888
Email: tsanks@firstiniplaw.com
Secondary: litigation@firstiniplaw.com