UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 24-cv-80423-RLR

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

   Plaintiff,

v.

RYAN WITKOWSKI; and BEACH TOWN REAL ESTATE, LLC,

   Defendants.

_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Affordable Aerial Photography, Inc. ("Affordable Aerial") brought this copyright infringement action against Defendants Ryan Witkowski, a real estate agent, and Beach Town Real Estate, LLC ("Beach Town"), a real estate agency. *See* DE 1. Affordable Aerial reached a settlement agreement with Witkowski, leaving Beach Town as the only remaining defendant. *See* DE 15. Presently before the Court are Affordable Aerial and Beach Town's cross-motions for summary judgment. *See* DE 30, DE 50. Both motions have been fully briefed. For the reasons discussed below, Beach Town's Motion for Summary Judgment [DE 50] is **GRANTED**. Because Beach Town is entitled to summary judgment on all counts, Affordable Aerial's Motion for Summary Judgment [DE 30] is **DENIED**.

## I.    BACKGROUND[1]

**1.    Factual Background**

Affordable Aerial is a photography company. This case involves two of its copyrighted photographs—one of the Jupiter, Florida, lighthouse and bridge (the "Jupiter Lighthouse

---

[1] Many of the facts are undisputed. When disputed, the Court notes the dispute and views all facts in the light most favorable to Plaintiff.

photograph) and one of the Sailfish Point Marina on the Florida coast (the "Sailfish Marina" photograph). *See* DE 30-1; DE 30-2. Both photographs contain copyright management information ("CMI") in the bottom lefthand corner. *See* DE 30-1; DE 30-2.

Affordable Aerial claims that Witkowski and Beach Town infringed upon these copyrights in three social media posts. On February 16, 2017, Beach Town posted a copy of the Sailfish Marina photograph on its Facebook page. *See* DE 30-4. The photograph included the CMI at the bottom lefthand side. *See id.* On January 25, 2023, Witkowski posted a copy of the Jupiter Lighthouse photograph on both his Facebook and Instagram accounts. *See* DE 30-3 at 4; DE 30-5. The photographs in those posts did not display the CMI. *See* DE 30-3 at 4; DE 30-5.

Because the posts were on different social media accounts, the parties focus on Witkowski's relationship with Beach Town and, relatedly, whether Beach Town could control Witkowski's social media posts. *See* DE 50 at 1; DE 53 at 11. Witkowski is a real estate agent associated with Beach Town. *See* DE 30-3. The parties dispute whether Witkowski was an employee or an independent contractor. *See* DE 36-1 ¶¶ 4–5; DE 36-2 ¶ 3; DE 53-2. Beach Town's website lists Witkowski as one of its agents. *See* DE 53-1 at 3. Witkowski used an email address with the domain "@beachtownrealestate.com." DE 53-2. He listed his website as "buyandsellwithryan.com." *Id.* His Facebook profile used the name "Ryan Witkowski – Real Estate," and used a professional headshot as his profile picture. *See* DE 30-3 at 4. His Instagram account used the handle "@ryanwitkowskirealtor." DE 30-5.

**2.    Procedural Background**

On April 8, 2024, after discovering Witkowski's January 2023 social media posts, Affordable Aerial filed this copyright infringement lawsuit against Witkowski and Beach Town. *See* DE 1. The original complaint alleged copyright infringement arising out of Witkowski's posts with the Jupiter Lighthouse photograph. *See id.* It did not allege infringement based on Beach

2

Town's 2017 Facebook post with the Sailfish Marina photograph. *See id.* Affordable Aerial filed an amended complaint on August 5, 2024—this time including allegations about Beach Town's 2017 Facebook post. *See* DE 14.  The amended complaint stated four claims against both Defendants: (1) direct copyright infringement of the Jupiter Lighthouse photograph; (2) contributory or vicarious copyright infringement; (3) removal of CMI from the Jupiter Lighthouse photograph; and (4) direct copyright infringement of the Sailfish Point photograph. *See* DE 14.

A few days after filing the amended complaint, Affordable Aerial filed a notice informing the Court that it had settled its claims against Witkowski. *See* DE 15.  Witkowski's settlement left Beach Town as the only Defendant in the lawsuit, but the claims remained the same—meaning Affordable Aerial continued to allege copyright infringement based on Witkowski's social media posts. *See* DE 14.  The parties did not engage in any discovery. *See* DE 30 at 3; DE 35 at 1.  The record is scant.  It primarily consists of screenshots from websites (previously attached as exhibits to the complaints) and affidavits from four individuals: Kirk Anderson (Beach Town's CEO), Witkoski, Robert Stevens (Affordable Aerial's founder and photographer), and Terry Sanks (Affordable Aerial's lawyer in this case). *See* DE 36-1; DE 36-2; DE 54-1; DE 54-2.  There is no deposition testimony or written discovery, including internal documents from either party.  Despite having done no discovery, the parties filed cross-motions for summary judgment on all claims. *See* DE 30; DE 50.

## II.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is proper if the record evidence shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Grayson v. Warden, Comm'r, Ala. Dep't of Corr.*, 869 F.3d 1204, 1220 (11th Cir. 2017) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The moving party has the initial burden of showing the absence of a genuine issue as to any

material fact. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Once the moving party satisfies its initial burden, the burden shifts to the non-moving party to present evidence showing a genuine issue of material fact that precludes summary judgment. *See Bailey v. Allgas, Inc.*, 284 F.3d 1237, 1243 (11th Cir. 2002).

In reviewing a motion for summary judgment, the court must "view all of the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." *Furcon v. Mail Centers Plus, LLC*, 843 F.3d 1295, 1304 (11th Cir. 2016) (quoting *FindWhat Investor Grp. v. FindWhat.com*, 658 F.3d 1282, 1307 (11th Cir. 2011)). Thus, a district court "may not weigh conflicting evidence or make credibility determinations" when reviewing a motion for summary judgment. *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1292 (11th Cir. 2012) (citing *FindWhat Investor Grp.*, 658 F.3d at 1307). Where the non-moving party presents facts that contradict the facts set forth by the moving party, the motion must be denied, assuming the facts in dispute are material. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).

At the summary judgment stage, parties must support their factual assertions by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). When parties rely on affidavits, those affidavits "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

### III. ANALYSIS

Both parties move for summary judgment on each of Plaintiff's four claims: (1) direct copyright infringement of the Jupiter Lighthouse photograph; (2) contributory or vicarious infringement; (3) removal of copyright management information from the Jupiter Lighthouse

photograph; and (4) direct copyright infringement of the Sailfish Point Marina photograph. The Court addresses each claim in turn.

**3.      Count I: Direct Copyright Infringement (Jupiter Lighthouse Photograph)**

Count I alleges that Beach Town knowingly and willfully "copied, altered, displayed, and/or distributed" the Jupiter Lighthouse photograph in violation of 17 U.S.C. § 501. DE 14 ¶¶ 45, 47. "To establish a claim of copyright infringement, a plaintiff must show two elements: '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Pohl v. MH Sub I LLC*, 770 F. App'x 482, 486 (11th Cir. 2019) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991)). "To satisfy [the] first prong, a plaintiff must prove that the work is original and that he complied with applicable statutory formalities for copyrights." *Id.* (quoting *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1541 (11th Cir. 1996)). "To satisfy [the] second prong, a plaintiff must establish, as a factual matter, that the alleged infringer actually copied plaintiff's copyrighted material." *Id.* (quoting *Bateman*, 79 F.3d at 1541); *see also Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005) (explaining the difference between direct, vicarious, and contributory copyright infringement).

Affordable Aerial has not cited evidence from which a jury could conclude that Beach Town "actually copied" the Jupiter Lighthouse photograph. In its summary judgment briefs, Affordable Aerial cited two exhibits in support of Count I. *See* DE 30 at 8–9. Both are screenshots from Witkowski's social media profiles. *See* DE 30-3 at 4; DE 30-5. The screenshots show that Witkowski posted the Jupiter Lighthouse photograph on his Facebook and Instagram accounts on January 25, 2023. *See* DE 30-3 at 4; DE 30-5. Neither one of those screenshots are of Beach Town's website or social media sites. Based on Witkowski's posts, Affordable Aerial concludes that *Beach Town* unlawfully distributed a copyrighted work or, at least, that Affordable Aerial raised a genuine dispute of material fact on this element. *See* DE 30 at 9. Viewing these

screenshots in the light most favorable to Affordable Aerial, and drawing all reasonable inferences in its favor, a jury could not reasonably conclude that *Beach Town* directly infringed upon the Jupiter Lighthouse copyright. Witkowski's social media posts cannot support a direct infringement claim against Beach Town. The Court therefore grants Beach Town's Motion for Summary Judgment on Count I.

**4. Count II: Secondary Liability for Copyright Infringement (Jupiter Lighthouse Photograph)**

Count II alleges that Beach Town "knowingly induced, participated in, aided and abetted in, and profited from the illegal copying, reproduction, and distribution" of the Jupiter Lighthouse photograph in violation of 17 U.S.C. § 501. DE 14 ¶ 54; *see also* DE 30 at 10. It further alleges that Beach Town is "vicariously liable for the infringement . . . because [it] had the ability to supervise the infringing conduct and had a direct financial interest in the infringing conduct." *Id.* ¶ 55. A defendant may be secondarily liable for copyright infringement even if it did not directly infringe on the copyright. *See Metro-Goldwyn-Mayer*, 545 U.S. at 930. There are different kinds of secondary liability for copyright infringement, including vicarious and contributory liability. *See id.* Contributory infringement occurs when a defendant "intentionally induc[es] or encourage[es] direct infringement." *Id.*; *see also BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 489 F.3d 1129, 1138 n.19 (11th Cir. 2007) ("Contributory copyright infringement refers to the intentional inducement, causation or material contribution to another's infringing conduct." (citing *Greenberg v. Nat'l Geographic Soc'y*, 244 F.3d 1267, 1271 n.6 (11th Cir.2001))). Vicarious infringement occurs when a defendant "profit[s] from direct infringement while declining to exercise a right to stop or limit it." *Metro-Goldwyn-Mayer*, 545 U.S. at 930; *see also BUC Int'l Corp.*, 489 F.3d at 1138 n.19 ("Liability for vicarious copyright infringement arises 'when the defendant profits directly from the infringement and has a right and ability to supervise the direct

infringer, even if the defendant initially lacks knowledge of the infringement.'" (citing *Metro-Goldwyn-Mayer*, 545 U.S. at 931 n.9)).

      a) <u>Contributory Infringement</u>[2]

Affordable Aerial does not cite any evidence from which a jury could conclude that Beach Town "intentionally induc[ed] or encourage[ed] direct infringement." The only record evidence on this issue is Beach Town's CEO's affidavit, stating that Beach Town "was not involved in, nor did it induce, cause, or in any way contribute to the posting of the accused image on Mr. Witkowski's personal" social media accounts. DE 36-1 ¶ 11. Affordable Aerial has not cited any evidence to dispute this fact. To the extent Count II alleges contributory infringement, there is no record evidence to support that claim.

      b) <u>Vicarious Infringement</u>

Nor does the record support Affordable Aerial's theory of vicarious infringement. To succeed on this theory, Affordable Aerial must establish (1) Beach Town had the right and ability to supervise Witkowski, and (2) Beach Town profited from Witkowski's direct infringement. *See BUC Int'l Corp.*, 489 F.3d at 1138 n.19. The first prong, "right and ability to supervise," involves more than "the potential to control" the infringer. *Klein & Heuchan, Inc. v. Costar Realty Info., Inc.*, 707 F. Supp. 2d 1287, 1297 (M.D. Fla. 2010), *aff'd*, 425 F. App'x 833 (11th Cir. 2011). Although a real estate agency may be vicariously liable for its agent's actions, even if the agent is an independent contractor, there must be some evidence of the nature and scope of the control and supervision. *See id.* (finding supervision element met in case involving real estate agency and its agent, even though the agent was an independent contractor, because the plaintiff presented evidence at trial establishing that the agency "provided . . . office space, held weekly sales

---

[2] Although Count II is styled as "Contributory/Vicarious Infringement," DE 14 at 8, Affordable Aerial does not meaningfully argue this theory of liability in its summary judgment briefs. *See* DE 30 at 10–11; DE 53 at 9–12. The Court nonetheless addresses it based on evidence each party cites in their summary judgment briefs.

meetings, controlled [the agent's] listings, and in general exercised supervisory control"). As to the second prong, profiting from direct infringement, "not every benefit is a direct financial benefit." *Klein & Heuchan*, 707 F. Supp. 2d at 1300. There must be a "causal relationship" between the infringing conduct and the defendant's financial gain. *Id.*

Viewing all evidence in the light most favorable to Affordable Aerial, and making reasonable inferences in its favor, there are no genuine disputes of material fact on Affordable Aerial's vicarious infringement claim. The affidavits from Beach Town's CEO and from Witkowski assert the following facts:

- Witkowski is an independent contractor for Beach Town, *see* DE 36-1 ¶¶ 4–5; DE 36-2 ¶ 3;
- Prior to this lawsuit, Beach Town did not know about the allegedly infringing social media posts, DE 36-1 ¶ 7;
- Witkowski posted the photographs on his personal social media accounts, and Beach Town did not control, monitor, or oversee those accounts, *see* DE 36-1 ¶¶ 8–9, 12; DE 36-2 ¶¶ 5–6;
- Witkowski hired an independent marketing contractor,[3] and that contractor selected the photographs that Witkowski posted on his social media accounts, DE 36-2 ¶ 7;
- Beach Town did not know that Witkowski used an independent marketing contractor to assist with social media marketing, DE 36-1 ¶ 10;
- Beach Town did not directly or indirectly benefit from Witkowski's social media posts, and it did not make any money from the alleged infringement. *Id.* ¶¶ 15–16. According to Beach Town, Witkowski never sold any properties while working as an independent contractor for Beach Town (and therefore never made any money for Beach Town). *Id.* ¶ 17.

To rebut these facts, Affordable Aerial cites five pieces of evidence. *See* DE 30 at 10; DE 53 at 10–11. *First*, it cites Witkowski's LinkedIn profile. DE 53-2. Witkowski's profile provides his contact information, including an email address with the domain "@beachtownrealestate.com."

---

[3] Affordable Aerial takes issue with these affidavits, claiming Beach Town and Witkowski failed to identify any marketing contractor in their Rule 26 disclosures as an individual who may have knowledge about this case. *See* DE 53 at 14. As discussed below, even without this fact, Affordable Aerial has not pointed to evidence to dispute the facts as presented by Beach Town. But it also appears that Beach Town *did* disclose this potential witness. *See* DE 54-1 at 7. Beach Town's Rule 26 disclosures listed the alleged independent marketing contractor, although the disclosures did not identify the subject of possible knowledge. *See id.*; *see also* Fed. R. Civ. P. 26(a)(1)(A)(i).

*Id.* Aside from his email address, Witkowski's profile does not mention Beach Town. *See id.* His profile simply says he is a real estate agent, he is a business owner, and he uses the website "buyandsellwithryan.com." *Id.* *Second*, Affordable Aerial cites Beach Town's website. *See* DE 53-1. The website lists Beach Town's agents, including Witkowski. *Id.* at 3. *Third*, Affordable Aerial cites one of Witkowski's Facebook posts, which included a photograph of Beach Town's logo. *See* DE 30-3 at 3. *Fourth*, Affordable Aerial cites screenshots of Witkowski's allegedly infringing social media posts. *See* DE 30-3; DE 30-5. *Finally*, Affordable Aerial attached a declaration from its photographer, Robert Stevens. *See* DE 54-1 ¶ 2. In that declaration, Stevens states "[t]o the best of [his] knowledge, Beach Town . . . benefited" from Witkowski's social media posts because the posts "solicit[ed] and advertis[ed] business" on behalf of Beach Town. DE 54-1 ¶ 14.

At most, the website, social media posts, and LinkedIn profile suggest that Witkowski sold properties on behalf of Beach Town, and he worked with or for Beach Town in some capacity. While this evidence arguably rebuts Beach Town's assertion that Witkowski was an independent contractor, that fact is not material. Even if Witkowski was an employee, the evidence Affordable Aerial cites does not support the inference that Beach Town had the "right and ability to supervise" Witkowski's personal social media accounts. And Affordable Aerial has not cited any evidence to rebut the affidavit stating that Beach Town did not profit from the allegedly infringing social media posts. Affordable Aerial cites one piece of evidence on that issue: Stevens's affidavit. But the Court gives that portion of the affidavit no weight because, as Stevens admits, he has no personal knowledge of Beach Town's direct benefit (if any). *See* Fed. R. Civ. P. 56(c)(4) (affidavits submitted with summary judgment briefs "must be made on personal knowledge").

Affordable Aerial has not raised any genuine disputes of material fact on its vicarious infringement claim. The Court therefore grants Beach Town's Motion for Summary Judgment on Count II.

**5.     Count III: Removal of Copyright Management Information (Jupiter Lighthouse Photograph)**

Count III alleges that Beach Town "knowingly, and with the intent to enable or facilitate copyright infringement, removed" the copyright management information ("CMI") from the Jupiter Lighthouse photograph before reproducing the photograph and disseminating it to the public in violation the Digital Millenium Copyright Act ("DMCA"), 17 U.S.C. § 1202. DE 14 ¶ 60. To succeed on a CMI-removal claim, the plaintiff must establish two elements. First, the plaintiff must establish that the defendant either (1) intentionally removed CMI, or (2) distributed copyrighted works knowing that the CMI was removed. *Victor Elias Photography, LLC v. Ice Portal, Inc.*, No. 19-cv-62173, 2021 WL 2384618, at*3 (S.D. Fla. May 3, 2021), *aff'd*, 43 F.4th 1313 (11th Cir. 2022) (citing *Mango v. BuzzFeed, Inc.*, 970 F.3d 167, 171 (2d Cir. 2020)). Second, whether the defendant personally removed CMI or distributed a work knowing CMI was removed, the plaintiff must also show that the defendant had actual or constructive knowledge that distribution would induce, enable, facilitate, or conceal an infringement. *Id.* (citing *Mango*, 970 F.3d at 171). In cases where the defendant did not directly remove the CMI, courts call this a "double-scienter" requirement; the defendant knew CMI was removed and knew that distributing the work would facilitate infringement. *See id.*

Beach Town relies on its CEO's affidavit, which stated that Beach Town did not have "any knowledge of, or any participation in, the alleged removal of 'CMI'" from the Jupiter Lighthouse photograph. DE 36-1 ¶ 14. That affidavit further stated that Beach Town was not aware of the

10

allegedly infringing social media posts until this lawsuit. *See id.* ¶ 7. In response, Affordable Aerial cites the following evidence:

- The copyright registration for the Jupiter Lighthouse photograph, DE 53-3;
- The original copyrighted work with the CMI in the bottom left corner, DE 30-1;
- Screenshots of Witkowski's social media posts of the Jupiter Lighthouse photograph, neither of which contained the CMI, DE 30-3; DE 30-5; DE 53-3; *see also* DE 30-6 and DE 53-4 (side-by-side comparison of the image with and without the CMI);

*See also* DE 30 at 11–12; DE 53 at 12–13. Affordable Aerial also cites screenshots of Beach Town's official Facebook page as evidence that Beach Town had a pattern of using Affordable Aerial's copyrighted images without the original CMI. *See* DE 53 at 13; DE 54-1 ¶ 15. However, almost every one of the photographs in those Facebook posts clearly displays Affordable Aerial's CMI in the bottom left corner. *See* DE 54-4 at 7–14, 15–21; DE 30-4. Accordingly, that evidence does not support Affordable Aerial's proposition that Beach Town had a "pattern" of removing CMI from copyrighted works.

None of Affordable Aerial's evidence creates a genuine dispute of *material* fact. Affordable Aerial seems to admit that it does not have any evidence that Beach Town removed the CMI itself. *See* DE 53 at 12. Nor does the record show, or support the reasonable inference, that Beach Town *distributed* the copyrighted material *knowing* someone had removed the CMI. *See supra* Part III.1. Affordable Aerial makes the same scienter arguments as it did for vicarious liability—that Witkowski was a Beach Town real estate agent, that Beach Town supervised Witkowski, and that Beach Town financially benefitted from the alleged infringement. *See* DE 53 at 13. As explained above, Affordable Aerial does not present evidence (disputed or undisputed) to support those facts and inferences. Based on the record before the Court, no reasonable jury could conclude that Beach Town distributed the Jupiter Lighthouse photograph while knowing that someone removed the CMI and knowing that distribution would enable or conceal the alleged

11

infringement. The Court therefore grants Beach Town's Motion for Summary Judgment on Count III.

### 6. Count IV: Direct Infringement (Sailfish Point Marina Photograph)

Count IV alleges that Beach Town itself "copied, altered, displayed, and/or distributed the Sailfish Marina" photograph on Beach Town's official Facebook page in February 2017 in violation of 17 U.S.C. § 501. DE 14 at 7, 11. This is a direct infringement claim with the same elements discussed above. *See supra* Part III.1. Beach Town raises a host of arguments against this claim: (1) Affordable Aerial added this claim in an Amended Complaint without seeking leave of Court, making the pleading inoperative; (2) the claim is barred by the statute of limitations; (3) Affordable Aerial does not have any admissible evidence of damages, and statutory damages are barred. *See* DE 50 at 9–16. The Court concludes that the claim is untimely. It therefore does not address alleged pleading errors or the damages element.

The Copyright Act imposes a three-year statute of limitations on infringement claims. *See* 17 U.S.C. § 507(b). "The copyright statute of limitations runs from the day that a claim 'accrues.'" *Nealy v. Warner Chappell Music, Inc.*, 60 F.4th 1325, 1330 (11th Cir. 2023), *cert. granted in part*, 144 S. Ct. 478 (2023), *and aff'd*, 601 U.S. 366 (2024). "[T]here are two recognized rules for determining that [accrual] date: the discovery rule and the injury rule." *Id.* "[U]nder the injury rule, a copyright plaintiff's claim accrues when the harm, that is, the infringement, occurs, no matter when the plaintiff learns of it." *Id.* (citing *Petrella v. Metro-Goldwyn-Mayer*, 572 U.S. 663, 670 (2014)). "Under the discovery rule, a claim 'accrues when the plaintiff learns, or should as a reasonable person have learned, that the defendant was violating his' rights." *Id.* (citing *Webster v. Dean Guitars*, 955 F.3d 1270, 1276 (11th Cir. 2020)). "[N]either the Supreme Court nor the Eleventh Circuit has ruled definitively on what test for 'accrual' applies in copyright infringement claims." *Tomelleri v. Natale*, No. 19-cv-81080, 2022 WL 2341237, at *2 (S.D. Fla. Feb. 18, 2022).

12

However, as both parties acknowledge, the trend in this District is to apply the discovery rule. *See* DE 50 at 12; DE 53 at 19; *see also Affordable Aerial Photography, Inc. v. Prop. Matters USA, LLC*, No. 22-cv-14296-CIV, 2023 WL 4345337, at *2 (S.D. Fla. July 5, 2023), *aff'd*, 108 F.4th 1358 (11th Cir. 2024) ("[C]ourts in this district have 'consistently applied' the discovery rule to copyright infringement actions."); *Tomelleri*, 2022 WL 2341237, at *2 (collecting cases); *Sieger Suarez Architectural P'ship, Inc. v. Arquitectonica Int'l Corp.*, 998 F. Supp. 2d 1340, 1355 (S.D. Fla. 2014) (same). The Court joins the long line of cases applying the discovery rule to copyright infringement claims like this one. Accordingly, Affordable Aerial's claim is timely if brought within three years of the date when it "learned of or, in the exercise of reasonable diligence, should have learned of [the] alleged infringement." *Sieger*, 998 F. Supp. 2d at 1355.

On February 16, 2017, Beach Town posted the Sailfish Marina photograph on its official Facebook page. *See* DE 30-4. In its opposition brief, Affordable Aerial says it "first learned of the infringing use of the 'Sailfish Point Marina' . . . after suit was already filed in 2024." DE 53 at 18. Affordable Aerial cites a single piece of evidence in support of this assertion—Stevens's declaration. *See id.* That declaration *does not say* when Stevens/Affordable Aerial first discovered Beach Town's 2017 Facebook post. *See* DE 54-1 ¶ 16. Stevens says, on June 25, 2024, he discovered eleven Facebook posts in which Beach Town used his photographs. *Id.* ¶ 15. The declaration does not say whether he discovered the post with the Sailfish Marine photograph on June 24, 2024. *See id.* However, viewing the evidence in the light most favorable to Affordable Aerial, one could reasonably infer that Stevens discovered the allegedly infringing Facebook post on June 24, 2024. Affordable Aerial amended its complaint to add Count IV about a month later, on August 5, 2024. *See* DE 14.

But the analysis does not stop there. The discovery rule is not a bright-line test in which the claim accrues on the date of actual discovery. Rather, the claim accrues when Affordable

13

Aerial "learned of or, in the exercise of reasonable diligence, *should have learned of* [the] alleged infringement." *Sieger*, 998 F. Supp. 2d at 1355 (emphasis added).  Under this rule, if, using reasonable diligence, Affordable Aerial should have discovered the allegedly infringing post more than three years before the Amended Complaint, its copyright infringement claim is barred as untimely. *See id.*  The undisputed facts support only one conclusion:  Affordable Aerial should have discovered the post more than three years before this litigation.  Affordable Aerial admits that Beach Town's Facebook page "was publicly accessible at all times between February 16, 2017, and [Affordable Aerial's] discovery of that image" in June 2024. DE 51-3 ¶ 4; *see also* DE 53 at 18 (admitting that "Beach Town did not conceal the page and that it was always open to the public").  Affordable Aerial has been vigorously enforcing its copyright interests in this District since at least 2017.[4]  Under those circumstances, Affordable Aerial, using reasonable diligence, should have discovered the Sailfish Marina Facebook post prior to August 4, 2021. *See, e.g.*, *Potiker v. Gasiunasen Gallery*, No. 09-cv-82356, 2010 WL 2949943, at *3 (S.D. Fla. July 26, 2010) (assuming discovery rule applied, art collector should have discovered sculpture was a counterfeit years earlier because someone spending significant sums on art would have gotten an appraisal and discovered the sculpture's inauthenticity).  This claim is therefore barred by the statute of limitations, and the Court grants Beach Town's Motion for Summary Judgment on Count IV.

* * *

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Defendant Beach Town Real Estate, LLC's Motion for Summary Judgment [DE 50] is **GRANTED**.  Accordingly, Plaintiff

---

[4] The Court may take judicial notice of Affordable Aerial's prior copyright infringement lawsuits. *See* Fed. R. Evid. 201(b)(1), (c)(1); *Daker v. Laidler*, No. 22-12109, 2024 WL 2891084, at *2 n.2 (11th Cir. June 10, 2024). Affordable Aerial has filed over 150 copyright infringement claims in this District since 2017. Many of those cases involved Palm Beach real estate agencies like Beach Town. *See, e.g.*, *Affordable Aerial Photography, Inc. v. Signature Properties of the Palm Beaches, LLC*, No. 19-cv-80820 (S.D. Fla. 2019).

Affordable Aerial Photography, Inc.'s Motion for Summary Judgment [DE 30] is **DENIED**. Defendant shall submit a proposed final judgment in Microsoft Word format within two business days of the date of rendition of this order at rosenberg@flsd.uscourts.gov. As no active claims remain in this case, the Clerk of the Court shall mark the case as **CLOSED**. All other pending motions are **DENIED AS MOOT**.

    **DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 27th day of February, 2025.

                                                            ROBIN L. ROSENBERG
                                                            UNITED STATES DISTRICT JUDGE