**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

**CASE NO.: 9:24-cv-80423-RLR**

AFFORDABLE AERIAL PHOTOGRAPHY,
INC., a Florida Corporation,

       **Plaintiff,**

v.

RYAN WITKOWSKI, an Individual, and
BEACH TOWN REAL ESTATE, CCL, a
Florida Limited Liability Company,

       **Defendants.**

_____/

## PLAINTIFF'S MOTION TO ALTER OR AMEND OR FOR RELIEF FROM JUDGMENT

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................1

II.   FACTUAL BACKGROUND .............................................1

III.  PROCEDURAL BACKGROUND ....................................3

IV.  SUMMARY JUDGMENT BACKGROUND...................4

V.   LEGAL STANDARD .......................................................5

VI.  ARGUMENT ....................................................................6

   I.   **The Court Improperly Applied the Standard as to Both Theories of Secondary Liability Resulting in Error and Manifest Injustice With its Final Judgment of Count II.** 6

     a)   **There Was Record Evidence Provided in Support of Plaintiff's Contributory Infringement Claim such that Any Determination Otherwise Was in Error.** ...............7

     b)   **There Remains a Dispute of Material Fact as It Relates to the Vicarious Infringement Claim, thus, any Determination to the Contrary is in Error and Results in Manifest Injustice.**........................................................................9

   II.  **The Court Improperly Applied the Discovery Rule and Introduced Novel Facts Resulting in Clear Error and Manifest Injustice in its Final Judgment of Count IV.** .....11

     a)   **Plaintiff's Claim of Copyright Infringement in Count IV Remains Within the Statute of Limitations, and the Court Erroneously Extended the Discovery Rule.** .....12

     b)   **The Court's Conclusion as it Relates to Plaintiff's Prior Litigation and "Reasonable Diligence" is Baseless, Places an Unrealistic Expectation on Copyright Owners, and Lead to a Clearly Erroneous and Unjust Result.** ................................15

   III.  **The Court's Decision Regarding Count I and Count III Warrant Reconsideration in Light of Challenged Evidence and Spoilation Issues.** ...............................................20

VII.  CONCLUSION ...............................................................20

VIII.  REQUEST FOR HEARING ........................................21

# TABLE OF AUTHORITIES

## CASES

*Affordable Aerial Photography, Inc. v. Illustrated Props. Real Estate*, 2016 U.S. Dist. LEXIS 58366 *1 (S.D. Fla. 2016)................................................................................................ 11

*Affordable Aerial Photography, Inc. v. Property Matters USA, LLC, and Home Junction, Inc.*, 22-cv-14296-Cannon/McCabe, 2023 U.S. Dist. LEXIS 115171 *1 (S.D. Fla. 2023).......... 17

*Am. Bd. of Internal Med. v. Rushford*, 841 F. App'x 440 (3d Cir. 2020)............................. 14

*Arthur v. King*, 500 F.3d 1335 (11th Cir. 2007)....................................................................... 6

*Brandon v. Warner Bros Records*, No. 15-22738-CIV, 2015 U.S. Dist. LEXIS 190564 (S.D. Fla. Dec. 15, 2015)................................................................................................... 13

*BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 489 F.3d 1129 (11th Cir. 2007)…................... 6, 9

*Calhoun v. Lillenas Pub.*, 298 F.3d 1228 (11th Cir. 2002)................................................. 13

*Design Basics, LLC v. Chelsea Lumber Co.*, 977 F. Supp. 2d 714 (E.D. Mich. 2013)............. 19

*Duncanson v. Wathen*, No. 6:14-cv-704-Orl-40KRS, 2016 U.S. Dist. LEXIS 183674, *1 (M.D. Fla. 2016)...................................................................................................... 13

*Fioranelli v. CBS Broad. Inc.*, 551 F. Supp. 3d 199 (S.D.N.Y. 2021)................................ 18

*Frerck v. John Wiley & Sons, Inc.*, No. 11-cv-2727, 2014 U.S. Dist. LEXIS 95099, *1 (N.D. Ill. July 14, 2014)............................................................................................... 18

*Graylock v. Trust Couns, PLLC*, 2023 U.S. Dist. LEXIS 242888 *1 (S.D. Fla. 2023).............. 7

*Hirsch v. Rehs Galleries, Inc.*, No. 18-CV-11864 (VSB), 2020 U.S. Dist. LEXIS 32926, at *3 (S.D.N.Y. Feb. 26, 2020)............................................................................................... 18

*Home Design Servs. v. Hibiscus Homes of Fla., Inc.*, No. 6:03-cv-1860-Orl-19KRS, 2005 U.S. Dist. LEXIS 32788, at *24 (M.D. Fla. 2005)................................................................ 13

*Klein & Heuchan, Inc. v. Costar Realty Info., Inc.*, 707 F. Supp. 2d 1287, 1297 (M.D. Fla. 2010), aff'd, 425 F. App'x 833 (11th Cir. 2011)........................................................... 9

*Lorentz v. Sunshine Health Prods.*, No. 09-61529-CIV-MORE, 2010 U.S. Dist. LEXIS 101019, at *14 (S.D. Fla. 2010)................................................................................................ 13

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005)........................ 6

*Michael Grecco Productions, Inc. v. RADesign, Inc.*, 112 F.4th 144, 2024 U.S. App. LEXIS 20745, 2024 U.S.P.Q.2D (BNA) 1478, 2024 WL 3836578............................................ 6

*Michael Linet, Inc. v. Vill of Wellington, Fla.*, 408 F.3d 757 (11th Cir. 2005)...................... 6

*Minden Pictures, Inc. v. Conversation Prints, LLC*, No. 20-12542, 2022 U.S. Dist. LEXIS 179602, *1 (E.D. Mich. Sep. 30, 2022)...................................................................... 18

*Music v. Atl. Recording Corp.*, No. 1:18-cv-25474-RAR, 2021 U.S. Dist. LEXIS 43980, *1 (S.D. Fla. 2021)........................................................................................................ 13

*Nealy v. Warner Chappell Music, Inc.*, 60 F. 4th 1325 (11th Cir. 2023)............................. 11

*O'Neal v. Kennamer*, 958 F.2d 1044 (11th Cir. 1992)......................................................... 6

*On Top Records Corp. v. Sunflower Entm't Co.*, No. 1:15-cv-22664-UU, 2015 U.S. Dist. LEXIS 190973, *1 (S.D. Fla. 2015)............................................................................. 13

*Parisienne v. Scripps Media, Inc.*, 2021 U.S. Dist. LEXIS 154960, *1 (S.D.N.Y. Aug. 17, 2021).................................................................................................................... 18

*Payne v. Essential Media Grp. LLC*, 2024 U.S. Dist. LEXIS 102118, 2024 U.S.P.Q.2D (BNA) 1043, 2024 WL 2880727...................................................................................... 14

*Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 667-68, 134 S. Ct. 1962, 188 L. Ed. 2d 979 (2014)................................................................................................. 13

*PK Music Performance, Inc.*, 2018 U.S. Dist. LEXIS 169652, *1 (S.D.N.Y. Sep. 30, 2018)……………………………………………………………………………………………. 18

*Prepared Food Photos, Inc. v. Delvechhio Pizza*, LLC, 2023 U.S. Dist. LEXIS 67252 *1 (S.D. Fla. 2023)………………………………………………………………………………... 14

*Reyher v. Equitable Life Assurance Soc'y,* 900 F. Supp. 428 (M.D. Fla. 1995)…………………... 6

*Richardson v. Johnson,* 598 F.3d 734 (11th Cir. 2010)……………………………………………. 5, 6

*Sieger Suarez Architectural P'ship, Inc. v. Arquitectonica Intern. Corp.*, 998 F. Supp. 2d 1340 (S.D. Fla. 2014)………………………………………………………………………………... 13

*Starz Ent., LLC v. MGM Domestic TV Distribution, LLC,* 39 F. 4th 1236 (9th Cir. 2022)……… 13

*Stone v. Wall,* 135 F.3d 1438 (11th Cir.1998)………………………………………………………. 6

*Tomelleri v. Natale*, No. 9:19-CV-81080, 2022 U.S. Dist. LEXIS 65893 (S.D. Fla. 2022)……... 13

*Walt Disney Co. v. Video 47, Inc.*, 972 F. Supp. 595 (S.D. Fla. 1996)……………………………. 8

*Webster v. Dean Guitars*, 955 F.3d 1270 (11th Cir. 2020)………………………………… 12, 13

*Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347 (S.D. Fla. 2004)…………………………………………………………………………………..... 5, 6

*Wilson v. Kelly*, No. 1:18-CV-05014-JPB, 2020 U.S. Dist. LEXIS 258889, *1 (N.D. Ga. Mar. 5, 2020)………………………………………………………………………………….. 18

## STATUTES

17 U.S.C. § 507(b)………………………………………………………………………….. 11, 14

## RULES

Federal Rules of Civil Procedure
59(e)……………………………………………………………………………... 1, 5, 21
60…………………………………………………………………………………………. 5
60(b) ………………………………………………………………………………... 5

Local Rule
7.01(b)………………………………………………………………………… 20, 21

## I.      INTRODUCTION

Plaintiff, AFFORDABLE AERIAL PHOTOGRAPHY, INC. (herein "Plaintiff" or "Affordable Aerial") respectfully files this motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) ("Motion"). This Motion follows the Court granting summary judgment in favor of Defendant, BEACH TOWN REAL ESTATE, LLC (herein "Defendant" or "Beach Town"). (ECF 60).[1]

## II.      FACTUAL BACKGROUND

Affordable Aerial is a photography company. This case involved two of its copyrighted photographs—one of the Jupiter, Florida, lighthouse and bridge (the "Jupiter Lighthouse" photograph) and one of the Sailfish Point Marina on the Florida coast (the "Sailfish Marina" photograph). *See* ECF 30-1; ECF 30-2; ECF 60 at 1-2. Both photographs contain copyright management information ("CMI") in the bottom lefthand corner. *See* ECF 30-1; ECF 30-2; ECF 60 at 2.

During litigation, Affordable Aerial claimed Mr. Ryan Witkowski and Beach Town infringed upon these copyrights in social media posts. *See* ECF 14. Affordable Aerial also claimed the CMI information was removed from the Jupiter Lighthouse photograph. *See Id.* Finally, Affordable Aerial claimed spoilation issues because Beach Town deleted its Facebook page, thus, resulting in improper deletion of infringing copyright posts after Affordable Aerial requested access to the items. *See Id.* Beach Town's deletion occurred after litigation had commenced and only after being put on notice of infringing activities on its Facebook page. Though multiple requests were made to reinstate its Facebook page, Beach Town did not.

---

[1] On February 27, 2025, counsel for Defendant submitted a proposed final judgment in Microsoft Word format to dispose of all claims in this action pursuant to the instructions at the end of the Court's Order [ECF 60]. Plaintiff anticipates that this order had been accepted by the Court on February 27, 2025, and proceeds under this anticipation.

Based on its assessment at the summary judgment stage, the Court determined certain undisputed facts as follows:

> "[o]n February 16, 2017, Beach Town posted a copy of the Sailfish Marina photograph on its Facebook page. *See* ECF 30-4. The photograph included the CMI at the bottom lefthand side. *See Id.* On January 25, 2023, Witkowski posted a copy of the Jupiter Lighthouse photograph on both his Facebook and Instagram accounts. *See* ECF 30-3 at 4; ECF 30-5. The photographs in those posts did not display the CMI. *See* ECF 30-3 at 4; ECF 30-5."

(ECF 60 at 2). The Court also noted that:

> "[b]ecause the posts were on different social media accounts, the parties focus on Witkowski's relationship with Beach Town and, relatedly, whether Beach Town could control Witkowski's social media posts. [*See* ECF 50 at 11; ECF 53 at 10.] Witkowski is a real estate agent associated with Beach Town. *See* ECF 30-3[; ECF 53-1] The [P]arties dispute whether Witkowski was an employee or an independent contractor. *See* ECF 36-1 ¶¶ 4–5; ECF 36-2 ¶ 3; ECF 53-2[; ECF 30 at 10.] Beach Town's website lists Witkowski as one of its agents. *See* ECF 53-1 at 3. Witkowski used an email address with the domain '@beachtownrealestate.com.' ECF 53-2. He listed his website as 'buyandsellwithryan.com.' *Id.* His Facebook profile used the name 'Ryan Witkowski – Real Estate,' and used a professional headshot as his profile picture. *See* ECF 30-3 at 4. His Instagram account used the handle '@ryanwitkowskirealtor.' ECF 30-5."

(ECF 60 at 2).[2]

In addition to the above, the Parties presented facts surrounding whether Mr. Witkowski's social media gave an overall net impression that consumers were dealing directly with Beach Town's real estate company. *See* ECF 53 at 10 and 11. Mr. Witkowski's Facebook profile prominently displayed Defendant's name and logo alongside his domain "@beachtownrealestate.com." *See* ECF 30-3; ECF 53-2. Then, Mr. Witkowski's only advertised listings on behalf of Beach Town on these pages. *See* ECF 30-3; ECF 53-2.

Finally, the Parties presented facts surrounding the scope and/or extent of Beach Town's use of Affordable Aerial's photography. Specifically, by taking down its Facebook page, Affordable Aerial claimed that Beach Town took down additional acts of copyright infringement of other works upon being put on notice of investigation of these infringing acts in July of 2024.

---

[2]In its decision and analysis, the Court entered incomplete or miscites to the record that bear require correction. When quoting or discussing the Court's ruling, Plaintiff attempts to clarify the record as reasonably necessary.

*See* ECF 30 at 12 and 13; ECF 42-1 ¶¶ 15-16; ECF 53 at 13; ECF 54-7 at 2 – 4. Beach Town did not address these arguments within its summary judgment motion. Instead, Beach Town raised novel defenses related to its alleged "license(s)" to use Affordable Aerial's content. *See* ECF 50 at 20; ECF 51-3 ¶¶ 12-13. Affordable Aerial disputed any "license" due to lack of evidence and discussions with Beach Town's prior counsel informing that no such license existed. *See* ECF 53 at 24 and 25; ECF 55-1 ¶¶ 4-5; ECF 54-7 at 2 – 4.

### III.    PROCEDURAL BACKGROUND

On April 8, 2024, Plaintiff filed its Complaint for Copyright Infringement against Defendant reflecting Count I for Direct Copyright Infringement of the Jupiter Lighthouse photograph, Count II for Contributory/Vicarious Infringement of the Jupiter Lighthouse photograph, and Count III for Removal of Copyright Management Information from the Jupiter Lighthouse photograph. *See* ECF No. 1. On May 1, 2024, Defendant filed its Answer and Affirmative Defenses to the Complaint. *See* ECF No. 10.

On June 27, 2024, Plaintiff issued a letter to Defendant regarding fifteen (15) additional infringements found through Defendant's investigation, which included the infringement of the Sailfish Marina photograph. *See* 42-1 at ¶ 11. By July 18, 2024, the Parties met and conferred, placing Defendant on notice of the incoming amendments to the Complaint. *See* 42-2 at ¶ 6. Following this, on August 5, 2024, Plaintiff filed its First Amended Complaint reflecting new allegations and Count IV for Direct Copyright Infringement of the Sailfish Marina photograph. *See* ECF 14. By October 1, 2024, Defendant filed its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint. *See* ECF No. 23. During litigation, the Parties did not engage in any discovery. *See* ECF 30 at 3; ECF 35 at 1; ECF 60 at 3.

## IV.    SUMMARY JUDGMENT BACKGROUND

The Parties filed cross-motions for summary judgment on all claims. *See* ECF 30; ECF 50. On February 27, 2025, the Court entered its "ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT" (hereafter the "Order"). *See* ECF No. 60, p. 6, 7, 11, 12, and 14. In the Order, the Court concluded as a matter of law: (1) that a jury could not reasonably conclude that Beach Town directly infringed upon the Jupiter Lighthouse copyright regarding Count I; (2) that there was no record evidence for Plaintiff to support its contributory infringement claim in Count II; (3.) that there were no genuine disputes of material facts on the vicarious infringement claim in Count III; (4.) that no reasonable jury could conclude that Beach Town distributed the Jupiter Lighthouse photograph while knowing that someone removed the CMI and knowing that distribution would enable or conceal the alleged infringement in Count III; and (5) that the claim for direct infringement of the Sailfish Point Marina Photograph was barred by the copyright statute of limitations in Count IV. *See* ECF No. 60, p. 6, 7, 11, 12, and 14.

On the secondary liability issue for Count II, the Court determined that Affordable Aerial had not cited any evidence to dispute Beach Town's CEO's affidavit claiming that Beach Town "BTRE was not involved in, nor did it induce, cause, or in any way contribute to the posting of the accused image on Mr. Witkowski's" social media accounts. *See* ECF 36-11 ¶ 11; ECF 60 at 7. Similarly, in its analysis of vicarious infringement, the Court determined that Affordable Aerial had not cited any evidence to rebut the affidavits of Beach Town. *See* ECF No. 60 at 9. Further, where Affordable Aerial cited evidence or produced its own affidavits to the contrary, the Court determined that the facts were either immaterial or provided no weight. *See* ECF 60 at 9. For the reasons described herein, Affordable Aerial disagrees with the provided determination and analysis and request the Court to reconsider its analysis of the secondary liability issues.

4

On the statute of limitations issue for Count IV, the Court joined "the long line of cases applying the discovery rule" to the subject copyright infringement claim. *See* ECF No. 60 at 13. In its analysis, the Court acknowledged Affordable Aerial's claim would be timely if brought within three years of the date when Affordable Aerial "learned of **or**, in the exercise of reasonable diligence, should have learned of [the] alleged infringement." *See* ECF No. 60 at 13 (emphasis added). The Court then determined that, "viewing the evidence in the light most favorable to Affordable Aerial, one could reasonably infer that Stevens discovered the allegedly infringing Facebook post on June 24, 2024." *See* ECF No. 60 at 13. For the reasons described herein, Affordable Aerial disagrees with the provided determination and analysis and requests the Court reconsider its analysis of the discovery test regarding a copyright claim's statute of limitations.

## V.      LEGAL STANDARD

Federal Rules of Civil Procedure 59(e) and 60 govern motions for reconsideration. Motions for reconsideration filed within 28 days of a court's judgment are governed by Rule 59(e), whereas motions for reconsideration filed after the 28-day period are governed by Rule 60(b). Fed. R. Civ. P. 59(e) and 60(b). As this motion is brought within 28 days after the entry of the court's judgment, this motion is governed by Fed. R. Civ. P. 59(e).[3]

There are three grounds to justify reconsideration of an earlier order under Fed. R. Civ. P. 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004). A motion for reconsideration "cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir.

---

[3] As previously stated, Plaintiff presumes that Defendant's proposed Order of Final Judgment had been accepted by the Court on February 27, 2025, and files this motion under a good faith belief that the Order of Final Judgment would be dated "February 27, 2025."

2010)(internal citation omitted); *Arthur v. King*, 500 F.3d 1335, 1343-44 (11th Cir. 2007); *Michael Linet, Inc. v. Vill of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005); *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir.1998); *Reyher v. Equitable Life Assurance Soc'y*, 900 F. Supp. 428, 430 (M.D. Fla. 1995); *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992).   Rather, the motion "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Richardson*, 598 F.3d at 740 (internal citation omitted); *Williams*, 320 F. Supp 2d at 1358 (internal citation omitted).

## VI.    ARGUMENT

### I.    The Court Improperly Applied the Standard as to Both Theories of Secondary Liability Resulting in Error and Manifest Injustice With its Ruling on Count II.

In its analysis, the Court acknowledged that "[a] defendant may be secondarily liable for the copyright infringement even if it did not directly infringe on the copyright." *See* ECF 60 at 6; *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005). The Court further acknowledged that "[l]iability for vicarious copyright infringement arises 'when the defendant profits directly from the infringement and has a right and ability to supervise the direct infringer, even if the defendant initially lacks knowledge of the infringement.'" *See BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 489 F.3d 1129, 1138 n.19 (11th Cir. 2007).

In Defendant's motion for summary judgment, Beach Town asserted that Mr. Ryan Witkowski was an independent contractor and not an employee of Beach Town. *See* ECF No. 50 at 7. This claim extended to the reference that Mr. Witkowski's social media were "personal" and that this circumstance meant Defendant did not have the right and/or ability to supervise his acts. *See* ECF No. 50 at 7, 10, and 12; ECF 53 at 10. However, the sole support for Defendant's arguments remains the declarations provided by Beach Town's own CEO and Mr. Witkowski himself. *See* ECF 50 at 12; ECF 53 at 10. Yet, despite the evidence of how much Mr. Witkowski promoted Beach Town on its Facebook page, the fact that Mr. Witkowski was employed by Beach

Town and the fact that Beach Town removed its Facebook Page (which may have shown that each had friended the other), were not taken into consideration.  Likewise, Defendants' declarations were the only cited sources for Defendant's assertion that it did not financially benefit from Mr. Witkowski's social media activity. *See* ECF 50 at 7, 10, and 12; ECF 53 at 10. Yet, it is visibly evident that both Facebook pages were clearly used for promotional purposes. Plaintiff submits that this ruling sets a lower standard of evaluation when compared to the Court's ruling against Plaintiff on Count IV.

a) <u>**There Was Record Evidence Provided in Support of Plaintiff's Contributory Infringement Claim such that Any Determination Otherwise Was in Error.**</u>

When discussing contributory infringement, the Court determined Affordable Aerial had not cited any evidence to dispute Beach Town's CEO's affidavit stating Beach Town "was not involved in, nor did it induce, cause, or in any way contribute to the posting of the accused image on Mr. Witkowski's personal" social media account. *See* ECF 36-11 ¶ 11; ECF 60 at 7.

However, this determination appears in error. Specifically, Affordable Aerial cited a series of evidence in support of the commercial realities of the relationship between Beach Town and Mr. Witkowski. *See* ECF 53 at 10 – 12. This included: (1.) Beach Town's representations on its website regarding Mr. Witkowski; (2.) Mr. Witkowski's Facebook page prominently displaying Beach Town's name and logo; (3.) Mr. Witkowski's contact information reflecting Beach Town's domain at "@beachtownrealestate.com"; and (4.) the content of Mr. Witkowski's the real estate listings reflecting solely an association with Beach Town.  *See* ECF 53 at 10 – 11; ECF 53-1; ECF 53-2.

Moreover, the Court ignored an important part of Plaintiff's argument as it relates to contributory infringement. Namely, courts have determined that "actual knowledge is not required" for contributory infringement and that "[a]ll that must be shown is that [the defendant] had reason to know [of the infringement.]."*See* ECF 53 at 11; *Graylock v. Trust Couns, PLLC*, 2023 U.S. Dist. LEXIS 242888 *1, *8 (S.D. Fla. 2023), *Walt Disney Co. v. Video 47, Inc.*, 972 F.

Supp. 595, 595 (S.D. Fla. 1996). Despite Beach Town's claim that it "lacked knowledge" of the contributory infringement, Beach Town did not present any evidence or testimony as to whether it **did not have reason to know**. *See* ECF 56 at 7 – 8. In fact, Beach Town deleted its Facebook page which may have provided evidence direct knowledge of Witkowski's Facebook page. Meanwhile, as discussed above, Plaintiff presented various items demonstrating not only that Mr. Witkowski and Beach Town had an obvious and open working relationship but also that Mr. Witkowski was holding himself out as a representative of Beach Town. *See* ECF 53 at 10 – 11; ECF 53-1; ECF 53-2. Given the nature of traditional principal and agent relationships combined with the heavy presence of Beach Town on Mr. Witkowski's social media, the only reasonable conclusion to be drawn is that Beach Town, at a minimum, had reason to know about Mr. Witkowski's actions taken on behalf of the company. *See* ECF 53 at 10 – 11; ECF 53-1; ECF 53-2.

Instead of analyzing the available evidence and case law in relation to the issue of contributory infringement, the Court relied solely on an affidavit submitted by Beach Town's CEO to support its conclusion. *See* ECF 36-11 ¶ 11; ECF 60 at 7. This affidavit merely re-states Beach Town position without more. *See* ECF 36-11 ¶ 11; ECF 60 at 7.  Defendant failed to offer any evidence beyond its affidavits in support of its position. S*ee* ECF 36-11 ¶ 11; ECF 50 at 13 - 14; ECF 60 at 7. Defendant further failed to address the nature of Mr. Witkowski's website and failed to explain how explicit representations of a relationship with Beach Town precludes Beach Town's ability to know about Mr. Witkowski's public content and website. S*ee* ECF 36-11 ¶ 11; ECF 50 at 13 - 14; ECF 60 at 7.

Given the above, Plaintiff respectfully submits the Court plainly applied a double-standard in its logic by failing to consider the totality of the case law and evidence presented before it when rendering its decision on this issue. This lack of acknowledgment is made further evident by the Court's assertion that "Affordable Aerial [did] not meaningfully argue this theory of liability in its

summary judgment briefs. *See* ECF 30 at 10 – 11; ECF 53 at 9 – 12" despite simultaneously recognizing that both Parties cited evidence and addressed this theory of infringement in both briefs. *See* ECF 60 at 7, n. 2.

Considering the above, the Court has committed clear errors and produced an unjust result with its determination that there was no record evidence to support Affordable Aerial's claim. Should the Court proceed with its original reasoning, then *both* Plaintiff and Defendant have left the facts in dispute as it relates to the issue of contributory infringement. As a result, Plaintiff respectfully requests that the Court alter or amend its judgment to reflect a dispute of material fact as to the secondary liability issue in Count II.

**b)** **There Remains a Dispute of Material Fact as It Relates to the Vicarious Infringement Claim, thus, any Determination to the Contrary is in Error and Results in Manifest Injustice.**

In its analysis, the Court indicated "Affordable Aerial must establish (1) Beach Town had the right and ability to supervise Witkowski, and (2) Beach Town profited from Witkowski's direct infringement. *See BUC Int'l Corp.*, 489 F.3d at 1138 n.19. The Court affirmed that the "first prong, 'right and ability to supervise,' involves more than 'the potential to control' the infringer. *Klein & Heuchan, Inc. v. Costar Realty Info., Inc.*, 707 F. Supp. 2d 1287, 1297 (M.D. Fla. 2010), aff'd, 425 F. App'x 833 (11th Cir. 2011)." *See* ECF 60 at 7.  The Court further explained that the second prong – profiting from direct infringement – referred to a "causal relationship" between the infringing conduct and the defendant's financial gain. *See Id.*; ECF 60 at 8. The Court also acknowledged that a real estate agency could be vicariously liable for its agent actions, even if the agent was an independent contractor based on evidence of nature and scope of the agency's control and supervision. *See Id.*; ECF 60 at 7.

In its analysis of vicarious infringement, again, the Court relied primarily on the affidavits provided by Beach Town's CEO and by Mr. Witkowski himself. *See* ECF 36-1; 36-2; ECF 60 at

8. Although the Court reviewed Affordable Aerial's arguments and cited evidence, the Court still determined, at most, Mr. Witowski sold properties on behalf of Beach Town and worked with Beach Town in some capacity; it found no evidence supporting the inference that Beach Town had the "right and ability to supervise" Witkowski's personal social media accounts. *See* ECF 60 at 9.

However, again, this determination appears in error as the Court continued to apply a double standard in relation to the weight and presentation of Affordable Aerial's evidence. Despite the Court's own assessment of evidence "arguably rebut[ting] Beach Town's assertion that Witkowski was an independent contractor," the Court failed to see how that fact was material and went as far as to say, "[e]ven if Witkowski was an employee," the evidence does not support an inference of the "right and ability to supervise" Witkowski's social media accounts. *See* ECF 60 at 9. The reality is that Mr. Witkowski's employment status was and is material. This designation goes directly towards the heart of whether Beach Town, as a real estate company, could supervise or control Mr. Witkowski's action in relation to their business, which is why both Parties dispute the status in their respective summary judgment briefs. *See* ECF 30 at 10 – 11; *ECF* 50 at 11 – 14; ECF 53 at 9 – 14; ECF 56 at 8 - 14.

Then, despite acknowledging potential for Mr. Witkowski's to be seen as an employee, the Court did not apply equal weight to Affordable Aerial's evidence as it relates to Beach Town's ability to oversee him. For example, the importance of Mr. Witkowski's public e-mail address with the domain "@beachtownrealestate.com" is not simply that it states "beach town" in the address; rather, the importance lies in the fact that Beach Town, as a company, has the right and ability to supervise all incoming emails due to its status as the domain holder. *See* ECF 53-2; ECF 60 at 9. In its analysis, the Court erroneously stated that Affordable Aerial cites "one of Witkowski's Facebook posts, which included a photograph of Beach Town's logo." *See* ECF 30-3 at 3; ECF 60 at 9. The exhibit demonstrates Mr. Witkowski's publicly available Facebook banner, which is the

first item any individual accessing Mr. Witkowski's page sees and sits as the header of every interlinked page. *See* ECF 30-3 at 2 - 3; 53-2 at 2 – 3. Again, the importance of this item is not that a post merely states Beach Town's name; instead, the item raises the question of whether Beach Town genuinely had the ability to benefit or profit from Mr. Witkowski's subsequent posts on its behalf. At a minimum, these inferences taken in the light most favorable to Affordable Aerial raise a dispute of material fact as to whether Beach Town had the right and ability to supervise Mr. Witkowski's conduct.

Notwithstanding the above, the available case law is clear that an employer "infringes vicariously by profiting from direct infringement **while declining to exercise a right to stop or limit it**." *See* ECF 53 at 9; *Affordable Aerial Photography, Inc. v. Illustrated Props. Real Estate*, 2016 U.S. Dist. LEXIS 58366 *1, *6 (S.D. Fla. 2016) (internal citation omitted). Should the Court proceed with its original reasoning, then *both* Plaintiff and Defendant have left the facts in dispute as it relates to vicarious infringement. As a result, Affordable Aerial respectfully requests that the Court alter or amend its judgment to reflect a dispute of material fact as to the secondary liability.

## II.   The Court Improperly Applied the Discovery Rule and Introduced Novel Facts Resulting in Clear Error and Manifest Injustice in its Final Judgment of Count IV.

Within the Order, the Court accurately sets up the rules as it relates to the Copyright Act and the statute of limitations. Specifically, the Court acknowledges the correct rules that the Copyright Act imposes a three-year statute of limitations on infringement claims and that "[t]he copyright statute of limitations runs from the day that a claim 'accrues.'" *See* ECF 60 at 12; 17 U.S.C. § 507(b); *Nealy v. Warner Chappell Music, Inc.*, 60 F. 4th 1325, 1330 (11th Cir. 2023), cert. granted in part, 144 S. Ct. 478 (2023), and aff'd, 601 U.S. 366 (2024). The Court affirmatively states its position joining "the long line of cases applying the discovery rule" and accurately describes the discovery rule as one dictating "a claim 'accrues when the plaintiff learns, **_or_** should

as a reasonable person have learned, that the defendant was violating his rights." *See* ECF 60 at 12 - 13; *Id.* (citing *Webster v. Dean Guitars*, 955 F.3d 1270, 1276 (11th Cir. 2020))."(emphasis added).

Under this initial framework, the Court accurately assessed Affordable Aerial's claim would be "timely if brought within three years of the date when Affordable Aerial 'learned of **_or_**, in the exercise of reasonable diligence, should have learned of [the] alleged infringement." *See* ECF No. 60 at 13 (emphasis added). As a result, the Court made the reasonable initial determination that when "viewing the evidence in the light most favorable to Affordable Aerial, one could reasonably infer that Stevens discovered the allegedly infringing Facebook post on June 24, 2024." *See* ECF No. 60 at 13.

Despite initially properly applying its analysis of the discovery rule, Plaintiff respectfully submits that the Court erroneously proceeded to a second prong of the discovery test when no such second prong exists. The Court also improperly introduced novel evidence, which the Court attributed to being presented by Plaintiff though actually submitted by Defendant, to evaluate this second prong. Both factors lead to a clear error in the final judgment and set up a manifestly unjust framework not only for the Plaintiff but other copyright litigants going forward. If the discovery rule had been properly applied, Plaintiff should have prevailed on Court IV.

**a) <u>Plaintiff's Claim of Copyright Infringement in Count IV Remains Within the Statute of Limitations, and the Court Erroneously Extended the Discovery Rule.</u>**

Although the Court is partially correct in its assertion that "[t]he discovery rule is not a bright-line test," this statement fell short when the Court concluded that the discovery rule does not stop once it reaches at least one conclusion that a claim accrued. *See* ECF 60 at 13. This additional analysis improperly extended the discovery rule, rendering it useless.

The text of the discovery rule is clear and provides two options for determining the date of accrual:

(a.) when the copyright owner learns of the violation, ***or***
(b.) when the copyright owner, as a reasonable person should have learned of the violation.

*See Webster*, 955 F.3d at 1276 (11th Cir. 2020) (emphasis added). *See also Tomelleri v. Natale*, No. 9:19-CV-81080, 2022 U.S. Dist. LEXIS 65893 (S.D. Fla. 2022); *Music v. Atl. Recording Corp.*, No. 1:18-cv-25474-RAR, 2021 U.S. Dist. LEXIS 43980, at *62 (S.D. Fla. 2021); *On Top Records Corp. v. Sunflower Entm't Co.*, No. 1:15-cv-22664-UU, 2015 U.S. Dist. LEXIS 190973, at *7 (S.D. Fla. 2015); *Duncanson v. Wathen*, No. 6:14-cv-704-Orl-40KRS, 2016 U.S. Dist. LEXIS 183674, at *6 (M.D. Fla. 2016); *Brandon v. Warner Bros Records*, No. 15-22738-CIV, 2015 U.S. Dist. LEXIS 190564, at *6 n.4 (S.D. Fla. 2015); *Sieger Suarez Architectural P'ship, Inc. v. Arquitectonica Intern. Corp.*, 998 F. Supp. 2d 1340, 1354-55 (S.D. Fla. 2014); *Lorentz v. Sunshine Health Prods.*, No. 09-61529-CIV-MORE, 2010 U.S. Dist. LEXIS 101019, at *14 (S.D. Fla. 2010); *Calhoun v. Lillenas Pub.*, 298 F.3d 1228, 1236 (11th Cir. 2002) (Birch, J., concurring); *Home Design Servs. v. Hibiscus Homes of Fla., Inc.*, No. 6:03-cv-1860-Orl-19KRS, 2005 U.S. Dist. LEXIS 32788, at *24 (M.D. Fla. 2005) (collecting cases). These courts have all not only held that the discovery rules applies to copyright infringement and but also outline the proper application of the discovery rule.

The available case law clearly establishes that, if either prong of the discovery rule is met, then a copyright infringement claim accrues from the identified date. The same analysis has been uniformly applied by the courts around the country. *See, e.g., Starz Ent., LLC v. MGM Domestic TV Distribution, LLC,* 39 F.4th 1236, 1237 - 38 (9th Cir. 2022).

> Moreover, because Petrella noted, but did not pass upon, the discovery rule, any language in that opinion discussing relief beyond that window is dicta and did not affect the viability of the discovery rule. Because we agree with the district court that the discovery rule of accrual of copyright claims is alive and well, we affirm.

(emphasis added). *See also Am. Bd. of Internal Med. v. Rushford*, 841 F. App'x 440, 441 (3d Cir. 2020) ("At issue in this case is whether the three-year statute of limitations for copyright

infringement under 17 U.S.C. § 507(b) begins to run from the date of discovery or from the date of injury in circumstances where the plaintiff discovers the identity of the defendant within three years of the injury. The District Court held it begins to run as of the date of injury. For the reasons outlined below, we will reverse that judgment."). This is the same discovery rule that the courts of this Circuit have been applying for 20+ years to infringement claims, and the Order cites nothing to suggest that dozens of courts are somehow incorrect in this application.

In fact, the Southern District is particularly favorable to the identification of claims, as it has previously expanded the Eleventh Circuit's use of the rule by accepting *arguendo* the date of first infringement as true for the purposes of deciding motions – such as a motion for summary judgment - claiming the use of discovery rule. *See Prepared Food Photos, Inc. v. Delvecchio Pizza*, LLC, 2023 U.S. Dist. LEXIS 67252 *1, *8 (S.D. Fla. 2023) (finding in favor of plaintiff "[b]ecause the Court accepts Plaintiff's allegations as true for the purposes of deciding the pending Motion, under the discovery rule, Plaintiff's claim did not accrue until June 29, 2022."). *See also Payne v. Essential Media Grp. LLC*, 2024 U.S. Dist. LEXIS 102118, 2024 U.S.P.Q.2D (BNA) 1043, 2024 WL 2880727.

Considering the above, the Court had already determined Stevens' copyright infringement claim was within the statue of limitations. Specifically, the Court's first use of the discovery rule was enough to determine the validity of Count IV i.e. "viewing the evidence in the light most favorable to Affordable Aerial, one could reasonably infer that Stevens discovered the allegedly infringing Facebook post on June 24, 2024." *See* ECF No. 60 at 13. When the Court subsequently acknowledged how "Affordable Aerial amended its complaint to add Count IV about a month later on August 5, 2024," the Court consequently acknowledged that Count IV was filed well within the applicable statute of limitations. *See* ECF 14; ECF 60 at 13. It is unclear why the Court continued to do a secondary analysis and did not use that date as the basis for its decision.

14

Consequently, Plaintiff requests the Court vacate its final judgment and reconsider its analysis of the discovery rule in conformity with its determinations of the first prong of the test.

   b) **The Court's Conclusion as it Relates to Plaintiff's Prior Litigation and "Reasonable Diligence" is Baseless, Places an Unrealistic Expectation on Copyright Owners, and Lead to a Clearly Erroneous and Unjust Result.**

Should the Court proceed with its improper expansion of the discovery rule, as a matter of public policy, the Court's conclusion remains erroneous and leads to manifest injustice. In its analysis, the Court makes a blanket and baseless assumption that "Affordable Aerial *should have* discovered the allegedly infringing post more than three years before the Amended Complaint." *See* ECF 60 at 14 (emphasis added).

In sole support of this assertion, the Court stated that Affordable Aerial "admitted" that "Beach Town's Facebook page 'was publicly accessible at all times between February 16, 2017, and [Affordable Aerial's discovery] discovery of that image' in June 2024." *See* ECF 51-3 ¶ 3; ECF 60 at 14. As a preliminary matter, Affordable Aerial never made this admission. However, the quoted statement and accompanying pin cite actually refer to the Declaration of Kirk Anderson – not any documentation or evidence provided by Affordable Aerial itself. *See* ECF 51-3 ¶ 3; ECF 60 at 14. The Court further misquoted and miscited Plaintiff's opposition to Defendant's motion for summary judgment by indicating that Affordable Aerial somehow "admitted" that "Beach Town did not conceal the page and that it was always open to the public." *See* ECF 53 at 18; ECF 60 at 14. This representation was disingenuous, as the record reflected Affordable Aerial quoting ***Defendant's*** own acknowledgment and admissions that Beach Town did not conceal the page to refute its relevance. *See* ECF 50 at 20; EC 53 at 18. This statement should not have been cited by the Court as "support" or even a waiver of Affordable Aerial's position.

Nevertheless, the Court uses its incorrect factual support and assumptions to place Affordable Aerial in an unfair position of assumed sophistication when assessing potential

15

copyright infringement of its works. *See* ECF 53 at 18; ECF 60 at 14. By taking judicial notice, it appears as though Plaintiff seeking damages for entities infringing its copyrighted works is disfavored. Unlike a patent toll entity, which acquires patents created by others and then brings actions against defendants, Plaintiff's works are its own creations. Plaintiff should not be viewed any more negatively than a retailer, such as Walmart, having a policy to prosecute shoplifters.

In the current analysis, with Beach Town labeling Plaintiff a "copyright troll," the Court took judicial notice of Affordable Aerial's prior copyright infringement lawsuits in the Southern District since 2017. *See* ECF 60 at 14, n. 4.[4] The Court looked to these cases and determined that Affordable Aerial "should have" discovered the allegedly infringing posts more than three years before the Amended Complaint in 2017 – despite presenting no evidence on the matter and not being an argument presented by either Party. *See* ECF 60 at 14. This pure speculation regarding Affordable Aerial's ability to police the Internet misses the point of the discovery rule and fails to acknowledge the realities of copyright enforcement, especially when considering the enormity of the Internet.

Depending on the source consulted, there are over ***1 billion websites*** online, with approximately ***200 million*** of those being active websites at any given time.[5] The Court's position is, quite obviously, untenable. Nothing in the Order outlines - nor could it outline – how Affordable Aerial failed to act on "reasonable diligence" when identifying Sailfish Marina Facebook post. *See* ECF 60 at 14. The Court's only support is its conclusory statement that "Affordable Aerial has been vigorously enforcing its copyright interests in this District since at least 2017.Under those circumstances, Affordable Aerial, using reasonable diligence, should have discovered the Sailfish

---

[4] Notably, this attempt at judicial notice was not a request of either Party during the summary judgment process. Consequently, Affordable Aerial has not been afforded the opportunity to defend itself against any associated arguments or claims prior to the subject motion.
[5] *See* https://siteefy.com/how-many-websites-are-there/.

Marina Facebook post prior to August 4, 2021." *See* ECF 60 at 14. This is simply false. Contrary to this baseless assertion, the process by which Google and other search engines 'crawl' or 'index' websites is extraordinarily complex and constantly changing.[6] It is impossible for the Court – or, frankly, anyone -  to state with any degree of certainty whether Plaintiff would have identified the subject infringement in 2017, 2018, 2019, 2020, etc. because the results of such hypothetical efforts are plainly unknown as is whether the image on Beach Town's website had even been indexed by that time. This issue has been extensively litigated in this District in similar cases, such as *Affordable Aerial Photography, Inc. v. Property Matters USA, LLC, and Home Junction, Inc.*, 22-cv-14296-Cannon/McCabe, 2023 U.S. Dist. LEXIS 115171 *1 (S.D. Fla. 2023). In *Affordable Aerial Photography v. Property Matters USA, LLC and Home Junction, Inc.*, the same opposing counsel challenged Affordable Aerial's diligence and its ability to find prior infringement. *Id.* In response, the court conducted an entire evidentiary hearing with hours of testimony from both Affordable Aerial and the owner of ImageRights. *Id.* at *5. To provide this Court full context of this well-reasoned case and essentially why other courts have ruled contrary to the instant Order, the transcript is attached hereto as Exhibit "A". The results of that hearing led to the court agreeing with Plaintiff's experts' conclusions that Affordable Aerial "exercised reasonable diligence in making the discovery" and that Affordable Aerial "need not be held to a higher level of diligence that might have led to an earlier discovery date." *Id.* Despite knowing that a sound decision had been previously rendered in this district against opposing counsel raising the same statute of limitation argument previously, it has been raised again.

Moreover, it is well established that "[c]opyright owners do not have a general duty to police their copyrights." *PK Music Performance, Inc.*, 2018 U.S. Dist. LEXIS 169652, at *23

---

[6] *See* https://www.jcchouinard.com/google-image-search-engine/ .

(S.D.N.Y. Sep. 30, 2018).  In *PK Music Performance, Inc.*, the defendant sought dismissal of a copyright infringement claim on the basis that the plaintiff should have discovered its alleged infringement no later than 2007 – yet the plaintiff alleged it did not discover such until 2015.  In the instant case, the Order does not cite any 'storm warnings' or frankly any facts – other than the mere existence of the Facebook page – suggesting that Affordable Aerial somehow "should have used reasonable diligence" to discover the infringement on an earlier date.  Given that there are an estimated 1 billion websites with a new website being created every 3 seconds, it is difficult to imagine how Affordable Aerial "should have" discovered the subject infringement based solely on time alone.  But that is precisely the argument proffered by the Court.

Notably, *PK Music Performance, Inc.* is not an anomaly – ***every court*** to consider the issue has held that a copyright owner is not required to scour the Internet/search for potential infringements of his/her work.  *See, e.g., Michael Grecco Productions, Inc. v. RADesign, Inc., 112 F.4th 144, 2024 U.S. App. LEXIS 20745, 2024 U.S.P.Q.2D (BNA) 1478, 2024 WL 3836578* (claims do not accrue until copyright holder discovers, or with due diligence should have discovered infringement*); Parisienne v. Scripps Media, Inc.*, 2021 U.S. Dist. LEXIS 154960, at \*12 (S.D.N.Y. Aug. 17, 2021); *Fioranelli v. CBS Broad. Inc.*, 551 F. Supp. 3d 199, 251 (S.D.N.Y. 2021); *Hirsch v. Rehs Galleries, Inc.*, No. 18-CV-11864 (VSB), 2020 U.S. Dist. LEXIS 32926, at \*3 (S.D.N.Y. Feb. 26, 2020); *Minden Pictures, Inc. v. Conversation Prints, LLC*, No. 20-12542, 2022 U.S. Dist. LEXIS 179602, at \*9 (E.D. Mich. Sep. 30, 2022); *Frerck v. John Wiley & Sons, Inc.,* No. 11-cv-2727, 2014 U.S. Dist. LEXIS 95099, at \*23 (N.D. Ill. July 14, 2014); *Design Basics, LLC v. Chelsea Lumber Co.*, 977 F. Supp. 2d 714, 725 (E.D. Mich. 2013); *Wilson v. Kelly*, No. 1:18-CV-05014-JPB, 2020 U.S. Dist. LEXIS 258889, at \*16 (N.D. Ga. Mar. 5, 2020).

All of this adds together to show that copyright infringement – especially in the context of photography – cannot be treated the same as fraud, breach of contract, deceptive trade practices,

18

etc. for purposes of accrual of a statute of limitations. Plaintiff respectfully submits that the Court cannot in good conscience declare (and therefore undo 20+ years of precedent) that a photographer is somehow charged with knowing, daily, the content of > 1 billion websites lest he risk running afoul of an "occurrence" accrual.  As currently written, the Order ignores this breadth of precedent outlining the use of the discovery rule to copyright claims and the commonsense realities of the Internet. Also, as previously identified, the Order attributes "facts" Plaintiff though Plaintiff never put them into the record.  .

Finally, Defendant only raised an affirmative defense claiming statute of limitations violation. Defendant bore the burden of proving. *See* ECF 23 at 9; ECF 50 at 11 – 14; ECF 56 at 14. Defendant did not seek an evidentiary hearing with respect to when Plaintiff discovered or, with reasonable diligence, should have discovered the copyright infringement of Count IV. *See* ECF 50 at 11 – 14; ECF 56 at 14. Defendant also did not submit any record evidence demonstrating when Plaintiff "should have" discovered the copyright infringement of Count IV other than merely stating Plaintiff should have done so. *See* ECF 50 at 11 – 14; ECF 56 at 14. Instead, only after Defendant labeled Plaintiff a copyright troll, the Court looked only at the scope of Affordable Aerial's prior, unrelated litigation and determined that the mere existence of a Facebook page warranted  its discovery by Plaintiff sooner than attested. This is merely speculative and conjecture that remains insufficient for the purposes of the discovery rule. The Court should not indulge this line of reasoning. The Court's current Order tacitly indulges Beach Town's unrelated assertions regarding copyright trolling instead of following the reasoned logic of dozens of other judges from this Circuit alone – including at least one case where Beach Town's counsel, Mr. Lockton, served as the counsel of record and argued similar arguments unsuccessfully. *See* ECF 53 at 19; ECF 56 at 7 – 8. This level of rampant speculative conjecture with respect to Plaintiff's motion for

summary judgment and its defenses against Defendant's motion for summary judgment is completely unwarranted and non-evidentiary.

III.    **The Court's Decision Regarding Count I and Count III Warrant Reconsideration Considering Challenged Evidence and Spoilation Issues.**

As briefly referenced, Beach Town deleted its Facebook page resulting in improper deletion of infringing copyright posts after Affordable Aerial requested access to this item for investigation.  *See* ECF 14. As a result, Plaintiff was unable to investigate several aspects of its claims, including, whether Beach Town "actually copied" the Jupiter Lighthouse photograph in multiple locations. Plaintiff was also unable to capture previously available evidence of Beach Town's pattern of removing CMI from Affordable Aerial's work. Any evidence of association between the Defendants (being Facebook friends) was also destroyed. Considering this, Plaintiff submits there are issues regarding the validity of the affidavits accompanying Defendant's summary judgment briefs as it relates to these issues. *See, e.g.,* ECF 36-1; 36-2; 40-1; 40-2; 40-2; 40-2; 40-2; 40-2; 40-2; 40-3. Thus, Plaintiff requests the Court to reconsider its analysis of Count I and Count III to the extent it relies on these affidavits instead of the totality of the circumstances.

## VII.    CONCLUSION

For the foregoing reasons, Plaintiff asks this Court to grant its Motion and: (1) vacate the final judgment; (2) reconsider its analysis of the secondary liability issues in Count II of Plaintiff's First Amended Complaint; (3) reconsider its analysis of the discovery rule regarding a copyright claim's statute of limitations in Count IV of Plaintiff's First Amended Complaint; (4) strike the judicial notice of Plaintiff's prior copyright infringement matters; (5) reconsider its analysis of Count I and Count III in relation to Defendant's declarations and spoilation; and (6) and all other general relief consistent with the foregoing, such as, at a minimum, as the record reflects no evidence to the contrary, Plaintiff prevailing on Count IV and Counts I-III should proceed to trial..

## VIII.   REQUEST FOR HEARING

Pursuant to Local Rule 7.01(b), Plaintiff requests a hearing on the subject Motion. A hearing is desired on the items set forth due to the extent of the evidentiary errors discussed within this Motion. There is a clear need to correct said errors before the Court to prevent a manifestly unjust judgment against Plaintiffs in accordance with Fed. R. Civ. P. 59(e). Additionally, as the Court has presented novel arguments and factual scenarios that were not discussed in either Party's summary judgment briefs, such as those related to Plaintiff's "reasonable diligence," both Parties require an evidentiary hearing to brief these arguments and present evidence before the Court. In requesting its hearing and in accordance with Fed. R. Civ. P. 59(e), Plaintiff does not seek to relitigate old matters and does not seek to present evidence or arguments that could have been raised prior to the entry of judgment.

**DATED:** 27th day of March 2025

Respectfully Submitted,

**BEUSSE SANKS, PLLC**

*/s/Liandra Izquierdo*
TERRY M. SANKS, ESQ.
Florida Bar No. 0154430
LIANDRA IZQUIERDO, ESQ.
Florida Bar No. 1033468
612 E. Colonial Drive, Suite 250
Orlando, Florida 32803
Telephone: (407) 644-8888
tsanks@firstiniplaw.com;
lizquierdo@firstiniplaw.com
litigation@firstiniplaw.com
*Attorneys for Plaintiff,*
*Affordable Aerial Photography, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically served on the27th day of March 2025 to counsel of record for Defendant via the Court's Electronic

Case Filing System and thereby served upon all counsel of record.

*/s/Liandra Izquierdo*
Liandra Izquierdo, Esq.
