IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:24-cv-80423-RLR

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

        Plaintiff

v.

RYAN WITKOWSKI and
BEACH TOWN REAL ESTATE, LLC,

        Defendants.
_____/

**DEFENDANT BEACH TOWN REAL ESTATE, LLC'S REPLY IN SUPPORT OF
ITS MOTION FOR FULL COSTS, INCLUDING ATTORNEYS' FEES**

## TABLE OF CONTENTS

Table of Authorities................................................................................................................... ii

Reply Arguments ....................................................................................................................... 1

I.  Plaintiff Waived Any Argument to Beach Town's Entitlement to Fees Under the *Fogerty* and *Kirtsaeng* Analysis Applied to Fee Motions Under § 505 by Failing to Raise Any Such Dispute in Its Response Required Under Local Rule 7.3(b) ...................... 1

II. The Opposition Highlights That the Action Was Meritless, Improperly Motivated, and Unreasonable ................................................................................................................ 3

III. The Opposition Highlights That Plaintiff's Litigation History Supports an Award of Costs, Including Attorney's Fees, to Deter Plaintiff From Filing Baseless Infringement Claims................................................................................................................................ 6

IV. The Full Costs, Including Attorney's Fees, Sought by Beach Town Are Reasonable and Warranted ................................................................................................................. 7

V. Beach Town's Motion Acknowledged That Plaintiff's Motion to Amend the Judgment Should Be Denied Before the Court Rules on the Pending Fee Motion....................10

Conclusion....................................................................................................................................10

## TABLE OF AUTHORITIES

Cases

*Affordable Aerial Photography, Inc. v. Property Matters USA, LLC*,
   108 F.4th 1358 (11th Cir. 2024) ................................................................................ 7

*Affordable Aerial Photography, Inc. v. Reyes*, No. 23-12051, 2024 U.S. App. LEXIS 22296
   (11th Cir. Sept. 3, 2024) ............................................................................................. 7

*Affordable Aerial Photography, Inc. v. Trends Realty USA Corp.*,
   No. 23-1162, 2024 U.S. App. LEXIS 4660 (11th Cir. Feb. 28, 2024) ....................... 7

*Blanchard v. Bergeron*, 489 US. 87 (1989) ........................................................................... 8

*Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994) ....................................................................... 2

*Grayson v. Walden, Comm'r, Ala. Dept. of Corr.*, 869 F.3d 1204, 1220 (11th Cir. 2017) ...... 5

*Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197 (2016) .............................................. 2, 7

Statutes

Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*
   § 505 ................................................................................................................. 1-2, 6-7, 10

Rules

Federal Rules of Civil Procedure
   41(b) ........................................................................................................................... 8-9
   59(e) .......................................................................................................................... 2, 10

Southern District of Florida Local Civil Rules
   7.3(a) ............................................................................................................................ 1
   7.3(b) .................................................................................................................... 1, 2, 9

Plaintiff's Opposition Brief (ECF No. 67, "Opposition" or "Opp.") seemingly concedes that this action was pursued, and maintained, in bad faith, in an attempt to extort a settlement on claims that could not be established. Plaintiff filed claims *against Beach Town* based on conduct that occurred on *Witkowski's* social media accounts. *See* ECF No. 60 at 5-6. When filing Plaintiff had no evidence—only the theory—that Beach Town might be liable for indirect infringement, and it did not seek any evidence to support that theory. *See id.* at 6-10 (granting judgment to Beach Town on Count II). Despite Plaintiff lacking evidence to support claims against Beach Town, the Opposition reflects belief in its *entitlement* to a settlement regardless of the merits, arguing that Beach Town "refused to settle" at mediation, i.e., shortly after Plaintiff moved for summary judgment while *affirmatively arguing* that no party had conducted discovery. *See* Opp. at 5 (ECF page 8); *cf.* ECF No. 30 at 3 (¶¶ 8-9).

The Opposition also reflects a fundamental misunderstanding of litigation. A *plaintiff* bears the burden of proving its claims; a defendant does not need to *disprove* a plaintiff's allegations. This mentality is indicative of the bad-faith motivation behind Plaintiff's filing of claims against Beach Town, and then its continued pursuit of those claims despite settling with Witkowski. Under 17 U.S.C. § 505, and the Supreme Court's articulation of the goals, purposes, and factors for granting such an award in *Fogerty* and *Kirtsaeng*, full costs—including a reasonable attorney's fee—is warranted for Beach Town in this case.

## REPLY ARGUMENTS

I. **Plaintiff Waived Any Argument to Beach Town's Entitlement to Fees Under the *Fogerty* and *Kirtsaeng* Analysis Applied to Fee Motions Under § 505 by Failing to Raise Any Such Dispute in Its Response Required Under Local Rule 7.3(b).**

Local Rule 7.3 sets out the requirements for each party in connection with a fee application. Under Local Rule 7.3(b), a fee applicant must provide a draft motion at least thirty (30) days prior to its filing, providing all information listed in Local Rule 7.3(a)(1)-(8). The party opposing the fee motion must then "describe in writing and with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement

1

and as to amount, and shall provide supporting legal authority." L. R. 7.3(b). This allows the parties to fully confer as required. *Ibid.* In Plaintiff's response under Local Rule 7.3(b), Plaintiff *only* objected to specific fee entries based on an argument that *those specific entries* were not recoverable. ECF No. 66-12. And while Plaintiff preserved its argument that its Rule 59(e) motion may change Beach Town's status as the prevailing party, *see id.* at 1, it **waived** any objection to Beach Town's entitlement to fees under 17 U.S.C. § 505 and the factors addressed in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994), and *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197 (2016). *See* ECF No. 66-12 at 1-14.

  Despite its waiver, i.e., failure to object as required under Local Rule 7.3(b), Plaintiff's Opposition attempts to resurrect an argument that Beach Town should not be entitled to fees based on an analysis of the *Fogerty* and *Kirtsaeng* factors. *See* Opp. at 3–7 (ECF pages 6–10). As addressed *infra*, Section II, those arguments miss the mark on the merits. More fundamentally, however, Plaintiff should not be heard on those arguments because by failing to raise any objection under the procedures required by Local Rule 7.3(b), Plaintiff waived those arguments. Plaintiff's response under Local Rule 7.3(b) addressed only (1) the potential that Plaintiff's Rule 59(e) motion might alter Beach Town's prevailing party status, *see* ECF No. 66-12 at 1, (2) *certain portions* of hours incurred by attorneys at Widerman Malek, *id.* at 1–12, (3) *certain portions* of hours incurred by attorneys at McHale & Slavin, *id.* at 12–13, and (4) certain hours incurred by attorneys at McHale & Slavin that were not charged to Beach Town, *id.* at 13–14, while also (5) preserving the right to challenge the additional fees incurred by Beach Town following the service of the draft motion, *id.* at 14. The issue of Beach Town's entitlement to fees under 17 U.S.C. § 505 and the Supreme Court's *Fogerty* and *Kirtsaeng* decisions were squarely raised, *see* ECF No. 66-10 at 3–12 (ECF pages 7–16), yet Plaintiff chose to waive any objection or opposition on those issues, *see* ECF No. 66-12. Plaintiff should not be permitted to resurrect its waived arguments now.

2

## II. The Opposition Highlights That the Action Was Meritless, Improperly Motivated, and Unreasonable.

The Opposition presents several theories to argue that the action against *Beach Town* was not "patently meritless." Plaintiff's arguments and theories are lacking.

Plaintiff first argues filing this action against Beach Town was proper because its motive for pursuing claims against *Beach Town* is contained "within the First Amended Complaint: after investigating Plaintiff discovered that Mr. Ryan Witkowski worked for Beach Town and used the copyrighted works in connection with his employer *and that Beach Town utilized those same works on its social media* along with other acts of copyright infringement on its Facebook page." Opp. at 4 (ECF page 7) (emphasis added). But the evidence is clear, and undisputed, Beach Town was not liable for the acts on *Witkowski's* social media, and Plaintiff never had evidence to connect *Beach Town* to alleged infringement on *Witkowski's* social media. *See* ECF No. 60 at 5–10. Further, Plaintiff's mid-suit investigation—resulting in the filing of the First Amended Complaint, including Count IV—cannot support Plaintiff's decision to file Counts I–III *against Beach Town*. Moreover, Beach Town **did not** "utilize those same works" as Witkowski. *See* ECF No. 60 at 5–12. Plaintiff's only claim *against Beach Town* was based on a single work that was not part of the original complaint. *See id.* at 12–14. Plaintiff's *post hoc* rationalization for its suit *against Beach Town* reflects that Beach Town was included in the complaint without a good faith basis.

Plaintiff next argues that the decision to answer the First Amended Complaint by counsel at Widerman Malek, instead of moving to dismiss and/or strike that pleading, somehow "demonstrate[s] that the pleadings were worth answering and affirmatively defending against." Opp. at 4 (ECF page 7). Plaintiff overlooks that in responding to the First Amended Complaint by the Court's deadline, counsel at Widerman Malek reaffirmed the lack of any employment relationship between Witkowski and Beach Town, and also provided affirmative defenses including Plaintiff's failure to state a claim upon which relief could be granted. *See*

3

ECF No. 23. Moreover, a defendant's litigation strategy *during the action* does not demonstrate or suggest a *plaintiff's* case has any merit.

Plaintiff's third argument is based on a belief that the undersigned counsel cannot draw conclusions based on Plaintiff's demonstrable conduct, e.g., its failure to seek any evidence to support its claims *against Beach Town*, and Plaintiff's apparent belief that the *defendant* in a civil action must *disprove* the allegations by a plaintiff, including allegations lacking any factual basis. *See* Opp. at 5 (ECF page 8). Plaintiff incorrectly asserts "the factual record does not demonstrate any conduct to support [Beach Town's] beliefs relating to discovery, the summary judgment process, or mediation," suggesting that the undersigned counsel cannot opine on these issues because they were engaged after that mediation failed. *See ibid.* But the factual record is clear and reflects Plaintiff's improper motivation and conduct in pursuing claims against Beach Town.

Plaintiff filed claims against Beach Town based on a theory that Witkowski was an employee. *See* ECF No. 1 ¶¶ 4–5. That was Plaintiff's sole connection to Beach Town, and *both* Beach Town and Witkowski disputed that relationship. *See* ECF Nos. 9, 10. Plaintiff then settled counts I–III against Witkowski, yet continued pursuing those claims against Beach Town—which could only be an attempt to improperly collect a double recovery for the same alleged torts. *See* ECF Nos. 14, 15. On October 17, 2024—more than six (6) months after the case was filed—Plaintiff admitted it had not served any discovery requests. *See* ECF No. 26 at 2–3. On December 10, 2024, Plaintiff moved for summary judgment, reaffirming that no discovery had been conducted and presenting no evidence to suggest that *Beach Town* was liable for *Witkowski's* alleged conduct, relying on a belief that Beach Town had to *disprove* Plaintiff's allegations. *See* ECF No. 30 at 3 (¶¶ 8–10). That motion, devoid of any evidence, was filed six (6) days before the parties mediated Plaintiff's claims, *see* ECF No. 31, where Plaintiff takes the position that Beach Town "refused to settle" claims lacking any merit, *see*

4

Opp. at 5 (ECF page 8), confirming Plaintiff's belief that it was *entitled* to a settlement without having to have any meritorious claim against Beach Town.[1]

Plaintiff's final argument appears to dispute the meaning of the Court's entry of summary judgment against it. *See* Opp. at 5-6 (ECF pages 8-9). In granting summary judgment, the Court's Order held that there were no genuine issues as to any material fact and that Beach Town was entitled to judgment as a matter of law. *See* ECF No. 60 at 3–4 (citing *Grayson v. Walden, Comm'r, Ala. Dept. of Corr.*, 869 F.3d 1204, 1220 (11th Cir. 2017)). Plaintiff had the ability to present its evidence and try to show that a material fact was genuinely in dispute. *See id.* at 4. Despite Plaintiff's attempt, the Court correctly held that Plaintiff lacked evidence to raise a genuine dispute as to the material facts necessary for any claims. *See id.* at 5–14. While Plaintiff now argues [t]he Court . . . never determined that Plaintiff filed its case without evidence or lacked critical evidence for any element of its claims," Opp. at 5 (ECF page 8), that is *precisely* the implication of the Order—the evidence Plaintiff possessed, viewed most favorably to the Plaintiff, was insufficient to establish a claim against Beach Town. Since Plaintiff did not conduct discovery *during* the litigation, the Order also demonstrates that Plaintiff *filed* this action without evidence sufficient to establish a claim against Beach Town.

Plaintiff's only "evidence" related to *Witkowski*, not *Beach Town*. Nevertheless, Plaintiff filed claims against *Beach Town*, did not seek any discovery to prove them, attempted to force a mediation on those claims, and even moved for summary judgment while highlighting that it had no evidence to proceed. Plaintiff's conduct, demonstrable from the record, shows that the claims against *Beach Town* were filed in bad faith and litigated improperly, attempting to leverage the costs of litigation to force a settlement on claims which were objectively

---

[1] To the extent that Plaintiff argues its failure to conduct discovery to seek evidence to prove its claims against Beach Town can "logically call[] into question the reasonableness of the actions of" Beach Town's former counsel, *see* Opp. at 5 (ECF page 8), Plaintiff's improper suggestion forgets that defendants have no obligation to *disprove liability*, and the very nature of the claims did not require any discovery on the part of Beach Town. In granting summary judgment for Beach Town, the Court's Order reflects that Beach Town already possessed sufficient evidence to warrant judgment in its favor; it did not need to conduct discovery.

5

baseless and meritless. Under § 505 and the Supreme Court's decisions in *Fogerty* and *Kirtsaeng*, fees should be awarded to Beach Town. *See* Motion at 7–12 (ECF pages 12–17).

III. **The Opposition Highlights That Plaintiff's Litigation History Supports an Award of Costs, Including Attorney's Fees, to Deter Plaintiff From Filing Baseless Infringement Claims.**

The Opposition also separately highlights Plaintiff's extensive litigation history, confirming that it has never litigated the merits of any of its cases, which supports awarding fees based on the principles of compensating Beach Town and deterring Plaintiff from filing similarly meritless cases in the future. *See* Opp at 6–7 (ECF pages 9–10); *cf.* Motion at 11–12 (ECF pages 16–17). The Opposition is correct in that a finding of bad faith or frivolity is not a prerequisite for awarding fees under § 505; but such findings further demonstrate that a fee award should be granted. *Compare* Opp. at 6 (ECF page 9) *with* Motion at 11–12 (ECF pages 16–17). Here again, Plaintiff suggests that neither Beach Town nor the Court are able to consider the public record of its litigation history. *See* Opp. at 6 (ECF page 9). That is false.

Plaintiff does not (and cannot) dispute that it has filed over 150 infringement cases without ever allowing—before this case—any of those actions to be litigated to judgment on the merits. *See* Opp. at 6–7 (ECF pages 9–10). Plaintiff also does not dispute that in all other cases where it could not force a settlement, it has moved to dismiss its own claims. *See id.* at 6 (ECF page 9). Plaintiff argues that any review of its conduct is "speculation" or "fabrication", *ibid.*, but Plaintiff's overwhelming litigation history shows that it is much more; it is a practiced strategy of filing cases to use the power of the courts to exert pressure on defendants.

As Plaintiff admits, "amongst the 150 cases referenced by [Beach Town], this is the only matter that Affordable Aerial could not settle and/or received an outright negative judgment." *Id.* at 7 (ECF page 10). But as the record shows—and as Plaintiff even argued—Beach Town did not have to find a "smoking gun" piece of evidence to defend itself, it did not need to even request discovery; the evidence of Beach Town's innocence was apparent and the only evidence necessary was Beach Town's records and the testimony of Beach Town

6

and Witkowski. Despite that, Plaintiff still believed it was *entitled to* a settlement from Beach Town—conduct indicative of Plaintiff's practiced litigation history.

Plaintiff's "litigation history" is marked by its *avoidance* of any court having the opportunity to rule on the merits of any of its claims. And by avoiding any court from ruling on the merits, Plaintiff has also avoided—until now—any defendant being a "prevailing party." *See, e.g.*, *Affordable Aerial Photography, Inc. v. Trends Realty USA Corp.*, No. 23-1162, 2024 U.S. App. LEXIS 4660, *6-9 (11th Cir. Feb. 28, 2024) (defendant was not a "prevailing party" following Rule 41(a)(2) voluntary dismissal); *Affordable Aerial Photography, Inc. v. Property Matters USA, LLC*, 108 F.4th 1358, 1362-66 (11th Cir. 2024) (defendant was not a "prevailing party" after Rule 41(a)(1)(A)(i) voluntary dismissal without prejudice, even after the statute of limtiations had expired); *Affordable Aerial Photography, Inc. v. Reyes*, No. 23-12051, 2024 U.S. App. LEXIS 22296, *3-6 (11th Cir. Sept. 3, 2024) (defendant was not a "prevailing party" following Rule 41(a)(1)(A)(i) voluntary dismissal "with prejudice").

Plaintiff's litigation history shows a pattern of filing cases of dubious merit, as well as cases (like here) where its claims were outright baseless. The goals and purposes of the Copyright Act's fee-shifting provision, 17 U.S.C. § 505, include deterring such conduct by copyright holders. *See Kirtsaeng*, 579 U.S. at 205. This will not, as Plaintiff incorrectly asserts, discourage Plaintiff from filing *meritorious* copyright claims. *Cf.* Opp. at 7 (ECF page 10). Rather, it will only encourage Plaintiff to consider, before filing, whether there is a sufficient basis for a suit; encouraging investigation of potential claims *before* commencing litigation. That is one of the purposes of § 505. *See Kirtsaeng*, 579 U.S. at 205.

### IV. The Full Costs, Including Attorney's Fees, Sought by Beach Town Are Reasonable and Warranted.

1. As addressed in the Motion, the costs, including attorney's fees, sought by Beach Town are reasonable and warranted. *See* Motion at 13–19 (ECF pages 18–24). Plaintiff has no objection to the rates of the various attorneys that represented Beach Town in this matter, so under the Lodestar methodology, the remaining question is the reasonableness of the

7

hours. *See* Motion at 13 (ECF page 18); *see also* Opp. at 7 (ECF page 10) ("Plaintiff recognizes that the hourly rates presented by Defendant's attorneys are reasonable."). Plaintiff challenges some of the hours as "excessive, redundant and/or unnecessary entries," arguing that *those hours* should be removed or reduced. Opp. at 7–8 (ECF pages 10–11). As discussed below, as well as in the Motion, the billing records reflect proper work that was reasonably incurred and should be awarded.

    2. Fees incurred by Widerman Malek were appropriate. Counsel from Widerman Malek appeared in this action from September 26, 2024, through December 23, 2024. *See* ECF Nos. 18, 33. During that time, they had to review and assess the First Amended Complaint, answer that pleading, prepare a defense, and participate in mediation. *See* ECF No. 66-1 ¶¶ 14–15; *see also* ECF No. 66-6. In that period of approximately three (3) months, counsel at Widerman Malek only billed a total of 50.7 hours, equating to only $21,247.00 in fees. ECF No. 66-1 ¶ 15. Additionally, they incurred $3,051.53 in costs—articulated in their billing records—which included costs for mediation and legal research. ECF No. 66-1 ¶ 15; *see also* ECF No. 66-6. Plaintiff argues that this minimal billing somehow reflects "poor billing judgment and inexperience" by counsel, and objects to fees charged in connection with communicating with *Plaintiff's counsel*, discussing the case internally within the firm, and for evaluating possible defenses that were not pursued. Opp. at 8–9 (ECF pages 11–12). Such fees are entirely reasonable and warranted; indeed, they are much less than what "reasonable" would encompass in copyright litigation. *See* Motion at 15–16 (ECF pages 20–21).

    3. Fees incurred by McHale & Slavin were appropriate. Plaintiff also objects to certain hours incurred by the undersigned counsel, primarily based upon counsel's research into and preparation of arguments in anticipation of filing a Rule 41(b) motion. *See* Opp. at 9–10 (ECF pages 12–13). But that research and preparation was reasonably incurred in this action, since Beach Town had already failed to file a summary judgment motion before the undersigned counsel was retained, and with a trial scheduled to occur quickly, Beach Town needed to highlight the lack of a triable issue for the Court. Motion at 16–17 (ECF pages 21–22).

8

Ultimately, a separate filing was unnecessary, because leave to file an affirmative summary judgment motion was granted, obviating the need for a Rule 41(b) motion. But the work that went into that planning was also foundational in both Beach Town's opposition to Plaintiff's summary judgment motion, *see* ECF No. 35, and in Beach Town's summary judgment motion, *see* ECF No. 50, both of which featured arguments based on Plaintiff's failure to prosecute this action and develop evidence to raise a triable issue of material fact.

Plaintiff also objects to hours incurred by the undersigned counsel that were incurred but not charged to Beach Town. Opp. at 9–10 (ECF pages 12–13). As addressed in the Motion, however, the Supreme Court has made clear that a "reasonable fee" is not the "actual fee" charged; a "reasonable fee" can be more than counsel actually charged a party. *See, e.g.*, *Blanchard v. Bergeron*, 489 US. 87, 93-95 (1989) (a "reasonable fee" is still awardable even if counsel charged a lower-than-reasonable amount); Motion at 17 (ECF page 22) (collecting cases). The fees listed in the billing reflects hours actually incurred by counsel, which are "reasonable" even if Beach Town was not required to pay for the entirety of the time counsel spent litigating this case. Motion at 16–17 (ECF pages 21–22).

4. The additional costs reflected in the billing was appropriate. Plaintiff previously did not object to the additional costs incurred by counsel for Widerman Malek, *see* ECF No. 66-12, but now attempts to resurrect additional issues already waived, *see supra*, Section I. Curiously, Plaintiff's opposition merely asserts that "[t]he draft Motion, meet and confer, and final Motion did not provide any information to allow the Parties to reasonably discuss or assess what these fees represent." Opp. at 10 (ECF page 13). But the draft motion (ECF No. 66-10), draft declaration (ECF No. 66–11), and Motion (including declaration (ECF No. 66-1)) each addressed these costs and provided billing records reflecting them. Plaintiff did not object to these costs in its Rule 7.3(b) response (*see* ECF No. 66-12), which therefore precluded the parties from conferring about them during their Rule 7.3(b) conference. Accordingly, Plaintiff's attempt to resurrect an objection to these costs is unfounded and Plaintiff should not be entitled to resurrect this waived issue.

5. Recovery of Fees Incurred After Service of the Draft Motion Is Warranted. Finally, Plaintiff quasi-objects to the fees incurred following service of the draft fee motion. *See* Opp. at 10 (ECF page 13). The Opposition does not *actually* object to these fees, but asserts that "Plaintiff has not had an opportunity to review this scope of fees or any fees from April of 2025 prior to receipt of the Motion," requesting to address those fees "at the relevant time." *Ibid.* That argument concedes, however, that Plaintiff received those additional billing records on April 28, 2025, and did not address those fees in Plaintiff's Opposition. *See ibid.* As raised in the Motion, fees-on-fees are recoverable in this Circuit when fees are based on a fee-shifting statute. *See* Motion at 17–18 (ECF pages 22–23). Further, following service of the draft motion, Plaintiff filed a Rule 59(e) motion, which required counsel to review that motion and prepare an opposition, which is recoverable and warranted. *See ibid.*

## V. Beach Town's Motion Acknowledged That Plaintiff's Motion to Amend the Judgment Should Be Denied Before the Court Rules on the Pending Fee Motion.

As a result of the Court's Order granting judgment for Beach Town on every claim, Beach Town is the prevailing party in this action. Motion at 6-7 (ECF pages 11-12). Beach Town's Motion, however, recognized and acknowledged that Plaintiff filed a Rule 59(e) Motion, seeking to amend the judgment. *See* Motion at 1 n.1 (ECF page 6). The Motion further addressed that denial of Plaintiff's motion to amend would make this fee application ripe for adjudication by the Court, acknowledging that the Court should rule on that motion to amend before proceeding to address the instant fee application. *See ibid.*

## CONCLUSION

For the reasons set forth in the Motion (ECF No. 66), as well as the reasons discussed above, Beach Town respectfully requests that the Court grant the Beach Town's Motion, and award it its reasonable attorneys' fees and costs pursuant to § 505 of the Copyright Act. Such fees and costs total $78,226.03, which does not include the additional time incurred in reviewing and replying to Plaintiff's Opposition.

Respectfully submitted,

McHale & Slavin, P.A.

**Andrew D. Lockton**
Andrew D. Lockton, Esq. (Fla. Bar No. 115519)
Edward F. McHale, Esq. (Fla. Bar No. 190300)
2855 PGA Boulevard
Plam Beach Gardens, Florida 33410
(561) 625-6575
(561) 625-6572 fax
alockton@mchaleslavin.com
emchale@mchaleslavin.com
litigation@mchaleslavin.com

*Counsel for Defendant Beach Town Real Estate, LLC*