UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-80423-RLR

AFFORDABLE AERIAL
PHOTOGRAPHY, INC.,

    Plaintiff,

v.

RYAN WITKOWSKI &
BEACH TOWN REAL
ESTATE, LLC,

    Defendants.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO ALTER JUDGMENT AND ORDER REFERRING MOTION FOR ATTORNEYS' FEES

**THIS MATTER** is before the Court on Plaintiff Affordable Aerial Photography, Inc.'s Motion to Alter or Amend or For Relief From Judgment [DE 63] and Defendant Beach Town Real Estate, LLC's Motion for Full Costs, Including Attorneys' Fees [DE 66]. The Court has reviewed the motions, oppositions, and the record. For the reasons discussed below, the Court **GRANTS IN PART AND DENIES IN PART** the Motion to Alter Judgment and **REFERS** the Motion for Costs to Magistrate Judge Bruce E. Reinhart for an appropriate disposition.

I. BACKGROUND

On August 5, 2025, Affordable Aerial filed its First Amended Complaint ("FAC") against Defendants Witkowski and Beach Town Real Estate, LLC. DE 14.[1] The FAC alleged four

---

[1] Even though the Court concludes below that the FAC is a legal nullity, the Court cites and discusses the FAC from time to time in this Order because: (i) Plaintiff's requested relief is based upon the FAC, (ii) the parties' arguments in the briefing are centered on the FAC, (iii) the FAC contains helpful background information, and (iv) Counts I through III (together with the supporting factual allegations) are functionally the same in both the FAC and the operative original Complaint.

violations of the Copyright Act including (1) direct copyright infringement of the Jupiter Lighthouse photograph; (2) contributory or vicarious copyright infringement; (3) removal of CMI from the Jupiter Lighthouse photograph; and (4) direct copyright infringement of the Sailfish Point photograph. *Id.* Shortly after filing the FAC, Plaintiff settled its claims with Defendant Witkowski, leaving Defendant Beach Town as the sole defendant. *See* DE 15.

Then, on February 27, 2025, the Court denied Plaintiff Affordable Aerial's motion for summary judgment and granted Defendant Beach Town Real Estate, LLC's cross-motion for summary judgment. DE 60. There was little evidence to support Plaintiff's motion for summary judgment and little evidence for it to refute the allegations in Defendant's cross-motion. That was primarily a result of neither party conducting discovery in support of their arguments. Consequently, the Court found that Plaintiff had not satisfied its burden to show it was entitled to judgment as a matter of law in relation to its own motion. The Court also found that Plaintiff failed create a genuine dispute as to a material fact in relation to Defendant's cross motion and that Defendant sufficiently demonstrated that it was entitled to judgment as a matter of law.

Now, Plaintiff moves under Federal Rule of Civil Procedure 59(e) for reconsideration of the Court's order on the cross-motions for summary judgment. DE 63.

## II. LEGAL STANDARD

The "reconsideration of a previous order is an extraordinary remedy, to be employed sparingly." *PG Creative, Inc. v. Affirm Agency, LLC*, No. 18-CV-24299, 2020 WL 837182, at *1 (S.D. Fla. Feb. 20, 2020). Thus, "[a] motion for reconsideration under Rule 59(e) should be granted only on the basis of newly discovered evidence or a manifest error of law or fact." *Frantz v. Walled*, 513 F. App'x 815, 822 (11th Cir. 2013) (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)). "In particular, there are three major grounds which justify reconsideration:

2

(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002).

However, "[s]uch problems rarely arise and the motion to reconsider should be equally rare." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992). Accordingly, the moving party "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Miccosukee Tribe of Indians v. United States*, 680 F. Supp. 2d 1308, 1312 (S.D. Fla. 2010). The party seeking reconsideration under Rule 59(e) should raise new issues. *Id.* The party may not "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005); *PG Creative*, 2020 WL 837182, at *1 ("[A] motion for reconsideration is not an appeal, and thus it is improper on a motion for reconsideration to ask the Court to rethink what the Court has already thought through—rightly or wrongly.").

### III. DISCUSSION

Plaintiff requests that the Court grant its motion for reconsideration and

> (1) vacate the final judgment; (2) reconsider its analysis of the secondary liability issues in Count II of Plaintiff's First Amended Complaint; (3) reconsider its analysis of the discovery rule regarding a copyright claim's statute of limitations in Count IV of Plaintiff's First Amended Complaint; (4) strike the judicial notice of Plaintiff's prior copyright infringement matters; (5) reconsider its analysis of Count I and Count III in relation to Defendant's declarations and spoilation.

DE 63, 24. Notably, Plaintiff does not argue that an intervening change in controlling law or the availability of new evidence warrants reconsideration. Instead, Plaintiff argues, as to each request for reconsideration, that the Court either clearly erred in the application of law or that its decision

3

resulted in manifest injustice. The Court addresses Plaintiff's arguments as to (1) Count II, then (2) Counts I and III, and then (3) Count IV, each in turn.

**1.     Whether the Court Improperly Applied the Law to Count II of the FAC.**

Count II of the Complaint alleges that Defendant "knowingly induced, participated in, aided and abetted in, and profited from the illegal copying, reproduction, and distribution" of the Jupiter Lighthouse Photograph in violation of 17 U.S.C. § 501. DE 14 ¶ 54; DE 30, 10. It further alleges that Defendant is "vicariously liable for the infringement . . . because [it] had the ability to supervise the infringing conduct and had a direct financial interest in the infringing conduct." DE 14 ¶ 55. Plaintiff now disputes the Court's grant of summary judgment in Defendant's favor as it relates to both theories of secondary liability: (a) contributory infringement, and (b) vicarious infringement.

a) <u>Contributory Infringement.</u>

Plaintiff's motion for reconsideration argues that the Court "ignored an important part of Plaintiff's argument as it relates to contributory infringement." Plaintiff argues that the Court's order required it to show that Defendant had actual knowledge as to the infringing conduct. However, the Court made no such determination.

Instead, the Court focused on the second requirement to show contributory infringement. More specifically, contributory infringement "occurs when one [1] with knowledge of the infringing activity, [2] induces, causes or materially contributes to the infringing conduct of another." *Graylock v. Trust Counsel, PLLC*, No. 23-CV-20576, 2023 WL 11951605, at *3 (S.D. Fla. Oct. 24, 2025); *see also* DE 60, 6 ("Contributory infringement occurs when a defendant 'intentionally induc[es] or encourag[es] direct infringement.'" (quoting *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005)). As to that requirement—that Plaintiff

4

must be able to show Defendant induced or contributed to the infringing conduct—the Court found that Defendant provided evidence that it did not do so and that Plaintiff "[did] not cite[] any evidence to dispute this fact." DE 60, 7.  To that end, the Court determined that there was no "evidence from which a jury could conclude that Beach Town intentionally induced or encouraged direct infringement" and granted summary judgment in favor of Defendant. *Id.* (citation modified). In other words, because no jury could find in favor of Plaintiff as to the second requirement of contributory infringement, Plaintiff could not succeed on the claim as a whole.  The Court did not need to resolve whether Defendant had actual knowledge or reason to know of the infringement, and it did not do so.

Accordingly, Plaintiff's argument as to the Court's order on contributory infringement does not identify a clear error or need to prevent manifest injustice such that relief can be granted under Rule 59(e).

   b) <u>Vicarious Infringement.</u>

Plaintiff also argues that the Court's decision to grant summary judgment in favor of Defendant as to vicarious infringement "is in [e]rror and [r]esults in [m]anifest [i]njustice." DE 63, 13.  However, the arguments made by Plaintiff only seek to relitigate the arguments in the cross-motions for summary judgment.  Plaintiff simply disagrees with the Court's conclusion that there was no dispute as to a material fact and that Defendant should be granted judgment as a matter of law on this count.  That is insufficient reason to grant a motion for reconsideration. *Hoti v. Bank of Am., N.A.*, No. 18-CV-80657, 2022 WL 553605, at *1 (S.D. Fla. Jan. 19, 2022); *PG Creative*, 2020 WL 837182, at *1 ("[A] motion for reconsideration is not an appeal, and thus it is improper on a motion for reconsideration to ask the Court to rethink what the Court has already thought through—rightly or wrongly."). Plaintiff has not raised a new issue or presented evidence that was

not available to it at the time of the motions for summary judgment. To that end, the request to reconsider the Court's decision as to vicarious infringement is denied.

Moreover, Plaintiff's motion for reconsideration focuses only on one of the requirements for this theory of liability. Vicarious infringement, however, requires Plaintiff to demonstrate that the defendant "[1] profit[ed] from direct infringement [2] while declining to exercise a right to stop or limit it." DE 60, 6 (citing *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. at 930). Although Plaintiff argues the Court misconstrued the evidence as to whether Defendant employed Mr. Witkowski or had the "right and ability to supervise" his personal social media accounts, the Court found that Plaintiff did not rebut the fact that Defendant did not profit from the allegedly infringing posts. The only counter evidence offered by Plaintiff was an affidavit, but the affidavit was not based on personal knowledge; therefore it cannot alone defeat summary judgment. *See* Fed. R. Civ. P. 65(c)(4) (affidavits submitted with summary judgment briefs "must be made on personal knowledge").

In other words, Plaintiff failed to provide evidence to create a genuine dispute as to a material fact relating to a required element of vicarious infringement—whether Defendant profited from the purported direct infringement. Accordingly, Plaintiff's argument as to the Court's decision to grant summary judgment in favor of Defendant regarding vicarious infringement does not identify a clear error or need to prevent manifest injustice.

***

Because Plaintiff has not identified a clear error in the Court's reasoning as to either theory of secondary liability, Plaintiff's request that the Court reconsider its decision to grant summary judgment in Defendant's favor as to Count II of the FAC is denied.

**2.      Whether the Court Should Reconsider its Decision on Counts I and III of the FAC.**

Plaintiff also argues that the Court should reconsider its decision to grant summary judgment in Defendant's favor on Counts I and III of the FAC.  Plaintiff argues that Defendant deleted evidence of infringement and, as a result, Plaintiff "was unable to investigate several aspects of its claims." DE 63, 24.  However, Plaintiff has not identified new facts or evidence regarding spoliation, that were not available at the time of the Court's decision, to warrant reconsideration. *Michael Linet*, 408 F.3d at 763 (explaining that in a Rule 59(e) motion a party may not "raise [an] argument or present evidence that could have been raised prior to the entry of judgment.").  And although Plaintiff states that it "claimed the issue of 'spoilation' [*sic*]" during the entirety of the case, it never filed a motion with this Court or the Magistrate Judge to that effect. DE 65, 6.  Thus, no evidence on spoliation was produced or evaluated nor could a decision be made as for the proper sanction.  Moreover, Plaintiff has not explained why it was not able to challenge the purported spoliation issues prior to the Court's decision—which might actually be explained by the fact that neither party engaged in discovery. DE 30, 3.  Accordingly, Plaintiff's request for reconsideration as to Counts I and III is denied.

**3.      Whether the Court Improperly Applied the Law to Count IV of the FAC.**

Plaintiff also argues that the Court clearly erred when it applied the statute of limitations against Count IV because the Court allegedly misapplied the discovery rule and "introduced novel facts" when making its decision.  Upon careful review, the Court agrees with Plaintiff that it was clear error for the Court to enter summary judgment on Count IV in favor of Defendant.  The Court's reasoning, however, differs from Plaintiff's reasoning.

It was error for the Court to enter summary judgment on Count IV because there is no Count IV—an argument that the parties raised at summary judgment but which the Court did not address. DE 60 at 12.  It does so now.

Plaintiff filed its Complaint on April 8, 2024. DE 1.  Defendant answered on May 1, 2024. DE 10.  At the time Defendant answered, Plaintiff lost its right to unilaterally amend its Complaint. Fed. R. Civ. P. 15(a).  Yet Plaintiff filed the FAC several months later, on August 5, 2024. DE 14.

Once Plaintiff lost its right to unilaterally amend its Complaint, there were only two ways Plaintiff could amend.  The first was with the Court's permission, but the Court never granted Plaintiff permission—Plaintiff never asked. Fed. R. Civ. P. 15(a)(2).  The second was with the **_written_** consent of Defendant, but Plaintiff has no evidence of any consent, let alone written consent.[2] *Id.*

Expounding upon Plaintiff's lack of written consent, Defendant put Plaintiff on notice of the lack of written consent at least as early as January 17, 2025, when Defendant filed a motion raising the argument. DE 39-2 at 15-17.  In response, Plaintiff did not produce written authorization for the FAC from Defendant, nor did Plaintiff seek leave to amend from the Court. DE 53 at 15. Instead, Plaintiff pointed to: (i) communications that *Plaintiff* authored and sent to Defendant, (ii) the fact that there was a meet and confer[3] between the parties on the FAC prior to its filing, and (iii) the fact that Defendant filed an answer[4] in lieu of a motion to dismiss or a motion to strike.

---

[2] The Court has reviewed the summary judgment evidence on this matter.  Although Plaintiff points the Court to a declaration of its counsel, and to e-mail exhibits attached to the declaration, none of the e-mails (nor the declaration) contain authorization from Defendant for Plaintiff to file an amended complaint. DE 54.

[3] Pursuant to Local Rule 7.1, Plaintiff was required to meet and confer with Defendant prior to filing any motion for leave to amend its complaint.

[4] For its part, Defendant explains that it filed an answer (in lieu of a motion to dismiss or a motion to strike) by noting that its prior counsel withdrew shortly after the FAC was filed and that subsequent counsel was "in [a] rush to avoid a perceived default." DE 50 at 15.

8

But Rule 15(a)(2) does not authorize an amended complaint when a plaintiff communicates its intent to amend to a defendant, when a plaintiff meets and confers with a defendant, or when a defendant files an answer in lieu of a motion to dismiss or a motion to strike.  The Rule only authorizes an amended complaint when a court grants leave or when a plaintiff possesses **_written_** authorization from a plaintiff.  The Plaintiff obtained neither.  As a result, the First Amended Complaint did not comply with Rule 15 when it was filed, and it still does not comply with Rule 15 today.

To be sure, the parties' oral communications and e-mails would be relevant information for the Court to evaluate when ruling on a motion for leave to amend the Complaint.  Similarly, it would be relevant for the Court to evaluate, as Defendant represents, that Plaintiff did not treat the FAC as the operative complaint when it provided initial disclosures, just as it would be relevant for this Court to evaluate the delay Plaintiff's unauthorized pleading has imposed upon this case.  DE 50 at 16.  But there is no motion for leave to amend before this Court, nor has there ever been such a motion.

In the absence of an actual, pending motion for leave to amend, the Court declines to rule upon a hypothetical.  However, nothing in this Order shall prevent Plaintiff from filing a motion to retroactively amend its Complaint, *nunc pro tunc*, should Plaintiff believe that there is a legal basis to do so.

"When an amended complaint is filed without seeking leave, it is a legal nullity." *Cooper v. McMichael*, No. CV 221-020, 2024 WL 1219723, at *5 (S.D. Ga. Mar. 21, 2024) (citing *Hoover v. Blue Cross & Blue Shield*, 855 F.2d 1538, 1544 (11th Cir. 1988)).  Stated differently, it is "without legal effect." *Hoover*, 855 F.2d at 1544 (citation omitted).  For the reasons discussed above, there is no Count IV, as Count IV (unlike Counts I, II, and III) was not pled in the original,

9

operative Complaint. Because there is no Count IV, it was error for the Court to enter summary judgment on the Count. Because it was error, the Court grants in part Plaintiff's Motion insofar as the Court vacates its entry of summary judgment on Count IV.

## IV. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Alter or Amend or For Relief From Judgment [DE 63] is **GRANTED IN PART AND DENIED IN PART** insofar as the Court **VACATES** its prior entry of summary judgment in favor of Defendant on Count IV; the Motion is **DENIED** in all other respects. It is **FURTHER ORDERED** that Defendant's Motion for Costs [DE 66] is **REFERRED** to Magistrate Judge Bruce E. Reinhart for an appropriate disposition.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 14th day of August, 2025.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE