UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 24-80423-CIV-MARTINEZ-REINHART

AFFORDABLE AERIAL PHOTOGRAPHY,
INC., a Florida Corporation,

      Plaintiff,

v.

RYAN WITKOWSKI, an Individual, and
BEACH TOWN REAL ESTATE, LLC, a
Florida Limited Liability Company,

      Defendants.

_____/

## ORDER ON MOTION FOR LEAVE TO RETROACTIVELY AMEND COMPLAINT

**THIS CAUSE** comes before this Court upon Plaintiff Affordable Aerial Photography, Inc.'s Motion for Leave to Retroactively Amend Plaintiff's Complaint *Nunc Pro Tunc* (the "Motion"). (ECF No. 71.) This Court has reviewed the Motion, Defendant Beach Town Real Estate, LLC's ("BTRE") Opposition to the Motion ("Response"), (ECF No. 73), Plaintiff's Reply in Support of the Motion, (ECF No. 74), pertinent portions of the record, and is otherwise fully advised. After careful consideration, and for the reasons set forth herein, Plaintiff's Motion, (ECF No. 71), is **DENIED**.

**I.    FACTUAL BACKGROUND**

On April 8, 2024, Plaintiff filed a copyright action against Defendants, alleging the following: Count I, Direct Copyright Infringement of VA 2-199-059; Count II, Contributory/Vicarious Infringement of VA 2-119-059; and Count III, Removal of Copyright Management Information from VA 2-119-059. (ECF No. 1.) Defendants filed their first Answer and Affirmative Defenses on May

1, 2024. (ECF No. 10.) The Court entered a Scheduling Order on June 4, 2024, establishing a deadline of August 5, 2024, to amend the pleadings. (ECF No. 12.)

On August 5, 2024, without the written consent of the Defendants, and without seeking leave of the Court, Plaintiff filed its First Amended Complaint ("Amended Complaint"), which repeated Counts I-III, and added Count IV, Direct Copyright Infringement of VA 2-075-528. (ECF No. 14.) Defendants were put on notice of the amendments to the Complaint, but did not oppose the filing of the Amended Complaint. (ECF No. 71 at 2.) Defendants timely filed their Answer and Affirmative Defense to Plaintiff's Amended Complaint. (ECF No. 23.) The Parties continued litigating the Amended Complaint. (*See* ECF No. 30; ECF No. 50.)

Plaintiff filed its Motion for Summary Judgment on December 10, 2024. (ECF No. 30.) BTRE opposed the motion, arguing Plaintiff lacked the evidence necessary for each claim requesting relief under Federal Rule of Civil Procedure56(f). (ECF No. 35.) Thereafter, BTRE filed its own Motion for Summary Judgment, (ECF No. 50), which the Court granted on all counts. (ECF No. 60.) Twenty-eight days after entry of final judgment, Plaintiff moved for reconsideration under Rule 59(e). (ECF No. 63.) On August 15, 2025, the Court granted the motion in part, vacating the judgment as to Count IV because there was no Count IV; the Court never granted—nor did Plaintiff ask for—permission to amend, nor did Plaintiff get Defendants' written consent to amend its Complaint. (ECF No. 69.) The Court noted, however, "nothing in this Order shall prevent Plaintiff from filing a motion to retroactively amend its Complaint, *nunc pro tunc*, should Plaintiff believe there is a legal basis to do so." (*Id.* at 9.)

On September 8, 2025, Plaintiff moved under Federal Rule of Civil Procedure 15 to retroactively amend the Complaint *nunc pro tunc* to add Count IV to this action. (ECF No. 71.) BTRE opposed the Motion, arguing that Plaintiff failed to address or meet the proper post-judgment standard, namely Rules 59(e) and 60(b). (ECF No. 73 at 5.) In response, Plaintiff explains why Rule

2

15 is the proper standard governing the Motion, arguing the Rule 16 "good cause" standard and the Rule 60(b) "exceptionality standard" have both been met. (*See* ECF No. 74.)

## II. DISCUSSION

Rule 15 governs amendment to pleadings. *See* Fed. R. Civ. P. 15. A Rule 15 motion is inappropriate if the court clearly indicates no amendment is possible or that dismissal of the complaint also constitutes dismissal of the action. *MacPhee v. MiMedx Group, Inc.*, 73 F.4th 1220, 1250 (11th Cir. 2023*)*. After a court enters final judgment, Rule 15 no longer applies and "no amendment is possible unless the judgement is first set aside." *Boyd v. Secretary, Department of Corrections*, 114 F.4th 1232, 1237 (11th Cir. 2024). "Post-judgment, the plaintiff may seek leave to amend [under Rule 15] if he is granted relief under Rule 59(e) or Rule 60(b)(6)." *U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1361 n.22 (11th Cir. 2006).

Apart from initial amendments that are permissible as a matter of course, "a party may amend its pleadings only with the opposing party's written consent or the court's leave" pursuant to Rule 15. Fed. R. Civ. P. 15(a)(2); *see also In re Engle Cases*, 767 F.3d 1082, 1119 n.37 (11th Cir. 2014) (explaining that the party seeking leave to amend bears the burden of demonstrating entitlement to that relief). "The court should freely give leave when justice so requires." *Id.* Plaintiffs should be afforded the opportunity to test their claims on the merits when "the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

However, the court may deny leave "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). *See Brewer-Giorgio v. Producers Video, Inc.*, 216 F.3d 1281, 1284 (11th Cir. 2000) (finding undue delay where the plaintiffs,

3

failing to show good cause, moved to amend eight months after the deadline provided by the scheduling order, and over a year after filing their original complaint) *abrogated on other grounds* by *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010); *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (explaining amendment would be futile when the complaint as amended would immediately be subject to summary judgement for the defendant). In any event, "the grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman*, 371 U.S. at 182.

When a motion for leave to amend is filed after a scheduling order deadline, Rule 16 instructs the proper guide for whether a party's delay may be excused. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n.2 (11th Cir. 1998). A scheduling order may only be modified for good cause and with the judge's consent. Fed. R. Civ. P 16(b)(4). Good cause exists when the deadline set by the scheduling order could not "be met despite the diligence of the party seeking extension." *Sosa*, 133 F.3d at 1418; *see also Southern Grouts & Mortars, Inc. v. 3M Co*, 575 F.3d 1235, 1241 n.3 (11th Cir. 2009) (explaining lack of diligence precludes a finding of good cause in cases where, before the deadline passes, a plaintiff has full knowledge of the information with which it seeks to amend its complaint or where a plaintiff fails to seek information needed to determine whether to amend before the deadline passes); *U.S. ex rel. Olhausen v. Arriva Medical, LLC*, 511 F. Supp 3d 1278, 1282 (S.D. Fla. 2021) (finding no good cause where plaintiff was put on notice of fundamental pleading defects by the motion to dismiss yet failed to amend despite having the opportunity to do so).

Here, Plaintiff moved to retroactively amend its Complaint to add Count IV, arguing Count IV relates back to the original claims under Rule 15(c). (ECF No. 71 at 3.) Plaintiff contends that Defendants were on notice of Plaintiff's intent to amend, were aware of Plaintiff's oversight, and failed to oppose the filing. (ECF No. 71 at 2.) Further, Plaintiff asserts that a valid Rule 59(e) ruling, *see* (ECF No. 69 at 7-10), activates the procedural mechanism to proceed with a Rule 15 motion to amend, which does not require a showing of the same "extraordinary circumstances" governing Rule

4

60(b)(6). (ECF No. 74 at 3-4.) Regardless, Plaintiff maintains that "extraordinary circumstances" under Rule 60(b) exist because the Court's order, (ECF No. 69 at 9), contemplated and recommended the filing of a Rule 15 motion to retroactively amend within its order vacating its judgement as to Count IV. (ECF No. 74 at 3-4.)

Defendant opposes the Motion, disagreeing with Plaintiff's relation back argument and arguing that Rules 59(e) and 60(b), not Rule 15, govern post judgment amendments, and Plaintiff failed to meet or address either. (ECF No. 73 at 2, 6, 9-10.) Defendant further argues that even if Rule 15 was the proper standard, the Motion should still be denied for failure to show "good cause" pursuant to Rule 16(b), futility, and undue delay in seeking to amend. (*Id.* at 7–8.)

Although Rules 59(e) and 60(b) govern motions to amend post-judgment, they do not govern Plaintiff's Motion. *See MacPhee*, 73 F.4th at 1250. After the Court granted Defendant's Motion for Summary Judgment on all counts, Plaintiff moved for reconsideration under Rule 59(e). (ECF No. 63.) The Court granted the motion, in part, vacating the judgment as to Count IV. (ECF No. 69.) Therefore, the judgment was partially "set aside". *See Boyd*, 114 F.4th at 1237. Because Plaintiff was granted relief under Rule 59(e), it may seek leave to amend under Rule 15.[1] *See U.S. ex rel. Atkins*, 470 F.3d at 1361 n.22.

However, Plaintiff seeks leave to amend over a year after the deadline set by the scheduling order, (ECF No. 12), meaning it must show "good cause" for the delay. *See* Fed. R. Civ. P. 16(b); *Sosa*, 133 F.3d at 1418 (explaining diligence is key to determining if there is good cause). Here, Plaintiff fails to satisfy the good cause requirement where it had notice of the applicability of the Federal Rules and nevertheless failed to amend before the deadline. *Olhausen*, 511 F. Supp 3d at

---

[1] The Court does not address the Parties' arguments under Rule 60(b)'s "exceptional circumstances" because Rule 15 and Rule 16 govern the Motion.

1282.[2] On July 18, 2024, the Parties discussed Plaintiff's upcoming amendments in their meet and confer. (*See* ECF No. 71 at 1–2.) Therefore, Plaintiff had full knowledge of the information with which it seeks to amend its Complaint before the deadline passed. (*Id.*)

Plaintiff's Amended Complaint was filed without meeting the requirements of the Federal Rules of Civil Procedure. (*See* ECF No. 71 at 2.) Notice of intent to amend is not sufficient to meet the requirements delineated under Rule 15, which requires Defendant's written consent or the Court's leave to amend. *See* Fed. R. Civ. P. 15. Therefore, Plaintiff's oversight and lack of diligence resulted in its failure to properly amend despite having the knowledge of the information with which it seeks to amend and the opportunity to do so. Lack of diligence precludes a finding of good cause or alteration of the scheduling order, and Plaintiff's delay in properly amending the Complaint may not be excused. *See Sosa*, 133 F.3d at 1418; *Southern Grouts & Mortars, Inc.*, 575 F.3d at 1241 n.3.

Even if the Court determined the "good cause" standard was met, futility bars Plaintiff's Motion. *See Cockrell*, 510 F.3d at 1310. The Court already addressed Count IV as if it had been properly admitted granting judgment in favor of Defendant. (*See* ECF No. 60.) Although the Court recognized it was an error to grant judgment on Count IV upon reconsideration, the Court's analysis remains sound. (*Id.*) Count IV was vacated solely because the Amended Complaint was never properly admitted, meaning there was no Count IV. (ECF No. 69.) If granted, Plaintiff's amendment would lead the Court to the same analysis it explained previously which resulted in judgment for Defendant. Therefore, Plaintiff's amendment to the Complaint is futile as it would nevertheless be immediately subject to summary judgment.

---

[2] The Court relies on *Olhausen* solely for the principle that a party lacks good cause under Rule 16(b) when it has notice of the defects in its pleadings and an opportunity to amend before the deadline but fails to do so.

Undue delay also bars the Plaintiff's Motion. Plaintiff seeks leave to amend one year and five months after filing the Complaint, and more than one year after the deadline to amend the pleadings passed. (*See* ECF Nos. 1,12, and 73.) Although Defendant did not raise any concerns regarding Plaintiff's improper filing of the Amended Complaint until January 17, 2025, (ECF No. 73 at 8), Plaintiff bears the burden of demonstrating entitlement to relief. *See In re Engle Cases*, 767 F.3d at 1119 n.37. Furthermore, Plaintiff waited over seven months to seek leave to amend after Defendant pointed out they failed to properly seek leave to amend, despite Plaintiff being made aware of its oversight and having the opportunity to amend. (ECF No. 73 at 8.) Thus, Plaintiff's undue delay in seeking leave to amend also bars Plaintiff's Motion.[3]

### III.  CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** that Plaintiff's Motion, (ECF No. 71), is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 10 day of November, 2025.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record

---

[3] The Court does not address Plaintiff's relation back argument because reaching it is unnecessary for the outcome here.