UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-80423-JEM

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

Plaintiff,

v.

BEACH TOWN REAL ESTATE, LLC,

Defendant.

_______________________________________/

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR FULL COSTS, INCLUDING ATTORNEYS' FEES [ECF No. 66]**

Defendant Beach Town Real Estate, LLC's ("Beach Town") asks for an award of $78,226.03 in attorneys' fees and non-taxable costs pursuant to the Copyright Act (17 U.S.C. § 505). ECF No. 66 at 6 ("the Motion").[1] For the following reasons, the Motion is GRANTED in part and DENIED in part.

## I. PROCEDURAL HISTORY

Plaintiff, Affordable Aerial Photography, Inc. ("Affordable Aerial"), filed a Complaint against Beach Town and Ryan Witkowski ("Mr. Witkowski") (together, the "Defendants"), on April 8, 2024. ECF No. 1. The Complaint states three counts for:

[1] Pinpoint citations to the parties' filings refer to the number CM/ECF generates at the top of the page.

(1) Direct Copyright Infringement under 17 U.S.C. § 501, (2) Contributory/ Vicarious Infringement, and (3) Removal of Copyright Management Information. *Id.* On May 1, 2024, Defendants filed their Answers. ECF No. 9, 10. The Answers were filed by attorney Darren Adam Heitner on behalf of the Defendants. ECF No. 9, 10. Shortly thereafter, Keith Andrew Malberti ("Mr. Malberti") and Mark F. Warzecha ("Mr. Warzecha") each filed a Notice of Attorney Appearance on behalf of the Defendants. ECF No. 18, 22. Affordable Aerial amended its Complaint on August 5, 2025, adding a fourth claim for Direct Copyright Infringement of a different copyrighted picture under 17 U.S.C. § 501. ECF No. 14. On August 12, 2025, Mr. Witkowski settled with Affordable Aerial. ECF No. 15.

Thereafter, Edward Fortune McHale ("Mr. McHale") filed a Notice of Attorney Appearance on behalf of Beach Town. ECF No. 34. The remaining parties filed cross-motions for summary judgment on all claims. ECF No. 50. After a full briefing, on February 27, 2025, the Court granted summary judgment in favor of Beach Town on all four claims. ECF No. 60.

One month later, Affordable Aerial filed a Motion to Alter Judgment or for Relief from Judgment. ECF No. 62, 63. On August 14, 2025, an Order was entered granting in part and denying in part Affordable Aerial's motion. ECF No. 69. The Order left in place the judgment on the first three counts and vacated the judgment on the fourth count. *Id.* The Court reasoned that Affordable Aerial had added Count IV when it no longer had the unilateral right to amend its Complaint and it never sought leave to amend, so the fourth count was improperly allowed to be litigated. *Id.*

Now, Beach Town has filed a Motion seeking attorney's fees and costs under Federal Rule of Civil Procedure 54(d). ECF No. 66.

## II. LEGAL PRINCIPLES

### A. *Attorney's Fees*

Federal Rule of Civil Procedure 54(d)(2) allows for recovery of attorneys' fees and costs by a prevailing party if permitted by statute or contract. Fed. R. Civ. P. 54(d)(2). Section 505 of the Copyright Act states:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505. To receive an award for fees, "the party receiving the fee [must] be the 'prevailing party' and [ ] the fee [must] be reasonable." *MiTek Holdings, Inc. v. Arce Eng'g Co., Inc.*, 198 F.3d 840, 842 (11th Cir. 1999). "The Copyright Act gives the Court broad discretion to determine whether a party is the prevailing party and whether the amount of fees is reasonable." *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1296 (S.D. Fla. 2015). Still, the prevailing party has the burden to establish entitlement to attorneys' fees. *See id.* at 1301.

"'There is no precise rule or formula for making these determinations,' but instead equitable discretion should be exercised 'in light of the considerations [the Supreme Court has] identified.'" *Fogerty v. Fantasy*, Inc., 510 U.S. 517, 518 (1994) (quoting *Hensley v. Eckhart*, 461 U.S. 424, 436-37 (1983)); *see Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197 (2016). *Fogerty* allows courts to consider frivolousness,

motivation, objective unreasonableness, and the surrounding circumstances to advance goals of compensation and deterrence. 510 U.S. at 534. *Kirtsaeng* states that the court can consider the "objective reasonableness of the losing party's position." 579 U.S. at 208. The *Kirtsaeng* factor is an "important factor" that carries "significant weight" in assessing fee applications" but is not controlling. *Id.* at 208-09.

In exercising its discretion under Section 505, the "touchstone . . . is whether the imposition of attorney's fees will further the interests of the Copyright Act." *MiTek,* 198 F.3d at 842. The interests of the Copyright Act include "encouraging the raising of objectively reasonable claims and defenses" that may deter infringement and clarify copyright law. *Id.* at 842-43. Further, courts consider the non-exclusive factors of "'frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."' *Fogerty*, 510 U.S. at 534 n.19 (quoting *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 156 (3d Cir. 1986)); *see also InDyne, Inc. v. Abacus Tech. Corp.*, 587 F. App'x 552, 554 (11th Cir. 2014). A determination of "good faith in bringing a suit is not determinative of the issue of attorney's fees," nor is a showing of frivolity or bad faith a requirement to grant fees. *Mitek*, 198 F.3d at 842; *see also Sherry Mfg. Co. v. Towel King of Fla., Inc.*, 822 F.2d 1031, 1034 (11th Cir. 1987).

"[A]lthough attorneys' fees are awarded in the trial court's discretion, they are the rule rather than the exception and should be awarded routinely" in copyright cases. *Arista Records, Inc. v. Beker Enters.*, 298 F. Supp. 2d 1310, 1316 (S.D. Fla.

2003) (citation omitted); *see Broadcast Music, Inc. v. Dano's Restaurant Sys., Inc.*, 902 F. Supp. 224, 227 (M.D. Fla. 1995). In fact, "[w]here a defendant is the prevailing party in a copyright case, the presumption in favor of awarding fees to the defendant is very strong." *Katz*, 127 F. Supp. 3d at 1297.

B. *Prevailing Party Status*

The term "prevailing party" is referenced in multiple statutes and is consistently interpreted. *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 422 (2016). The same "prevailing party" analysis applies whether the party is asking for attorneys' fees or costs. *Royal Palm Props., LLC v. Pink Palm Props., LLC*, 38 F.4th 1372, 1377 (11th Cir. 2022). The "touchstone" of the inquiry is the "material alteration of the legal relationship." *Affordable Aerial Photography, Inc. v. Prop. Matters USA, LLC*, 108 F.4th 1358, 1362 (11th Cir. 2024); *see also Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93. That said, the inquiry varies for plaintiffs and defendants. *Affordable Aerial Photography, Inc.*, 108 F.4th at 1362; *see also CRST Van Expedited, Inc.,* 578 U.S. at 431.

The plaintiff can be a prevailing party upon "secur[ing] an 'enforceable judgment[t] on the merits' or a 'court-ordered consent decre[e],' . . . because [the plaintiff] has received a 'judicially sanctioned change in the legal relationship of the parties.'" *CRST Van Expedited, Inc.*, 578 U.S. at 422 (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 605 (2016)). The defendant can be a prevailing party "'whenever the plaintiff's challenge is rebuffed,'" regardless of whether the reason is non-meritorious.

*Affordable Aerial Photography, Inc.,* 108 F.4th at 1362-63. But this can only occur when "the plaintiff's challenge is 'marked by "judicial *imprimatur*,"'" meaning "the court itself must act to reject or rebuff the plaintiff's claims." *Id.* at 1363. (emphasis in original) (quoting *Buckhannon*, 532, U.S. at 605).

C. *Calculation of Fee Award: The Lodestar Method*

Once an attorney's fee award can be awarded, it must be calculated. In calculating attorney fee awards, courts use the lodestar method, where a reasonable fee award is "properly calculated by multiplying the number of hours reasonably expended times a reasonable hourly rate." *Am. C.L. Union of Georgia v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1994)). This "lodestar" may then be adjusted for the results obtained. *See id.* (citing *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)).

In computing the lodestar amount, courts should consider: (1) the time and labor required, the novelty, complexity, and difficulty of the questions involved, and the skill required to perform the legal service properly; (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee, or rate of fee, customarily charged in the locality for legal services of a comparable or similar nature; (4) the significance of, or amount involved in, the subject matter of the representation, the responsibility involved in the representation, and the results obtained; (5) the time limitations imposed by the client or by the circumstances and, as between attorney and client, any additional or special time demands or requests of the attorney by the client; (6) the nature and

length of the professional relationship with the client; (7) the experience, reputation, diligence, and ability of the lawyer or lawyers performing the service and the skill, expertise, or efficiency of effort reflected in the actual providing of such services; and (8) whether the fee is fixed or contingent. *Wachovia Bank v. Tien*, No. 04-20834, 2015 WL 10911506, at *1 (S.D. Fla. Apr. 7, 2015) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974) (listing nearly identical factors to consider in determining a reasonable attorney's fee)).

The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (quoting *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999)). "Generally, the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed . . .'" *Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2013 WL 6238647, at *12 (S.D. Fla. Dec. 3, 2013) (quoting *Barnes*, 168 F.3d at 427). The fee applicant bears the burden of establishing the claimed market rate. *See Barnes*, 168 F.3d at 427. If the fees requested are not representative of reasonable hourly rates in the place the case is filed, the Court has leave to reduce the fees to reflect the local market. *Five for Entm't, S.A. v. Ayala Rodriguez*, No. 11-24142-CV, 2017 WL 511085, at *6 (S.D. Fla. Feb. 2, 2017) (adjusting New York City and Washington D.C. rates to reflect the South Florida legal market); *City Place Retail, L.L.C. v. Wells Fargo Bank, N.A.*, 18-CV-81689, 2021 WL 3361172, at *5 (S.D. Fla. Jan. 12, 2021) ("Palm Beach County comprises a distinct legal market.").

The court must consider "what a reasonable, paying client would be willing to pay," bearing in mind "all of the case-specific variables that . . . courts have identified as relevant to the reasonableness of attorney's fees," including the *Johnson* factors. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 184, 190 (2d Cir. 2008) (the court must "step[ ] into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively"); *Griffith v. McDonough*, No. 20-11464, 2021 WL 4461605, at *2 (11th Cir. Sept. 29, 2021) ("The fact that a client and attorney have agreed on the contracted rate is 'a strong indication of a reasonable rate'" (citation omitted)); *Common Cause Ga. v. Sec'y*, 17 F.4th 102, 109 (11th Cir. 2021) ("[t]here remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the results obtained" (citation omitted) (internal quotation marks omitted)). In addition, the court may consider prior hourly rates awarded to other attorneys of similar experience in the community as well as the court's own knowledge of the rates charged by local practitioners. *See McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96–97 (2d Cir. 2006) ("A district court may also use its knowledge of the relevant market when determining the reasonable hourly rate."). *See also Norman*, 836 F.2d at 1303 ("[t]he court . . . is itself an expert on the question [of fees] and may consider its own knowledge and experience concerning reasonable and proper fees . . .").

As to the type of evidence that the fee claimant should produce in support of a fee claim, in *Barnes*, the Eleventh Circuit stated:

> The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates. That burden includes supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, [ ] counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity.

168 F.3d at 427 (citations and quotations omitted).

In submitting a request for attorney's fees, fee applicants are required to exercise "billing judgment." *Id.* at 428 (quoting *Hensley*, 461 U.S. at 434). If fee applicants do not exercise billing judgment by excluding "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel," the court must exercise billing judgment for them. *Id.* at 428 (quoting *Norman*, 836 F.2d at 1301).

The determination of fees "should not result in a second major litigation." *Fox v. Vice*, 563 U.S. 826, 838 (2011) (quoting *Hensley,* 461 U.S. at 437). The Court explained:

> The fee applicant (whether a plaintiff or a defendant) must, of course, submit appropriate documentation to meet "the burden of establishing entitlement to an award. But trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.

*Id.* (internal citations omitted).

D. *"Fees on Fees"*

Litigants can "recover the cost of establishing their right to, and the amount of attorney's fees." *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1301 (11th Cir. 2010). "Fees on fees" are generally permitted with fee-shifting statutes, such as Section 505 of the Copyright Act. *Id.*; *Pro'l LED Lighting, Ltd. v. Aadyn Tech. LLC*, No. 14-cv-61376-BLOOM/VALLE, 2015 WL 11570970, at *20-23 (S.D. Fla. July 22, 2015) (stating that an award for fees on fees is generally permitted for Copyright claims in other Circuits and that entirely denying fees on fees would "frustrate Congressional intent"). When assessing the amount of "fees on fees" to be awarded, the standard is whether the fee is reasonable. *See Zediker v. OrthoGeorgia*, 857 Fed. Appx. 600, 613-14 (11th Cir. 2021). However, "[l]awyers should not be compensated for turning the litigation about attorneys' fees into a 'second major litigation.'" *Thompson v. Pharm. Corp. of Am., Inc.*, 334 F.3d 1242, 1245 (11th Cir. 2003) (quoting *Hensley*, 461 U.S. at 437).

E. *Local Rule 7.3*

Compliance with Southern District of Florida Local Rule 7.3 is a prerequisite to receiving fees. Local Rule 7.3(b) requires the party seeking fees to serve, but not file, a draft motion "at least thirty (30) days prior to the deadline for filing any motion for attorneys' fees and/or costs." L. R. 7.3(b). Once served, "[t]he respondent shall describe in writing and with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount, and shall provide supporting legal authority." *Id.*

Noncompliance with the Local Rules of the Southern District of Florida, including Local Rule 7.3, is sufficient ground to consider a subsequent objection forfeited. *See Norych v. Admiral Ins. Co.*, No. 08-60330-CIV, 2010 U.S. Dist. LEXIS 69793, at *4-6 (S.D. Fla. June 23, 2010) (noncompliance with Local Rule 7.3 allows for denial of attorney's fees); *see also 4539 Pinetree LLC v. Certain Underwriters at Lloyd's London*, No. 1:22-22907-CIV-Martinez/Sanchez, 2025 WL 2098804, at *3 (S.D. Fla. July 8, 2025) ("[n]oncompliance with Local Rule 7.3 is 'sufficient reason' to deny a motion for attorneys' fees"); *see also Koppelman v. Galt Olcean Manor Condo. Ass'n*, No. 16-CV-62175-BLOOM/VALLE, 2017 U.S. Dist. LEXIS 199874, at *8-9 (S.D. Fla. Dec. 1, 2017) (noncompliance with Local Rules based on futility is not permissible).

F. *Costs*

Under the Federal Rules, prevailing parties are entitled to recover costs as a matter of course unless otherwise directed by the court or statute. *See* Fed. R. Civ. P. 54(d)(1). Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party. *See Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991). Such presumption, however, is not without limits and courts may only tax costs as authorized by statute. *See EEOC v. W&O, Inc.,* 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 445 (1987)).

Title 28, United States Code, Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). Section 1920 provides in part:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. In the exercise of sound discretion, the Court receives great latitude in ascertaining taxable costs. *See EEOC v. W&O, Inc.,* 213 F.3d 600, 621 (11th Cir. 2000). "Absent explicit statutory or contractual authorization, the Court is limited to those costs specifically enumerated in 28 U.S.C. § 1920." *See id*. at 620; *Crawford Fitting Co.,* 482 U.S. at445.

As well, the Court has an independent obligation to ensure the costs awarded are proper. *Barnes*, 168 F.3d at 428 ("[I]t is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded."). However, out of pocket expenses incurred by an attorney and charged to the client are generally recoverable under 17 U.S.C. § 505 to the extent permitted by 28 U.S.C. § 1920. *Lil' Joe Wein Music, Inc. v. Jackson*, No. 06-20079-CIV-HUCK/SIMONTON, 2008 U.S. Dist. LEXIS 112730, at *38 (S.D. Fla. June 6, 2008).

## III. DISCUSSION

### A. *Compliance with Local Rule 7.3*

Affordable Aerial says that Beach Town is not entitled to fees under the *Fogerty* and *Kirtsaeng* factors. ECF No. 67 at 6-10. Beach Town responds that Affordable Aerial forfeited this argument because it did not raise the objection during the Local Rule 7.3 pre-motion process. ECF No. 66 at 17-18.

I decline to find that Affordable Aerial forfeited this argument. The intent of Local Rule 7.3(b) is to make the parties "confer and attempt in good faith to agree on entitlement." L. R. 7.3(b). Here, the parties conferred and could not agree on entitlement. *See* ECF No. 66. Moreover, as discussed below, the *Fogerty* and *Kirtsaeng* factors support a fee award, so there is no prejudice to Beach Town if I consider these factors.

### B. *Prevailing Party Determination*

Beach Town is the prevailing party. The Court granted summary judgment for Beach Town on Counts I, II, III, and IV. ECF No. 60. A final judgment has been entered on Counts I, II, and III. ECF No. 69. The Court vacated its judgment on Count IV because it was a "legal nullity." *Id.* At 9. As a result, Beach Town remains the prevailing party on all remaining counts.

C. *Lodestar Calculation*

1. Reasonable Hourly Rates

Beach Town seeks reimbursement for work performed by five timekeepers. ECF No. 66 at 24. Affordable Aerial does not object to the rates requested by Beach Town for any timekeeper. ECF No. 67 at 10. Still, a review of the affidavit and biographies accompanying the Motion provides the following information to assist the Court in assessing the reasonableness of the rates charged:

Andrew Lockton ("Mr. Lockton") is an associate attorney at McHale & Slavin. ECF No. 66-11 ¶ 2. He has over a decade of legal experience focusing on intellectual property matters and is a Registered Patent Attorney. *See id*. He is a member of many State, Federal District Court, and Appellate Bar Associations, as well, as a member of the Bar of the United States Supreme Court. *Id.* He seeks an average hourly rate of $450.00. *Id.*

Mr. McHale is a partner at McHale & Slavin and has been practicing for over forty-five years focusing on intellectual property litigation for approximately forty years. *See id.* ¶ 3. He is a member of many State, Federal District Court, and Appellate Bar Associations, as well as a member of the Bar of the United States Supreme Court. *Id.* He seeks an average hourly rate of $550.00 per hour. *Id.* at 5.

Mr. Warzecha is the Director of Wilderman Malek's Intellectual Property Litigation department with decades of experience. ECF No. *Id.* ¶ 8. He seeks an average hourly rate of $550.00. *Id.* ¶ 7.

Mr. Malberti is an intellectual property attorney at Wilderman Malek focused on trademark prosecution and civil litigation for intellectual property disputes. ECF No. 66-5. He has been practicing law since 2019. ECF No. 66-11 at ¶ 11. He seeks an average hourly rate of $395.00. *Id.* ¶ 10.

I have conducted an independent review of the hourly rates and find that Beach Town's requested attorneys' rates are reasonable in comparison with qualified lawyers in Palm Beach County. Taking into account the *Johnson* factors as well as what a reasonable, paying client would be willing to pay considering the subject of the litigation in 2026; and considering that Affordable Aerial does not object to the hourly rates of Beach Town's counsel, I find the following hourly rates to be reasonable here:

| **Timekeeper** | **Rate** |
|---|---|
| Mr. Lockton | $450.00 |
| Mr. McHale | $550.00 |
| Mr. Warzecha | $550.00 |
| Mr. Malberti | $395.00 |

These hourly rates are consistent with the prevailing market rates in the Palm Beach County and reflect the experience of Beach Town's legal team, the complexity of the litigation, and the experience of counsel.

Beach Town also seeks an hourly rate of $175.00 for work done by a legal assistant, Kimberly Johnson. ECF No. 66-11 at ¶ 12, 13. Affordable Aerial does not object to the rate requested by Beach Town for Ms. Johnson. *See* ECF No. 67 at 10-11. Accordingly, I find Ms. Johnson's hourly rate of $175.00 to be reasonable for a legal assistant.

2. Reasonable Hours

Beach Town seeks reimbursement for work done between September 2024 and April 2025 by Wilderman Malek and McHale & Slavin attorneys. ECF No. 66-6, 66-7, 66-9. The time entries for the Wilderman Malek attorneys and legal assistant are found on docket entry 66-6. Since beginning work on the case in September 2024 through April 2025, Wilderman Malek attorneys billed 49 hours.[2] ECF No. 66-6. The total fees billed by Wilderman Malek during the case is $20,949.00.[3] *Id.* Since beginning work on the case in January 2025, the McHale & Slavin attorneys documented 115.75 hours worked with 106.7 billed. ECF No. 66-7; ECF No. 66-9. The

[2] Beach Town has requested 50.7 hours of time worked, however, the billing entries provided by Beach Town only support 49 hours of billed time. *Compare* ECF No. 66 at 19, *with* ECF No.66-6. As a result, 49 hours will be used to assess the amount of reasonable attorney's fees. Written off hours will be discussed below.

[3] Beach Town has requested $21,247.00 in fees billed by Wilderman Malek, however, the billing entries provided by Beach Town only support $20,949.50 in fees. *Compare* ECF No. 68, *with* ECF No. 66-6. As a result, $20,949.50 hours will be used to assess the amount of reasonable attorney's fees. Written off time will be discussed below.

total documented fees for hours worked by McHale & Slavin during the case is $51,091.00, and the total fees billed is $48,623.50.[4] ECF No. 66-7, 66-9.

3. Time Charged to Learn the Case by Subsequent Counsel

Affordable Aerial requests that certain entries from Wilderman Malek be removed or reduced. ECF No. 67 at 11-12. The majority of Affordable Aerial's objections are to Wilderman and Malek's billing entries incurred during the "preliminary stages" of the litigation as the "second law firm hired by Defendant." *Id.* at 11. Affordable Aerial also contends that decisions to communicate with outside counsel and produce internal memorandums are poor billing judgment. *Id.*

"A client's choice to employ multiple attorneys should not be paid for by the party to whom fees are shifted." *Toste v. Beach Club at Fontainebleau Condo. Ass'n, Inc.*, No. 1:20-CV-23771-KMM, 2025 WL 307238, at *6 (S.D. Fla. Jan. 9, 2025). "When more than one attorney represents a party, a court *must* deduct from the fee award any 'redundant hours.'" *Vazquez v. 1052 LLC*, No. 15-22677-Civ, 2016 WL 541432, *3 (S.D. Fla. Feb. 11, 2016) (emphasis added). Redundant hours "generally occur where more than one attorney represents a client." *Norman,* 836 F.2d at 1301-02. When a fee applicant seeks to recover fees for the work of multiple attorneys, the fee applicant must show that the attorneys "are not unreasonably doing the same work and are

[4] Beach Town has requested $51,091.50 in fees billed for McHale & Slavin, however, the billing entries provided by Beach Town only support $48,623.50 in billed time. *Compare* ECF No.66 at 24, *with* ECF No. 66-7 and 66-9. As a result, $48,623.50 will be used to assess the amount of reasonable attorney's fees. Written off time will be discussed below.

being compensated for the distinct contribution of each lawyer." *Id.* at 1302; *Barnes*, 168 F.3d at 432. When duplicative billing is present, it is generally impermissible. *Katz*, 127 F. Supp. 3d at 1304 ("[t]he Court must eliminate these redundant and repetitive hours in the fee application keeping in mind that 'the measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the lease time in which it might theoretically have been done.'") (citation omitted).

I find that the fees charged by succeeding counsel to learn the case are not reasonable. As well, I find that the time spent by the attorneys reviewing previously performed work and conferencing with prior counsel is not recoverable. There is no information suggesting that the subsequent reviews by new counsel represent a distinct contribution from the time previously billed. The new attorneys reviewed work performed by prior counsel and, while commendable due diligence, their work was duplicative. To the extent there is duplicative billing in this case from redundant work, it is not recoverable. *See* ECF No. 67. At the same time, as I now discuss, there is a secondary problem inseparating the duplicative hours from the recoverable fee amount because time entries for the duplicative work are contained in block billing entries that also contain compensable work.

4. <u>Block Billing Entries</u>

Affordable Aerial argues these preliminary entries are duplicative and show "poor billing judgment" due to block billing techniques. ECF No. 67 at 11.

Block billing in the Widerman Malek entries raises concern because "it mak[es] it difficult to ascertain how much time was spent on each task." *Dial HD, Inc. v. Clearone Communs., Inc.*, 536 Fed. Appx. 927, 931 (11th Cir. 2013). "[T]he Court must be able to verify the need or relatedness of those projects before it can approve payment for the time incurred." *Onemata Corp. v. Ashfaq Rahman*, No. 20-CV-62002-DIMITROULEAS/VALLE, 2025 U.S. Dist. LEXIS 90782, at *11 (S.D. Fla. May 13, 2025). When block billing is present, courts will routinely reduce the entries with block billing by a percentage. *See Wheeler-McCorvey v. Kijakazi*, No. 22-62104-SCOLA/GOODMAN, 2024 WL 3236765, at *3 (S.D. Fla. Mar. 19, 2024) ("In the instant case, the block billed entries will be reduced by 40% because there is no way to determine the amount of time counsel spent on each of the specific tasks mentioned in the block-billed entries"); *Onemata Corp.*, 2025 U.S. Dist. LEXIS at *12-13; *CodeVentures, LLC v. Vital Motion, Inc.*, No. 20-CV-21574-MORENO/GOODMAN, 2021 WL 7598708, at *6 (S.D. Fla. Oct. 19, 2021) ("Courts regularly reduce hours when attorneys engage in block billing").

In total, there are 13.5 hours that relate to reviewing or communicating about work completed by prior attorneys for Beach Town. ECF No. 66-6, 66-7. Of the 13.5 hours, 11.1 are included in block billing entries. ECF No. 66-6, 66-7. I find that the entries contained in block billing make it difficult to determine how much time was spent on the tasks that were determined to not be recoverable. Without further detail from Beach Town's counsel, and based on my personal experience, I find it reasonable

that most of the work initially done by the new lawyers was duplicative. As a result, the compensable time entries will be reduced to 7 hours to account for block billing.[5]

5. Exercise of Billing Judgment

Beach Town requests that it receive compensation for hours worked that were written off and never billed to the client. ECF No. 66 at 18. Affordable Aerial responds that counsel decided not to charge the client for these services, so the written off hours are not recoverable. ECF No. 67 at 12-13.

While some courts have allowed a fee award to exceed the actual amount of fees paid by the client, most of the cases that support this point refer to pro bono legal work. *Vynogradov v. Buzyukova*, Case No. 21-Civ-60433-RAR, 2021 WL 5163404, at *15 n.4 (S.D. Fla. Nov. 21, 2021) ("Even if Appellee were a pro bono client, federal courts have awarded attorney's fees to parties in cases where the client was represented by pro bono counsel."); *see also In re Lyubarsky*, 615 B.R. 924, 935 (Bankr. S.D. Fla. 2020) ("If a litigant is entitled to an award of attorney's fees, whether based on statute, procedural rule or contract, federal courts have awarded attorney's fees to parties, irrespective of the client's obligation to pay attorney's fees to the lawyer, including where a litigant is represented by counsel pro bono."). "[H]ours which would be unreasonable for an attorney to bill the client or opposing counsel in the exercise of good billing judgment" should not be billed. *Am. Atheists, Inc. v. City of Starke*, 509

[5] Multiple attorneys billed entries that contain block billing. These attorneys charge different hourly rates. The lowest attorney's hourly rate has been used to calculate the 7 hours that will be removed.

F. Supp. 2d 1221, 1226 (M.D. Fla. June 21, 2007); *Duckworth v. Whisenant*, 97 F.3d 1393, 1397 (11th Cir. Oct. 21, 1996).

Based on the billing entries provided to the Court, it is clear Beach Town's attorneys recorded all of their time spent on the action but wrote off their time where appropriate and exercised billing judgment by taking such action. By not charging for this time, counsel impliedly conceded that these fees were unreasonable, as it was not intended to be paid by the client. As a result, I find that the time written off by Beach Town's counsel is not recoverable.

6. Internal Communications

Affordable Aerial objects that purely internal communications would not ordinarily be charged to the client and should not be recoverable. ECF No. 67 at 12. Beach Town responds that these fees were "entirely reasonable and warranted" and are "much less than what 'reasonable' would encompass in copyright litigation." ECF No. 68 at 11.

Internal communications among attorneys are "generally permissible" so long as the "conferences are not excessive." *Horne v. Barr*, No. 12-CV-23507-MARTINEZ-GOODMAN, 2020 U.S. Dist. LEXIS 124207, *16 (S.D. Fla. July 13, 2020) (suggesting that it is excessive for 70% of the plaintiff's billing entries to be intra-office conferences); *see also Agrico Can. v. Helm Fertilizer Corp.*, No. 8:08-CV-2132-T-33EAJ, 2010 U.S. Dist. LEXIS 156674, at *14 (M.D. Fla. July 1, 2010) ("time spent in attorney conferences is generally compensable for each participant") (quoting *Am. Charities for Reasonable Fundraising Regul., Inc. v. Pinellas County*, 278 F. Supp. 2d

1301, 1315 (M.D. Fla. 2003)). Notably, "[w]hile it is not unreasonable for a legal team to spend some time discussing the case . . . the fee applicant must establish that the time spent reflects the distinct contribution of each lawyer." *Tecnoglass, LLC v. Paredes*, No. 1:22-cv-22356-KMM, 2025 WL 419340, at *5 (quoting *Cityplace Retail, L.L.C. v. Wells Fargo Bank, N.A.*, No. 18-CV-81689, 2021 WL 3361172, at *10 (S.D. Fla. Jan. 12, 2021)).

Here, Beach Town's counsel exercised billing judgment. Counsel wrote off time as "No Charge" on various occasions for work that was performed, including communications between staff. ECF No. 66-7. Still, conversations that were billed to Beach Town between staff or counsel are only billed by one attorney. *Id.*; ECF No. 66-6, 67-2. As a result, I find that the internal communications from both McHale & Slavin and Wilderman Malek attorneys are fair, reasonable, and recoverable.

7. <u>Fees Charged on the Unfiled Motion</u>

Affordable Aerial states that Beach Town should not recover for fees that were charged regarding a motion that was unfiled. ECF No. 67 at 12-13. Beach Town responds that the time billed represents time used to craft a defense, and research and prepare arguments in anticipation of filings that were rendered unnecessary due to leave provided by the Court. ECF No. 68 at 11-12.

Fees charged on unfiled motions are not *per se* unreasonable. *Oreilly v. Art of Freedom Inc.*, No.17-CV-21251, 2018 WL 6616445, at *5 (S.D. Fla. Dec. 14, 2018). At the same time, fees are unreasonable where "no proffered explanation is given for why it was reasonable to incur such fees." *Id.*

Here, Defendant explains that the fee was incurred to research and plan for a Rule 41(b) motion that would later be rendered unnecessary with the Court's invitation to file a motion for leave and granting leave to file an affirmative summary judgment motion. ECF No. 66 at 21-22. Still, the arguments researched and planned in those hours were subsequently used in Beach Town's filed affirmative summary judgment motion. *Id.* at 22.

Accordingly, I find the fees charged for the unfiled motion to be reasonable. Beach Town's counsel explained that the fees were reasonably incurred while furthering its client's interests. Counsel's need for the research was rendered unnecessary due to leave granted by the Court, which could not have been foreseen. As well, counsel affirms that this time spent researching furthered its position and supported the closure of the case at summary judgment.

As a result, I find that the following amounts are recoverable for the attorney's fees incurred from the start of litigation until February 2025:

| | Requested Fee Award | Reduction | Recommended Fee Award |
|---|---|---|---|
| Total | $57,212.00[6] | | |
| Block Billing | | ($2,800.00) | |
| Hours Not Billed | | ($5,601.50)[7] | |
| | | Total: | $48,810.50 |

[6] This amount excludes calculation for attorney's fees during March and April 2025, costs, and "fees on fees," which will be discussed below. ECF No. 66 at 24.

[7] This number was derived from taking the amount of attorney's fees requested and reducing it by all of the billed entries provided through February 2025. *Compare* ECF No. 66, *with* ECF No. 66-6, 66-7, 66-9.

8. Time Entries from March through April 2025, including "Fees on Fees"

Beach Town requests $17,962.50 in fees from March 2025 and April 2025, including litigating attorney's fees ("fees on fees"). ECF No. 66 at 24. In response, Affordable Aerial does not believe "fees on fees" are appropriate but, to the extent the Court desires to award "fees on fees," it requests the opportunity to review the scope of the fees sought. ECF No. 67 at 13.

At the outset, Affordable Aerial asks for time to review and assess Beach Town's "fees on fees" request. ECF No. 67 at 13. Beach Town's fee motion included a full briefing of the fees it has incurred while preparing this Motion, including detailed billing entries. ECF No. 66-9; ECF No. 66-9. Affordable Aerial's response only asked that these fees be struck or removed. ECF No. 67 at 13. Affordable Aerial's response did not address the amount of fees requested or whether those fees were reasonable. *Id.* Because Affordable Aerial had a full and fair opportunity to respond to the "fees on fees" claim, its belated request for supplemental briefing is denied.

The hours expended on fee litigation were reasonable. The billing records reflect that Beach Town prepared a draft Motion, served it on Affordable Aerial, and conferred with opposing counsel. ECF No. 66 at 23. Ultimately, Beach Town still had to file the formal Motion. *See* ECF No. 66.

Beach Town's draft Motion was twenty-three pages. ECF No. 66-10. Its formal Motion is twenty-six pages, excluding exhibits; with exhibits, the Motion is over one hundred pages. *See* ECF No. 66. Of the 128 pages, nine pages constitute a declaration

from Mr. Lockton regarding the hours from March and April 2025, including hours incurred for litigating attorney's fees. ECF No. 66-1 at 8-9. These figures constitute significant time and effort expended by counsel in preparing, conferring, and filing this Motion. *See* ECF No. 66-9. Entries include research, reviewing billing statements, and outlining the Motion. *Id.* Further, this figure does not include the time spent by Beach Town to Reply to Affordable Aerial's Response to the Motion, which is not being sought at this time. *Compare* ECF No. 66, *with* ECF No. 68.

Therefore, I find the $17,962.50 incurred in attorney's fees from March through April 2025, including those fees to litigate the attorney's fees issue is reasonable.

| | Requested Cost | Recommended Cost |
|---|---|---|
| Attorney's Fees, including "Fees on Fees" | $17,962.50 | $17,962.50 |
| | Total: | $17,962.50 |

D. *Costs*

Beach Town seeks $3,051.53 in costs for litigating this action. ECF No. 66 at 24. These costs were incurred for mediation and research fees. *See* ECF No. 66-1 at 5. Research costs of $301.53 , and mediation costs of $2,750.00 are requested. ECF No. 66-6 at 3, 6, 11. Affordable Aerial responds that Beach Town is required to "prove entitlement and reasonableness in the same manner of detail as its claim for attorney's fees," and has not met this burden. ECF No. 67 at 13.

Reasonable out of pocket expenses incurred by an attorney and passed to the client that are necessary and incidental to the litigation are generally recoverable. *Lil' Joe Wein Music, Inc.*, 2008 U.S. Dist LEXIS 112730, at *38-40. Such fees include those incurred for computer research. *Prolow v. Aetna Life Ins. Co.*, No. 20-80545-

CIV-MARRA, 2025 U.S. Dist. LEXIS 226764, at *11 (S.D. Fla. Nov. 18, 2025) (stating that research and e-discovery costs, among others, are recoverable); *Gevaerts v. TD Bank*, *N.A.*, No. 11:14-cv-20744-RLR, 2015 WL 6751061, at *14 (S.D. Fla. Nov. 5, 2015) (holding that reimbursement of costs and expenses, including online research, are recoverable).

Here, Beach Town requested payment for research services during two separate months with $141.16 in September 2024 and $160.37 in October 2024. ECF No. 66-6 at 3, 6. These fees were passed on to the client in the ordinary course of billing. *See id.* Based on the dates these research fees were incurred, the expenses are associated with billing entries noting research regarding a motion for leave to file a third-party complaint, and applicability of precedent for certain claims and cross-claims. *See* ECF No. 66-6. Accordingly, these research costs were reasonably incurred in anticipation of filing motions. However, on September 30, 2024, there are three billing entries, but none state that any research was performed. ECF No. 66-6 at 2. As a result, the billing entries for research services performed on September 30, 2024, which accounts for $75.74, are not reasonable nor recoverable. *Id.* at 3. Accordingly, I find the requested research fees should be reduced by $75.74. Otherwise, the costs associated with computer research incurred by Beach Town are reasonable.

Additionally, $2,750.00 was labeled as a "COST ADVANCED" for a mediation in December 2024 with Mark Stein. *Id.* at 11. As indicated in the billing record, this is a fee advanced on behalf of the client. *See id.* The Court was referred to mediation,

and a mediator selection hearing occurred on December 9, 2024. ECF No. 12 at 18-19; ECF No. 29. Local Rule 7.3(b) requires that:

> Mediators shall be compensated (a) at the rate provided by standing order of the Court, as amended from time to time by the Chief Judge, if the mediator is appointed by the Clerk on a blind, random basis; or (b) at such rate as may be agreed to in writing by the parties and the mediator, if the mediator is selected by the parties.

L. R. 7.3(b). Though it is not clear to the Court which route was exercised in paying the mediator, either route results in a reasonable fee. The parties engaged in mediation on December 17, 2024, and "reached an impasse." ECF No. 31. Accordingly, the fees incurred by the required mediation are reasonable.

Thus, I find that $2,750.00 in costs representing the total mediation costs incurred by Beach Town, and research costs totaling $226.14 in litigating this matter are reasonable and recoverable. These costs are non-taxable, as they do not fall under any of the enumerated categories of Title 28, United States Code, Section 1920.

| | Requested Cost | Recommended Cost |
|---|---|---|
| Research Costs | $301.53 | $225.79 |
| Mediation Costs | $2,750.00 | $2,750.00 |
| | Total: | $2,975.79 |

## REPORT AND RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court **GRANT in part and DENY in part the Motion by awarding $66,773.00 in attorney's fees, including fees on fees, and $2,975.79 in costs to litigate the Motion for the** aforementioned reasons.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Jose E. Martinez, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 6th day of February 2026.

BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE