UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-80423-CIV-MARTINEZ/Reinhart

AFFORDABLE AERIAL PHOTOGRAPHY,
INC.,

      Plaintiff,

v.

BEACH TOWN REAL ESTATE, LLC,

      Defendant.

_____/

## ORDER

**THE MATTER** was referred to the Honorable Bruce E. Reinhart, United States Magistrate Judge, for a Report and Recommendation on Defendant Beach Town Real Estate, LLC's Motion for Full Costs, Including Attorneys' Fees ("Defendant's Motion") [ECF No. 66]. [ECF No. 69]. On February 6, 2026, Judge Reinhart filed a Report and Recommendation ("R&R") recommending that the Defendant's Motion [ECF No. 66], be granted in part and denied in part. [ECF No. 76]. This Court has reviewed the entire file and record, including the Defendant's Notice Regarding Report and Recommendation…and Continued Accrual of Recoverable Fees ("Defendant's Notice") [ECF No. 77], Plaintiff's Objections to Report and Recommendation on Defendant's Motion for Full Costs ("Plaintiff's Objections") [ECF No. 78], Defendant's Opposition to Plaintiff's Objections ("Defendant's Response") [ECF No. 79] and Supplemental Request for Fees ("Defendant's Supplemental Request") [ECF Nos. 79-1, 79-2][1], and Plaintiff's

---

[1]    Defendant's Supplemental Request is comprised of a Supplemental Declaration of Andrew D. Lockton, Esq. in Support of Beach Town's Request for Fees ("Supplemental Declaration"), (*see* [ECF No. 79-1] 1-2), and a detailed billing log from May 13, 2025 to March 9, 2026 ("Defendant's Exhibit 12"), [ECF No. 79-2].

Response in Opposition to Defendant's Supplemental Request for Attorneys' Fees ("Plaintiff's Response") [ECF No. 83]. (*See also* March 17, 2025 Order [ECF No. 80]).

The Court has a duty to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). The Court also may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Having conducted a *de novo* review of the Motion [ECF No. 66]; Defendant's Notice [ECF No. 77]; the issues presented in Plaintiff's Objections [ECF No. 78]; Defendant's Response [ECF No. 79]; Plaintiff's Response [ECF No. 83]; the entire record; and relevant law, the Court has reached an independent conclusion that the R&R should be adopted and approved. The Court agrees with Judge Reinhart's recommendation that the requested fees be reduced so as to not include unreasonable fees accrued from block billing or hours not billed. (*See* R&R 23).

In Defendant's Response, it requests additional attorneys' fees accrued after the filing of Defendant's Motion, including: preparing its Reply in support of that Motion [ECF No. 68]; opposing Plaintiff's Motion to Retroactively Amend the Complaint *nunc pro tunc* [ECF No. 73], and drafting its Response opposing Plaintiff's objections to the R&R [ECF No. 78]. (*See* Defendant's Supplemental Request).

As Judge Reinhart explained in his R&R, fees on fees are permitted under Section 505 of the Copyright Act and the standard for an award of fees on fees is whether the amount to be awarded is reasonable. (*See* R&R 10) (citing *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1301 (11th Cir. 2010); *Zediker v. OrthoGeorgia*, 857 Fed. Appx. 600, 613-14 (11th Cir. 2021)). Judge Reinhart further explained that Defendant's Motion included a full briefing of the fees it has incurred with detailed billing entries, and Plaintiff had a full and fair opportunity to respond to the fees on fees

claim. (*Id.* 24). Judge Reinhart concluded that the hours expended by Defendant's counsel were reasonable. (*Id.* 24-25). The well-reasoned analysis in Judge Reinhart's R&R, *see id.*, extends to Defendant's Supplemental Request. The Court provided Plaintiff a full and fair opportunity to respond, (*see* March 17, 2025 Order), and notes Plaintiff's opposition to the Supplemental Request. (*See* Plaintiff's Response). Plaintiff avers that Defendant's Supplemental Request should be denied, or alternatively, reduced for billing deficiencies from duplicative billing and block billing, as well as non-compensable work. (*Id.*)

For example, Plaintiff argues that Defendant's May 19, 2025 bill for "Review Reply Brief" should be reduced in its entirety as duplicative of the same work done on May 15 and 16, 2025. (*See* [ECF No. 83-1] 2). However, the May 15 and 16 entries are for work done by an associate, namely "[o]utlining reply brief" and "[d]rafting reply", while the May 19 entry is for work done by a partner, reviewing the associate's draft. (*See* Defendant's Exhibit 12). This is non-duplicative time expended for work done by an associate, then reviewed by a partner, then edited by the associate. (*See id.*) (May 19, 2025 associate time entry for "editing and finalizing of the reply brief"). These entries are reasonable.

Plaintiff further argues that many of Defendant's entries should be struck or partially reduced as improper block billing, (*see id.* 3-4), including the following entries: "Review report and recommendation for awarding $69,748.79 in fees and costs. Draft summary and explanation for client; forward the R&R with the summary and explanation." (February 9, 2026); "Drafting/revising opposition to Plaintiff's objection to Report & Recommendation regarding fees" (March 6, 2026); and "Drafting/editing/revising/finalizing opposition to objection to Report & Recommendation" (March 9, 2026). These entries do not reflect improper block billing, but

describe related tasks performed contemporaneously or in tandem as part of continuous work on the same matter. (*Cf* R&R 18-20).

Defendant also notes non-billable work, such as phone calls with opposing counsel, as "no-charge," and does not include these billing entries in its Supplemental Request for fees. (*See* Supplemental Declaration ¶ 6; Defendant's Exhibit 12). (*See also* R&R 21) ("By not charging for this time, counsel impliedly conceded that these fees were unreasonable, as it was not intended to be paid by the client. As a result, I find that the time written off by Beach Town's counsel is not recoverable.").

Accordingly, after careful consideration, it is hereby **ADJUDGED** that Plaintiff's Objections [ECF No. 78] are **OVERRULED**. Judge Reinhart's R&R [ECF No. 76] is **AFFIRMED** and **ADOPTED** in its entirety. Accordingly, it is **ADJUDGED** that:

1.      Defendant's Motion [ECF No. 66] is **GRANTED in part and DENIED in part**.

2.      Defendant is awarded **$66,773.00** in attorneys' fees, including fees on fees, and **$2,975.79** in costs.

3.      Defendant's Supplemental Request for fees [ECF No. 79-1] is **GRANTED**. Defendant is awarded an additional **$16,985.00** in fees on fees attorneys' fees.

4.      The Clerk of Court is **DIRECTED** to close this case and **DENY as moot** all pending motions.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 26 day of March, 2026.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc:      all counsel of record
         Magistrate Judge Reinhart